The Honorable Ricardo S. Martinez

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Plaintiff,<br><br>      v.<br><br>ALDERWOOD SURGICAL CENTER, LLC,<br>a Washington limited liability company;<br>NORTHWEST NASAL SINUS CENTER,<br>P.S., a Washington professional service<br>corporation, and JAVAD A. SAJAN, M.D.,<br><br><br>                    Defendants. | NO. 2:22-cv-01835-RSM<br><br>STATE'S MOTION TO STRIKE<br>AFFIRMATIVE DEFENSES AND<br>DAMAGES REQUEST UNDER<br>SECTION 1983<br><br>NOTE ON MOTION CALENDAR:<br>Friday, March 17, 2023 |

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

**TABLE OF CONTENTS**

2    I.    INTRODUCTION ..................................................................................................... 1

3    II.   ARGUMENT.............................................................................................................. 2

4          A.   Legal Standards ........................................................................................... 2

5          B.   Mootness (Affirmative Defense 3) .............................................................. 3

6          C.   Wash. Rev. Code § 19.86.170 (Affirmative Defense 10)............................ 3

7          D.   Estoppel, Unclean Hands, Waiver & Laches (Affirmative Defenses 12, 13, 15
                & 16) ............................................................................................................. 5

8

9          E.   Statute of Limitations (Affirmative Defense 14)......................................... 7

10         F.   Adequate Remedy at Law (Affirmative Defense 24) .................................. 8

           G.   Due Process (Affirmative Defenses 25, 26 & 27) ....................................... 9

11
           H.   Request for Damages under 42 U.S.C. § 1983............................................11
12
     III.  CONCLUSION..........................................................................................................12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - ii

1

**TABLE OF AUTHORITIES**

2

<u>Cases</u>

3

*Bell v. City of Boise*,
4      709 F.3d 890 (9th Cir. 2013) .................................................................................3

5    *Edmonds v. John L. Scott Real Estate, Inc.*,
       87 Wash. App. 834, 942 P.2d 1072 (1997) .........................................................4

6
     *FTC v. American Tax Relief, LLC*,
7      No. CV 11-6397 DSF, 2011 WL 13135578 (C.D. Cal. Oct. 19, 2011)................6

8    *FTC v. Commerce Planet, Inc.*,
       No. CV 09-01324 CJC, 2010 WL 11673795 (C.D. Cal. July 6, 2010) ...............6

9    *FTC v. Consumer Defense, LLC*,
10     No. C18-30 JCM, 2019 WL 266287 (D. Nev. Jan. 18, 2019)............................5, 7

11   *FTC v. Debt Solutions, Inc.*,
       No. C06-298 JLR, 2006 WL 2257022 (W.D. Wash. Aug. 7, 2006)....................5

12
     *FTC v. Facebook, Inc.*,
13     581 F. Supp. 3d 34 (D.D.C. 2022) .....................................................................10

14   *FTC v. Golden Empire Mortg., Inc.*,
       No. CV 09-3227 CAS, 2009 WL 4798874 (C.D. Cal. Dec. 10, 2009)................6

15   *FTC v. Hang-Ups Art Enterprises, Inc.*,
16     No. CV 95-0027 RMT, 1995 WL 914179 (C.D. Cal. Sept. 27, 1995) ................9

17   *FTC v. J. William Enterprises, LLC*,
       283 F. Supp. 3d 1259 (M.D. Fla. 2017) ..............................................................8

18
     *FTC v. Meta Platforms, Inc.*,
19     No. 5:22-cv-04325 EJD, 2022 WL 16637996 (N.D. Cal. Nov. 2, 2022) ...........10

20   *FTC v. Pukke*,
       53 F.4th 80 (4th Cir. 2022) ..................................................................................8

21   *FTC v. Stefanchik*,
22     No. C04-1852 RSM, 2004 WL 5495267 (W.D. Wash. Nov. 12, 2004)...............3

23   *Garnica v. Washington Dept. of Corrections*, 965 F. Supp. 2d 1250
       (W.D. Wash. 2013) ..............................................................................................11

24   *Grande v. U.S. Bank Nat'l Ass'n*,
25     No. C19-333 MJP, 2020 WL 2063663 (W.D. Wash. Apr. 29, 2020)...................2

26

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - iii

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

*Howlett v. Rose*,
    496 U.S. 356 (1990)..................................................................................................................11

*MacLay v. M/V Sahara*,
    926 F. Supp. 2d 1209 (W.D. Wash. 2013) ...........................................................................2

*Mercer Island v. Steinmann*,
    9 Wash. App. 479, 513 P.2d 80 (1973) ................................................................................6

*Opico v. Convergent Outsourcing, Inc.*,
    No. C18-1579 RSL, 2019 WL 1755312 (W.D. Wash. Apr. 19, 2019)..................................2

*Seattlehaunts, LLC v. Thomas Family Farm, LLC*,
    No. C19-1937 JLR, 2020 WL 5500373 (W.D. Wash. Sept. 11, 2020)..............................2, 7

*Smith v. Bank of New York Mellon*,
    No. C19-0538 JCC, 2019 WL 3428744 (W.D. Wash. July 30, 2019)...............................2, 7

*State of Washington v. GEO Group, Inc.*,
    No. C17-5806 RJB, 2019 WL 2084463 (W.D. Wash. May 13, 2019)..................................5

*State of Washington v. LG Electronics, Inc.*, 186 Wash. 2d 1, 375 P.3d 636 (2016) .................8

*State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*,
    87 Wash. 2d 298, 553 P.2d 423 (1976)................................................................................3

*Tollefson v. Aurora Financial Group, Inc.*,
    No. C20-0297 JLR, 2021 WL 462689 (W.D. Wash. Feb. 9, 2021) .....................................7

*United States v. Iron Mountain Mines, Inc.*,
    812 F. Supp. 1528 ..................................................................................................................7

*United States v. Philip Morris, Inc.*,
    300 F. Supp. 2d 61 (D.D.C. 2004)........................................................................................6

*United States v. Ruby Co.*,
    588 F.2d 697 (9th Cir. 1978) ................................................................................................5

*Vogt v. Seattle-First Nat. Bank*,
    117 Wash. 2d 541, 817 P.2d 1364 (1991) ............................................................................4

*Washington v. Glucksberg*,
    521 U.S. 702 (1997)..............................................................................................................10

*Whittlestone, Inc. v. Handi-Craft Co.*
    618 F.3d 970 (9th Cir. 2010) ................................................................................................2

*Will v. Michigan Dept. of State Police*,
    491 U.S. 58 (1989)................................................................................................................11

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - iv

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

**Statutes**

2   15 U.S.C. § 45b(e)(1)…………………………………………………………………8

3   28 U.S.C. § 2462………………………………………………………………...8

4   42 U.S.C. § 1320-7a(c)(1)……………………………………………………8

5   42 U.S.C. § 1320-d-5(d)(1)…………………………………………………...8

6   42 U.S.C. § 1320d-5(d)(1)(A)………………………………………………8

7   42 U.S.C. § 1320-d-5(d)(8)…………………………………………………...8

8   42 U.S.C. § 1983…………………………………………………………11

9   Wash. Rev. Code § 18.130.050……………………………………………………4

10  Wash. Rev. Code § 18.130.180(3)…………………………………………………4

11  Wash. Rev. Code § 19.86.080(1)……………………………………………8

12  Wash. Rev. Code § 19.86.170…………………………………………………...4

13  Wash. Rev. Code § 19.86.920……………………………………………………4

14  Wash. Rev. Code § 4.16.160………………………………………………7

15
**Rules**

16  Fed. R. Civ. P. 8(b)(1)(A)……………………………………………………2

17  Fed. R. Civ. P. 12(f)……………………………………………………...2

18

19

20

21

22

23

24

25

26

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - v

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# I.   INTRODUCTION

Plaintiff State of Washington brought this action because of Defendants' unlawful, unfair, and deceptive business practices that violate state consumer protection law and federal consumer protection and health privacy laws. Defendants answered with a litany of irrelevant and deficient affirmative defenses and asked the Court to grant them relief under 42 U.S.C. § 1983, despite not bringing any claim under that statute. The State respectfully asks the Court to strike Defendants' legally deficient defenses and their frivolous request for relief under § 1983.

The State brings its claims under the Consumer Review Fairness Act, 15 U.S.C. § 45b (CRFA), the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d-5(d) and 45 C.F.R. § 164.508(b)(4) (HIPAA), and the Washington Consumer Protection Act, Wash. Rev. Code § 19.86 (CPA). Dkt. #1. Defendants engaged in numerous unlawful, unfair, and deceptive business practices over many years, including: (1) using illegal form non-disclosure agreements (NDAs) to restrict patients from posting negative online reviews; (2) misleading patients into believing the illegal NDAs were valid and enforceable, or creating that deceptive net impression; (3) advertising a $100 consultation fee unconditionally and collecting payment from patients before disclosing they must sign illegal NDAs as a condition of receiving services; (4) using the illegal NDAs, threats, and bribes to coerce patients into removing negative reviews once posted; (5) creating and posting fake positive reviews using fake email accounts and fictional online personas; (6) manufacturing and posting tens of thousands of fake "followers" and thousands of fake "likes" on social media; (7) creating and displaying digitally altered "before and after" photos; and (8) misappropriating cash rebates earned by their patients under a customer loyalty program. Dkt. #1 at pp. 9-26.

In their Answer, Defendants asserted twenty-eight (28) affirmative defenses, Dkt. #10 at pp. 26-28, and asked the Court to "issue Defendants compensatory and punitive damages under 42 U.S.C. § 1983 for violation of Defendants' due process rights under the Fifth and Fifteenth [*sic*] Amendments and Section 3 of the Washington Constitution." Dkt. #10 at p. 29 (Prayer for

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - 1

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Relief, para. iii). As discussed below, many of these affirmative defenses and Defendants' request for damages under § 1983 do not meet minimum requirements of notice pleading and should be stricken on that ground. Further, because most, if not all, of these defenses and the request for damages under § 1983 could not succeed under any circumstances, they should be stricken with prejudice, without leave to re-plead.

## II.   ARGUMENT

### A.   Legal Standards

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of the rule "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). An affirmative defense may be insufficient "as a matter of pleading or as a matter of law." *Seattlehaunts, LLC v. Thomas Family Farm, LLC*, No. C19-1937 JLR, 2020 WL 5500373, at *4 (W.D. Wash. Sept. 11, 2020).

An affirmative defense is insufficiently pled if it fails to give "fair notice" of the defense. "Fair notice requires the defendant to state the nature and grounds for each affirmative defense." *Opico v. Convergent Outsourcing, Inc.*, No. C18-1579 RSL, 2019 WL 1755312, at *1 (W.D. Wash. Apr. 19, 2019); *see also* Fed. R. Civ. P. 8(b)(1)(A) (a party must "state in short and plain terms its defenses to each claim asserted against it"). Although an affirmative defense is not required to meet the *Iqbal/Twombly* standard, it "must be supported by at least some facts indicating the grounds on which the defense is based." *Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020 WL 2063663, at *2 (W.D. Wash. Apr. 29, 2020); *Smith v. Bank of New York Mellon*, No. C19-0538 JCC, 2019 WL 3428744, at *1 (W.D. Wash. July 30, 2019) (same).

An affirmative defense is legally deficient and should be stricken with prejudice if it cannot succeed under any circumstances. *See, e.g., MacLay v. M/V Sahara*, 926 F. Supp. 2d 1209, 1217 (W.D. Wash. 2013) ("[I]f the affirmative defense fails to state a

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - 2

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  claim upon which relief can be granted, it shall be dismissed."); *FTC v. Stefanchik*,

2  No. C04-1852 RSM, 2004 WL 5495267, at *1 (W.D. Wash. Nov. 12, 2004) (defense is legally

3  deficient "if it cannot succeed under any circumstances"). In making its determination, the Court

4  should "assume that the plaintiff can prove its factual allegations" and "treat as admitted all

5  material factual allegations underlying the challenged defenses." *FTC v. Stefanchik*,

6  2004 WL 5495267 at *2.

7  **B.      Mootness (Affirmative Defense 3)**

8       Defendants' mootness defense, Dkt. #10 at p. 26, is both improperly pled and legally

9  deficient because Defendants have not pled any facts to support it and the defense could not

10  succeed under any circumstances. Even if or to the extent Defendants contend they ceased their

11  illegal, unfair, and deceptive conduct after it was discovered, such cessation would not moot the

12  State's claims because adjudication is necessary to obtain effective relief, namely, declaratory

13  and injunctive relief, restitution, civil penalties, attorney's fees and costs. *See Bell v. City of*

14  *Boise*, 709 F.3d 890, 898 (9th Cir. 2013) (cessation of unlawful practice does not deprive court

15  of power to determine legality of practice); *State v. Ralph Williams' N.W. Chrysler*

16  *Plymouth, Inc.*, 87 Wash. 2d 298, 312, 553 P.2d 423 (1976) ("Cessation of illegal conduct does

17  not deprive a tribunal of the power to hear and determine the case; *i.e.*, it does not render the

18  case moot. A court may need to settle an existing controversy over the legality of the

19  challenged practices.").

20  **C.      Wash. Rev. Code § 19.86.170 (Affirmative Defense 10)**

21       Defendants' tenth affirmative defense asserts that "[t]he alleged action or transaction is

22  exempted under RCW 19.86.170." Dkt. #10 at p. 27. This defense is insufficiently pled because

23  Defendants alleged no facts to support it, and also fails as a matter of law. Based on Defendants'

24  allegations in their twelfth affirmative defense relating to the Washington Medical Commission

25

26

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - 3

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  (WMC),[1] it appears that Defendants contend that if the WMC failed to specifically *prohibit*

2  Defendants' advertising practices, the WMC's *inaction* supports a defense under the exemption

3  provision in Wash. Rev. Code § 19.86.170. There is no basis for such an exemption defense in

4  this case, and it should be stricken as a matter of law.

5        Wash. Rev. Code § 19.86.170 provides that "[n]othing in this chapter shall apply to

6  transactions otherwise permitted, prohibited or regulated under laws administered by the

7  insurance commissioner of this state, the Washington utilities and transportation commission,

8  the federal power commission *or actions or transactions **permitted** by any other regulatory body*

9  *or officer acting under statutory authority of this state or the United States.*"

10  Wash. Rev. Code § 19.86.170 (emphasis added). As an exception to the CPA, this exemption

11  provision is subject to the Legislature's directive that the CPA must "be liberally construed,"

12  Wash. Rev. Code § 19.86.920, and any exceptions must be "narrowly confined." *Vogt v. Seattle-*

13  *First Nat. Bank,* 117 Wash. 2d 541, 552, 817 P.2d 1364 (1991).

14        Under Wash. Rev. Code § 19.86.170, "an action or transaction is not exempt merely

15  because it is regulated generally, or merely because a regulating agency acquiesces in it."

16  *Edmonds v. John L. Scott Real Estate, Inc.*, 87 Wash. App. 834, 844, 942 P.2d 1072 (1997).

17  Rather, "the agency must take '*overt affirmative action specifically to permit* the actions or

18  transactions engaged in' by the person or entity involved in a Consumer Protection Act

19  complaint." *Id.* (emphasis added) (quoting *Vogt*, 117 Wash. 2d at 552). The WMC has legal

20  authority to discipline a physician for unprofessional conduct, including "advertising which is

21  false, fraudulent, or misleading," Wash. Rev. Code § 18.130.180(3), but it has no legal authority

22  to take *overt affirmative action specifically to permit* a physician to engage in specific advertising

23  practices, or any other challenged practices at issue here. *See* Wash. Rev. Code § 18.130.050

24

25     [1] *See* Defendants' Twelfth Affirmative Defense, Dkt. No. 10 at p. 27 (alleging that "Defendants
reasonably relied to their detriment on the guidance by the State of Washington by and through the
26  Washington Medical Commission.").

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - 4

1   (entitled "Authority of disciplining authority," confirming that WMC has no such authority).

2   Because Defendants have not alleged—and indeed cannot—that WMC took "*overt affirmative*

3   *action specifically to permit*" them to engage in the unlawful, unfair, and deceptive practices at

4   issue, Wash. Rev. Code § 19.86.170 does not apply and this defense fails as a matter of law.

5   **D.      Estoppel, Unclean Hands, Waiver & Laches (Affirmative Defenses 12, 13, 15 & 16)**

6           Defendants' twelfth, thirteenth, fifteenth, and sixteenth affirmative defenses assert that

7   the State's claims are barred by the equitable doctrines of estoppel, unclean hands, waiver, and

8   laches. Dkt. #10 at p. 27. Defendants' threadbare assertions of these equitable defenses do not

9   meet the notice pleading requirements of Rule 8, much less the heightened pleading requirements

10  that apply to equitable defenses asserted against the government. As a general rule, equitable

11  defenses cannot be asserted against the government in a civil action brought to protect the public

12  interest, and should be stricken as a matter of law. *See, e.g.*, *FTC v. Debt Solutions, Inc.*,

13  No. C06-298 JLR, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006) (striking equitable

14  defenses, stating "[a]s to the equitable defenses of estoppel, waiver, unclean hands, and laches,

15  the FTC correctly notes that equitable defenses are unavailable to a party seeking to avoid a

16  governmental entity's exercise of statutory power"); *State of Washington v. GEO Group, Inc.*,

17  No. C17-5806 RJB, 2019 WL 2084463, at * 3 (W.D. Wash. May 13, 2019) (same, stating,

18  "[g]enerally, equitable defenses may not be asserted against governmental entities if their

19  application would interfere with the proper exercise of governmental duties") (citing Washington

20  case law).

21          Defendants assert that they "reasonably relied on the guidance by the State of

22  Washington by and through the Washington Medical Commission." Dkt. #10 at p. 27. But this

23  assertion gets them nowhere. To establish an equitable estoppel defense, Defendants must allege

24  and establish not only each of the elements of estoppel, but "affirmative misconduct" by the

25  State. *See, e.g.*, *United States v. Ruby Co.*, 588 F.2d 697, 703 (9th Cir. 1978); *FTC v. Consumer*

26  *Defense, LLC*, No. C18-30 JCM, 2019 WL 266287, at *5 (D. Nev. Jan. 18, 2019) (same);

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - 5

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    *FTC v. American Tax Relief, LLC*, No. CV 11-6397 DSF, 2011 WL 13135578, at *1-2

2    (C.D. Cal. Oct. 19, 2011) (same); *FTC v. Commerce Planet, Inc.*, No. CV 09-01324 CJC,

3    2010 WL 11673795, at *2 (C.D. Cal. July 6, 2010) (same); *see also Mercer Island v. Steinmann*,

4    9 Wash. App. 479, 481, 513 P.2d 80 (1973) (equitable estoppel may not be applied against a

5    governmental entity if doing so would interfere with the discharge of its duties).

6          Defendants have not alleged "affirmative misconduct" by the State that would meet this

7    heightened standard for asserting equitable defenses against the government, and there is no basis

8    for them to do so. As discussed above, the WMC, by its very nature, does not issue "guidance"

9    to the medical community and has no authority under Washington law to authorize the unlawful,

10   unfair, and deceptive conduct at issue. Thus, Defendants' equitable estoppel defense cannot

11   succeed under any circumstances, and the Court should dismiss it with prejudice.

12         Similarly, to establish an unclean hands defense, Defendants must allege and establish

13   conduct by the government that is "so outrageous it rises to a constitutional level."

14   *See FTC v. Commerce Planet, Inc.*, 2010 WL 11673795, at *3 (striking unclean hands defense

15   based on failure to allege conduct "so outrageous that it rises to a constitutional level"); *see also*

16   *FTC v. American Tax Relief, LLC*, No. CV 11-6397 DSF, 2011 WL 13135578, at *1 (C.D. Cal.

17   Oct. 19, 2011) (striking unclean hands defense based on defendants' failure to "allege that the

18   FTC engaged in any 'affirmative misconduct going beyond mere negligence'"); *United States v.*

19   *Philip Morris, Inc.*, 300 F. Supp. 2d 61, 75 (D.D.C. 2004) ("When, as here, the Government acts

20   in the public interest the unclean hands doctrine is unavailable as a matter of law."). Defendants

21   assert that "Plaintiff has unclean hands and has committed wrongdoing," Dkt. #10 at p. 27,

22   without alleging any facts (because there are none) that could possibly meet this

23   exacting standard.

24         Defendants' waiver defense should be stricken for the same reasons. Defendants fail to

25   describe any action the State took to "waive" its claims. *See, e.g.*, *FTC v. Golden Empire*

26   *Mortg., Inc.*, No. CV 09-3227 CAS, 2009 WL 4798874, at *3 (C.D. Cal. Dec. 10, 2009) (striking

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - 6

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    waiver defense: "merely making a vague reference to a doctrine, without more, does not provide

2    a fair defense"); *United States v. Iron Mountain Mines, Inc.*, 812 F. Supp. 1528, 1546 (E.D. Cal.

3    1992) (same, stating "waiver, estoppel, and unclean hands . . . may not be asserted against

4    sovereigns who act to protect the public welfare").

5         Finally, Defendants have not alleged, nor is there any basis to allege, that the State

6    engaged in "affirmative misconduct" that would support a laches defense.

7    *See FTC v. Consumer Defense, LLC*, 2019 WL 266287, at *5 (striking laches defense, stating

8    "[l]aches is not available against the federal government when it undertakes an action to enforce

9    a public right or to protect the public interest"). Defendants' laches defense is also barred under

10   Wash. Rev. Code § 4.16.160, which states "there shall be no limitation to actions brought in the

11   name or for the benefit of the state, and *no claim of right predicated upon the lapse of time shall

12   ever be asserted against the state,* including actions asserting a claim for civil penalties under

13   RCW 19.86.140." Wash. Rev. Code § 4.16.160 (emphasis added).

14   **E.    Statute of Limitations (Affirmative Defense 14)**

15        Defendants' fourteenth affirmative defense states that "This action is barred, in whole or

16   in part, by the applicable statute of limitations." Dkt. #10 at p. 27. Although the State has sued

17   Defendants under three statutes (the CRFA, HIPAA, and the CPA), Defendants have not

18   identified any applicable statute of limitations, and their barebones defense is improperly pled.

19   *See Tollefson v. Aurora Financial Group, Inc.*, No. C20-0297 JLR, 2021 WL 462689, at *3

20   (W.D. Wash. Feb. 9, 2021) (striking statute of limitations defense for failing to identify any

21   applicable statute, stating "Defendants' statute of limitations defense, as pleaded, does not

22   provide Ms. Tollefson with notice as to which statute(s) of limitations might apply");

23   *Seattlehaunts LLC*, 2020 WL 5500373, at *9 (same); *Smith v. Bank of New York Mellon*,

24   No. C19-0538 JCC, 2019 WL 3428744, at *2 (W.D. Wash. July 30, 2019) (same, stating "[t]his

25   boilerplate assertion does not give Plaintiff fair notice because it does not state the applicable

26   statute of limitations or which of Plaintiff's claims are barred").

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - 7

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    There is no statute of limitations that bars any of the State's claims for relief. With respect

2    to the CPA claims, Wash. Rev. Code § 4.16.160 is dispositive. *See also State of Washington v.*

3    *LG Electronics, Inc.*, 186 Wash. 2d 1, 12, 375 P.3d 636 (2016) (noting that "[a]t common law,

4    statutes of limitations did not run against the State" and that this common law *nullum tempus*

5    doctrine is codified in Wash. Rev. Code § 4.16.160).

6    With respect to the HIPAA claim, while there is a six-year statute of limitations for civil

7    penalties, *see* 42 U.S.C. § 1320-7a(c)(1), the reach-back period extends to December 29, 2016

8    (six years before date of filing), which pre-dates all of the alleged HIPAA violations in this case.

9    *See* 42 U.S.C. § 1320-d-7a(c)(1) (six-year statute of limitations); 42 U.S.C. § 1320-d-5(d)(1),

10   (d)(8) (authorizing the State to enforce HIPAA subject to six-year statute of limitations, cross-

11   referencing § 1320-d-7a(c)(1)).

12   Finally, with respect to the CRFA claims, although most civil penalty claims under the

13   FTC Act are subject to a five-year statute of limitations, *see* 28 U.S.C. § 2462, the State does not

14   seek *penalties* under the CRFA. *See FTC v. Pukke*, 53 F.4th 80, 108 (4th Cir. 2022) (holding

15   there is no statute of limitations under FTC Act for injunctive relief); *FTC v. J. William*

16   *Enterprises, LLC*, 283 F. Supp. 3d 1259, 1261-62 (M.D. Fla. 2017) (same). There is no statute

17   of limitations governing the State's claim for *injunctive relief* under the CRFA.

18   **F.    Adequate Remedy at Law (Affirmative Defense 24)**

19   In their twenty-fourth affirmative defense, Defendants assert that "Plaintiff is not entitled

20   to injunctive or other equitable relief because to the extent Plaintiff could prove its

21   claims . . . Plaintiff has an adequate remedy at law and any injunctive relief would be improper."

22   Dkt. #10 at p. 28. The State, however, seeks enumerated statutorily-created remedies under the

23   CRFA, HIPAA, and the CPA, including injunctive relief. *See* 15 U.S.C. § 45b(e)(1) (injunctive

24   relief under the CRFA); 42 U.S.C. § 1320d-5(d)(1)(A) (injunctive relief under HIPAA);

25   Wash. Rev. Code § 19.86.080(1) (injunctive relief under the CPA). The fact that the State may

26   also be awarded civil penalties and other legal remedies for Defendants' violations of these

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - 8

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  statutes does not preclude injunctive relief, and this defense should therefore be stricken as a

2  matter of law. *See FTC v. Hang-Ups Art Enterprises, Inc.*, No. CV 95-0027 RMT,

3  1995 WL 914179, at *4 (C.D. Cal. Sept. 27, 1995) (striking adequate remedy at law defense

4  because existence of legal remedies "does not bar the FTC from seeking equitable relief under

5  the FTC Act" and "to find otherwise would nullify much of the FTC Act").

6  **G.      Due Process (Affirmative Defenses 25, 26 & 27)**

7  Defendants' twenty-fifth, twenty-sixth, and twenty-seventh affirmative defenses assert

8  that the State's claims are barred to the extent they violate Defendants' due process rights. *See*

9  Dkt. #10 at p. 28. Defendants base these due process defenses on conclusory allegations that the

10  State seeks "improper multiple damage awards, and damage awards duplicative of those sought

11  in other actions" (twenty-fifth defense), "failed to recuse an individual with a clear conflict of

12  interest from the AGO investigation team" (twenty-sixth defense), and "failed to permit

13  Defendants an opportunity to address Plaintiff's accusations prior to filing and publicizing an

14  investigation and lawsuit" (twenty-seventh defense), allegedly in violation of "Due Process

15  Guarantees under the Fifth and Fourteenth Amendment[s] of the United States Constitution" and

16  "Section 3 of the Washington Constitution." *Id.*

17  Again, Defendants have not articulated factual grounds for any of these defenses

18  sufficient to meet the pleading requirements of Rule 8. To the extent they claim the State

19  deprived them of procedural due process by failing to give prior notice of Plaintiff's investigative

20  findings (twenty-seventh defense), the defense has no basis because Defendants have no

21  constitutional right to prior notice of the State's findings, and this judicial proceeding will satisfy

22  due process by giving Defendants a full and fair opportunity to challenge the State's evidence

23  and to be heard in response to the State's claims.

24  To the extent Defendants claim the State's request for penalties under multiple statutes

25  seeks unconstitutionally duplicative damage awards (twenty-fifth defense), Defendants are again

26  mistaken. The State brings the claims for which it seeks penalties pursuant to, and consistent

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - 9

1  with, its statutory authority under HIPAA and the CPA, and it is entitled to seek separate

2  penalties under both of those statutes.[2] The Court may ultimately determine that Defendants

3  violated the CPA by requiring patients to sign an NDA agreeing "not [to] leave a negative review

4  or say anything that would hurt the reputation of the practice," *see* Complaint, Dkt. #1 at

5  pp. 9-10 & Ex. A, and also violated HIPAA by requiring patients to agree, in the same NDA,

6  that "[i]f I leave a negative review without contacting a representative of the practice and

7  allowing them to resolve the issue, I give permission and allow a response [to the review] from

8  the practice with my personal health information and agree to pay a $250,000 fine." *Id.* Because

9  these penalties arise under two different statutes and constitute separate statutory violations, it is

10  not unconstitutionally duplicative to impose penalties under both statutes.

11       Finally, with respect to Defendants' claim that the State violated their due process rights

12  by "fail[ing] to recuse an individual with a clear conflict of interest from the AGO investigation

13  team" (twenty-sixth defense), the defense is ludicrous. To the extent that the basis for this alleged

14  defense is that a member of the AGO's investigation team received a single skincare treatment

15  from one of the Defendant entities long before the State began investigating this matter, the

16  defense is patently deficient. Employees of the Attorney General's Office are also consumers,

17  and such a fact would not require recusal under any circumstances, much less support a due

18  process defense. Defendants have not alleged, nor could they, any violation of a "fundamental"

19  interest that is so vital that "neither liberty nor justice would exist if [it] were sacrificed."

20  *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (citation omitted); *see also FTC v. Meta*

21  *Platforms, Inc.*, No. 5:22-cv-04325 EJD, 2022 WL 16637996, at *7 (N.D. Cal. Nov. 2, 2022)

22  (striking Meta's bias-related affirmative defenses with prejudice, finding that "Meta's bias-

23  related defenses 'do not pertain, and are not necessary, to the issues in question'") (citation

24  omitted); *FTC v. Facebook, Inc.*, 581 F. Supp. 3d 34, 64 (D.D.C. 2022) (rejecting argument that

25

26      [2] As noted in Section II. E., above, the State does not seek penalties under the CRFA.

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - 10

1    FTC's Chair Lina Khan was required to recuse herself from an investigation of Facebook based

2    on a purported conflict of interest, stating, "[a]lthough Khan has undoubtedly expressed views

3    of Facebook's monopoly power, these views do not suggest the type of 'axe to grind' based on

4    personal animosity or financial conflict of interest that has disqualified prosecutors in the past").

5    **H.      Request for Damages under 42 U.S.C. § 1983**

6          Finally, Defendants' request in their Prayer for Relief asking the Court to "issue

7    Defendants compensatory and punitive damages under 42 U.S.C. § 1983," Dkt. #10 at p. 29, is

8    utterly unfounded. Section 1983 allows an individual to sue a state official in their personal

9    capacity where they violated the claimant's federal civil rights acting under color of state law.

10   *See* 42 U.S.C. § 1983. As a threshold matter, Defendants provide no basis for bringing an

11   affirmative *defense* under § 1983, which instead provides the basis for bringing "an action at

12   law, suit in equity, or other proper proceeding for redress." *Id*.

13         But the problems with Defendants' request for § 1983 relief go even deeper, as no § 1983

14   claim can lie against the State. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("[T]he State and

15   arms of [the] State, which have traditionally enjoyed Eleventh Amendment immunity, are not

16   subject to suit under § 1983 in either federal court or state court."); *Will v. Michigan Dept. of*

17   *State Police*, 491 U.S. 58, 64 (1989) ("a State is not a person within the meaning of § 1983");

18   *Garnica v. Washington Dept. of Corrections*, 965 F. Supp. 2d 1250, 1276

19   (W.D. Wash. 2013) (same, citing *Howlett*). Defendants have not alleged that an individual acting

20   "under color of state law" violated their civil rights, and there are no individual plaintiffs in this

21   case against whom such allegations could be made. Thus, Defendants' request for relief under

22   § 1983 should be stricken with prejudice.

23

24

25

26

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - 11

### III.    CONCLUSION

Defendants' affirmative defenses discussed above and their request for compensatory and punitive damages under 42 U.S.C. § 1983 are improperly pled, legally deficient, and should be stricken with prejudice.

DATED this 2nd day of March, 2023.

ROBERT W. FERGUSON
Attorney General

/s/ *Matthew Geyman*
MATTHEW GEYMAN, WSBA #17544
CAMILLE M. MCDORMAN, WSBA #53036
ZORBA LESLIE, WSBA #58523
Assistant Attorneys General
Attorneys for Plaintiff State of Washington
Consumer Protection Division
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104

*I certify that this memorandum contains 3,889 words, in compliance with the Local Civil Rules.*

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - 12

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**CERTIFICATE OF SERVICE**

1

2        I certify that I caused a copy of the foregoing to be served on all counsel of record via

3   the ECF system.

4        I certify, under penalty of perjury under the laws of the State of Washington, that the

5   foregoing is true and correct.

6        DATED this 2nd day of March, 2023, at Seattle, Washington.

7
                                         */s/ Matthew Geyman*
8                                        MATTHEW GEYMAN, WSBA #17544
                                         Assistant Attorney General
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STATE'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DAMAGES
REQUEST UNDER SECTION 1983
(NO. 2:22-cv-01835-RSM) - 13

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744