The Honorable Ricardo S. Martinez

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>             Plaintiff,<br><br>    v.<br><br>ALDERWOOD SURGICAL CENTER, LLC, a Washington limited liability company; NORTHWEST NASAL SINUS CENTER P.S., a Washington professional service corporation; and JAVAD A. SAJAN, M.D.,<br><br>             Defendants. | NO. 2:22-cv-01835-RSM<br><br>DEFENDANTS' RESPONSE TO THE STATE'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DAMAGES REQUEST UNDER SECTION 1983<br><br>NOTE ON MOTION CALENDAR: Friday, March 17, 2023 |

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - i
(CASE NO. 2:22-cv-01835-RSM)

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

TABLE OF CONTENTS

I.     INTRODUCTION………………………………………………………………1

II.    RELEVANT ARGUMENT……………………………………………………....3

III.   PROCEDURAL HISTORY……………………………………………………....4

IV.    ARGUMENT……………………………………………………………………5

       A.  Legal Authority………………………………………………………………5

       B.  Mootness (Affirmative Defense 3)…………………………………………...7

       C.  Wash. Rev. Code § 19.86.170 (Affirmative Defense 10)………………………8

       D.  Waiver (Affirmative Defense 15)……………………………………………9

       E.  Estoppel, Unclean Hands & Laches (Affirmative Defense 12, 13, 16)…………9

       F.  Statute of Limitations (Affirmative Defense 14)………………………………11

       G.  Adequate Remedy at Law (Affirmative Defense 24)…………………………11

       H.  Due Process (Affirmative Defenses 25, 26, 27)……………………………..11

       I.   Request for Damages under 42 U.S.C. § 1983………………………………...12

       J.   Leave to Amend………………………………………………………………..12

TABLE OF AUTHORITIES

**<u>Cases</u>**

*Am. Rivers v. Nat'l Marine Fisheries Serv.*,
    126 F.3d 1118, 1123 (9th Cir. 1997)…………………………………………………...7

*Aubin Indus. v. Caster Concepts, Inc.*,
    No. 2:14-cv-02082-MCE-CKD, 2015 LEXIS 82881 (E.D. Cal. June 23, 2015)………...5,6

*Bayer v. Neiman Marcus Grp.*,
    861 F.3d 853, 864 (9th Cir. 2017)…………………………………………………...7

*Bell v. Nat'l Credit Sys.*,
    No. 2:19-cv-01727-RAJ-BAT, 2020 LEXIS 53514 (W.D. Wash. Jan. 8, 2020)……………12

*Bushbeck v. Chi. Title Ins. Co.*,
    No. C08-0755JLR, 2010 U.S. Dist. LEXIS 151472 (W.D. Wash. Aug. 26, 2010)…………5

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - ii

(CASE NO. 2:22-cv-01835-RSM)

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

*Church of Scientology v. United States*,
  506 U.S. 9, 12 (1992)……………………………………………………………………7

*City of Los Angeles v. Lyons*,
  461 U.S. 95, 102, (1983)…………………………………………………………………7

*Cmre Fin. Servs. v. Doxo Inc.*,
  No. 2:22-cv-00298-RAJ-BAT, 2022 LEXIS 151423 (W.D. Wash. June 9, 2022)…………12

*Conley v. Gibson*,
  355 U.S. 41, 47-48 (1957)………………………………………………………………..6

*Dodson v. Munirs Co.*,
  No. 2:13-cv-0399-LKK-DAD, 2013 LEXIS 85768 (E.D. Cal. June 18, 2013)…………..6

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023,
  127 L. Ed. 2d 455 (1994)……………………………………………………………..5

*Grande v. United States Bank Nat'l Ass'n, No.*
  C19-333 MJP, 2020 LEXIS 75480 (W.D. Wash. Apr. 29, 2020)…………………………..5

*In re Real Est. Brokerage Antitrust Litig.*,
  95 Wash. 2d 297, 300–01 (1980)………………………………………………………8,9

*In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*,
  C08-1756MJP, 2011 WL 1158387 (W.D. Wash. Mar. 25, 2011)…………………………6

*Johnson v. Williford*,
  682 F.2d 868, 871 (9th Cir. 1982)………………………………………………………9

*Kohler v. Flava Enters.*,
  779 F.3d 1016, 1019 (9th Cir. 2015)…………………………………………………...5

*Mathews v. Eldridge*,
  424 U.S. 319, 332 (1976)………………………………………………………………...11

*Nguyen v. Dep't of Health*,
  144 Wn.2d 516, 523 (2001)……………………………………………………………...11

*O'Neal v. City of Seattle*,
  66 F.3d 1064, 1066 (9th Cir. 1995)…………………………………………………..12

*Polk v. Legal Recovery Law Offices*,
  291 F.R.D. 485, 490 (S.D. Cal. 2013)……………………………………………………6

*Stanbury Law Firm, P.A. v. IRS*,

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - iii

(CASE NO. 2:22-cv-01835-RSM)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 · f. 206-749-0194

221 F.3d 1059, 1063 (8th Cir. 2000)……………………………………………………5

*Taylor v. Resolution Trust Corp.*,
    56 F.3d 1497, 1502 (D.C. Cir. 1995)……………………………………………..7

*U.S. v. Lazy FC Ranch*, 4
    81 F.2d 985, 988-89 (9th Cir. 1973)……………………………………………..9

*U.S. v. Ruby Co.*,
    588 F.2d 697, 705 n.10 (9th Cir. 1978)…………………………………………10

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970, 973 (9th Cir. 2010)…………………………………………………5

*Wyshak v. City Nat'l Bank*,
    607 F.2d 824, 826 (9th Cir. 1979)……………………………………………..5,12

### Treatise

Charles Alan Wright & Arthur R. Miller,
    Federal Practice and Procedure § 1274 (3d ed. 1998)…………………………………6

### Statutes

U.S. Const. amend. XIV, § 1……………………………………………………..11

15 U.S.C. § 54…………………………………………………………………4

28 U.S.C. § 2462………………………………………………………………11

42 U.S.C. § 1320d-5(d)…………………………………………………………4

42 U.S.C. § 1983………………………………………………………………12

45 C.F.R. § 164.508(b)(4)………………………………………………………4

Wash. Rev. Code §18.130.180(3)……………………………………………..3,8

Wash. Rev. Code § 19.86 et seq.……………………………………………4,8,9

Wash. Rev. Code §19.86.170…………………………………………………4,8,9

### Rules

Fed. R. Civ. P. 8(a)(2)…………………………………………………………..6

Fed. R. Civ. P. 8(b)(1)(A)……………………………………………………5,6

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - iv

(CASE NO. 2:22-cv-01835-RSM)

161366248.1

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 • f. 206-749-0194

Fed. R. Civ. P. 8(c)(1)……………………………………………………………………..6

Fed. R. Civ. P. 12(f)……………………………………………………………………...4,5

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - v

(CASE NO. 2:22-cv-01835-RSM)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

## I.   INTRODUCTION

The Washington Attorney General's Office ("WAG"), for reasons that are unclear and unjustified, is trying to drive Defendants Alderwood Surgical Center, LLC, Northwest Nasal Sinus Center, P.S., and Javad A. Sajan, M.D. ("Defendants") out of business. The WAG's lead attorney has essentially admitted that he believes Dr. Sajan should not be permitted to practice medicine. Meanwhile, the lead investigator is a former patient who initially hid this fact and then, incredibly, was kept on the case after their conflict was revealed. Likely in part due to these built-in biases, the WAG has uncritically accepted and then publicly amplified stale complaints and allegations from Defendants' competitors and others with personal agendas. Now, consistent with this pattern, the WAG's first procedural move seeks to strike the very defenses that would reveal these questionable practices and ongoing conflicts of interest in this matter.

Defendants are all part of one small local business that has been in business for only eight years. But the WAG is coming after them as if they are a deep-pocketed national company. Early in the investigation and strained by the enormous legal costs of defending against the State, Defendants tried to explain that the allegations underlying the investigation were both unfounded and concerned practices that had been voluntarily stopped years earlier. But the WAG unreasonably rejected all attempts to negotiate. It refused to even respond to Defendants' offer of a consent decree that would have formalized virtually everything the WAG now seeks in this lawsuit.[1] At every step of its investigation, and now at the outset of this lawsuit, the WAG has needlessly amplified the costs, risks, and reputational burdens to Defendants.

Dr. Javad Sajan and his two companies are odd targets for the WAG's aggressiveness. This clear gist of the complaint (and the WAG's accompanying press conference) is that Defendants employ misleading marketing tactics. But this reflects an epic case of selectivity bias. The WAG

---

[1] To be clear, Defendants did not believe a consent decree was warranted or needed, but they were willing to agree to it in order to stop the crippling litigation costs and because they were already doing all these things.

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - 1

(CASE NO. 2:22-cv-01835-RSM)

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  ·  f. 206-749-0194

cherry-picks (and misleadingly exaggerates) stale and relatively trivial practices that were voluntarily discontinued years ago and purposefully ignores the big picture—that Dr. Sajan is one of the most transparent surgeons in the State. A patient considering surgery with Dr. Sajan can readily access hundreds of on-line videos and even livestreams of Dr. Sajan performing the very surgery they are considering. And these are not whitewashed videos; Dr. Sajan posts many videos that go into great detail about the complications and difficulties that sometimes arise when things go wrong during these complex surgical procedures. This is readily available to anyone with a phone or access to the internet. No reasonable consumer would be misled by Defendants' marketing because it fairly and accurately portrays the services Defendants provide.

The irony of this lawsuit, and the WAG's accompanying publicity campaign, would be comical if the consequences were not so tragic and unfair. The Consumer Protection arm of the WAG is presumably charged with ensuring that businesses fairly represent themselves to the public. The evidence will clearly show that Defendants do fairly represent themselves to the public. But now, because the WAG accepted and amplified unproven allegations made by Defendants' competitors and others with personal agendas, the reputation of one of the best practices in the region, especially for patients seeking gender confirmation surgery, has now been grossly misrepresented and irreparably tarnished.

Although much damage has already been done, Defendants are entitled to defend themselves and repair their hard-earned reputations. It would be both premature and unjust to dismiss Defendants' affirmative defenses before discovery even begins. Defendants' affirmative defenses are made in good faith and are well-grounded in both facts and law. The motion should be denied, but in the event the Court grants part of this motion and strikes any of Defendants' affirmative defenses, Defendants request permission to amend.

DEFENDANTS' RESPONSE TO THE STATE'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DAMAGES REQUEST UNDER SECTION 1983 - 2
(CASE NO. 2:22-cv-01835-RSM)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

161366248.1

## II.     RELEVANT BACKGROUND

Dr. Sajan, an immigrant of African descent, is a Seattle-based cosmetic and reconstructive surgeon. Dr. Sajan opened his practice eight years ago. An excellent surgeon and a tireless worker, the success Dr. Sajan has achieved in only eight years of practice embodies the American dream. Dr. Sajan offers his patients an array of surgical care and is renowned for serving the transgender community via his specialization in gender-affirming procedures. Dr. Sajan has performed hundreds of gender-affirming surgeries and is only one of five surgeons in the country capable of performing certain gender-affirming procedures. Over the course of his eight-year career, Dr. Sajan has successfully operated on nearly 2,600 patients.

Contrary to the inaccurate and misleading public impression created by the WAG, Dr. Sajan is unusually transparent. In addition to providing vital medical information on gender-affirming procedures and answering questions on social media, he is one the only surgeons in Washington that livestreams his surgeries. This type of transparency has inspired many patients nationally and internationally to trust him with their care.

The basis of the WAG's allegations stem from the grievances of Dr. Sajan's competitors and others with personal agendas, coupled with a fundamental misunderstanding of two pre-service agreements that Defendants voluntarily stopped using years ago. Notably, the same competitors who Defendants believe triggered the WAG's investigation had previously sought to have Defendants sanctioned by the WMC, the agency expressly charged with regulating physician conduct, including physician advertising. *See* RCW 18.130.180(3). The WMC, which is far more qualified to assess both the validity of physician competitor complaints and whether advertising practices are likely to harm or deceive patients, closed the complaints without taking corrective action.

Why was the WAG so much more credulous? One possibility is their own personal bias. The WAG team's lead investigator concealed the fact that they were a patient of Dr. Sajan. Their

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - 3
(CASE NO. 2:22-cv-01835-RSM)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 · f. 206-749-0194

161366248.1

1   lead attorney openly admitted that he does not agree that medical providers should be allowed to

2   advertise at all, which is directly contrary to established law. Defendants alerted the WAG to these

3   conflicts.  But rather than recuse the conflicted individuals, the WAG allowed them to continue to

4   lead the investigation.

5          More troublingly, the WAG's zealous publication of this case has already caused

6   Defendants great reputational and financial harm. Following the highly politicized press

7   conference on December 29, 2022, local and global news sources pejoratively reported on the

8   WAG's allegations against Dr. Sajan. The London Daily Mail published an article with a picture

9   of Dr. Sajan, captioned, "Sex Change Swindler."[2] Defendants will demonstrate through discovery

10  the insufficiency of the WAG's claims, the WAG's lack of diligence in fact-checking allegations,

11  and the impropriety of repeating unproven allegations of aggressive competitors to a worldwide

12  audience. Granting the WAG's motion to strike will prematurely deprive the Defendants of the

13  opportunity perform discovery of the applicable affirmative defenses.

### III.     PROCEDURAL HISTORY

15         The WAG filed the operative Complaint just over two months ago, on December 29, 2022.[3]

16  Dkt. #1. Defendants answered on February 10, 2023, explicitly denying all allegations of

17  wrongdoing and protected their interests by asserting all applicable affirmative defenses. Dkt. #10.

18  The parties exchanged initial disclosures on February 28, 2023. Two days later, on March 2, 2023,

19  the WAG filed the subject motion. Dkt. #11. At the time Defendants received the WAG's motion,

20  the parties had not yet submitted a joint status report nor exchanged written discovery requests and

21  no party or witness had been deposed. This case is in the earliest pretrial stage.

---

[2] Dr. Sajan spent part of his childhood in London and still has friends there.

[3] The State brings its claims under the Consumer Review Fairness Act, 15 U.S.C. § 54b (CRFA), the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d-5(d) and 45 C.F.R. § 164.508(b)(4) (HIPAA), and the Washington Consumer Protection Act, Wash. Rev. Code § 19.86 (CPA). Dkt. #1.

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - 4

(CASE NO. 2:22-cv-01835-RSM)

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

161366248.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## IV.    ARGUMENT

### A.    Legal Authority

Rule 12(f) of the Federal Rules of Civil Procedure provides a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir. 1979). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *See Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994). A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case." *See id*. "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (internal citation omitted). Motions to strike a defense are strongly disfavored because of their drastic nature.[4]

Under Rule 8(b)(1)(A) of the Federal Rules of Civil Procedure, a party must "state in plain terms its defenses to each claim asserted against it." While this Court has previously indicated that Defendants are required to provide "at least some facts indicating the grounds on which the defense is based,[5] the Ninth Circuit has upheld the "fair notice" pleading standard. *Kohler v. Flava Enters.,* 779 F.3d 1016, 1019 (9th Cir. 2015); *Aubin Indus. v. Caster Concepts, Inc.,* No. 2:14-cv-02082-MCE-CKD, 2015 LEXIS 82881, at *16 (E.D. Cal. June 23, 2015) ("[T]his Court reads *Kohler* as

---

[4] *Bushbeck v. Chi. Title Ins. Co.,* No. C08-0755JLR, 2010 U.S. Dist. LEXIS 151472, at *3 (W.D. Wash. Aug. 26, 2010); *Stanbury Law Firm, P.A. v. IRS,* 221 F.3d 1059, 1063 (8th Cir. 2000) ("Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result, we have previously held that 'motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.') (quoting *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977)); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir. 1982) (confirming "motions to strike a defense are generally disfavored").
[5] *See Grande v. United States Bank Nat'l Ass'n, No.* C19-333 MJP, 2020 U.S. Dist. LEXIS 75480, at *6 (W.D. Wash. Apr. 29, 2020).

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - 5

(CASE NO. 2:22-cv-01835-RSM)

161366248.1

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  •  f. 206-749-0194

standing for the proposition that *Wyshak,* and not *Twombly/Iqbal* provides the proper yardstick for assessing the sufficiency of affirmative defenses."). The "fair notice" required by the pleading standards only requires the defendant to describe the defense in "general terms." *Kohler,* 779 F.3d 1016 (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)). Describing a defense in "general terms" does not invoke the heightened standard of substantive plausibility to which claims of relief are subject. *Aubin Indus. v. Caster Concepts, Inc.,* No. 2:14-cv-02082-MCE-CKD, 2015 LEXIS 82881, at *16 (E.D. Cal. June 23, 2015).

"Fair notice generally requires that the defendant identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based." *Dodson v. Munirs Co.,* No. 2:13-cv-0399-LKK-DAD, 2013 LEXIS 85768 at *2 (E.D. Cal. June 18, 2013); *see also Conley v. Gibson,* 355 U.S. 41, 47-48 (1957); *see also In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.,* C08-1756MJP, 2011 LEXIS 33531 at *1 (W.D. Wash. Mar. 25, 2011) ("Detailed pleading is not necessary to give fair notice to the [p]laintiff under Rule 8(c) of the affirmative defense, given that the core factual circumstances are already well known to the parties.").

The fair notice standard, rather than the plausibility standard, applies to affirmative defenses because unlike plaintiffs, defendants generally do not have the benefit of time to investigate prior to the answer filing deadline: "It is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given [21] days to respond to a complaint and assert its affirmative defenses." *Polk v. Legal Recovery Law Offices,* 291 F.R.D. 485, 490 (S.D. Cal. 2013). This distinction is reflected in the language of Rule 8, as the pleader of an affirmative defense need only "state" his or her defense, whereas the pleader of claims for relief must make a "showing." FRCP 8(b)(1)(A); FRCP 8(a)(2). Additionally, failure to plead certain defenses risks waiver. FRCP 8(c)(1). Defendants in any circumstances are unlikely to have all of the facts needed to plead

DEFENDANTS' RESPONSE TO THE STATE'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DAMAGES REQUEST UNDER SECTION 1983 - 6
(CASE NO. 2:22-cv-01835-RSM)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 · f. 206-749-0194

161366248.1

affirmative defenses with the specificity the WAG expects within the time constraints of Rule 8 or so shortly after exchanging initial disclosures. Timing alone renders the WAG's motion wholly inappropriate.

The numerous cases cited in the WAG's moving papers involve affirmative defenses that were either dismissed or stricken ***after a period of discovery was conducted*** by the parties. The WAG here seeks prematurely to strike eleven of the Defendants' affirmative defenses before any discovery has been conducted—indeed before the Court issued its March 10, 2023, discovery order. In support, the WAG claims that Defendants have not demonstrated a sufficient factual basis for the asserted defenses. Even if were not premature, the WAG's motion also fails substantively. As discussed below, Defendants have good faith bases and have provided fair notice for their affirmative defenses. Accordingly, the Court should deny the WAG's motion.

## B.    Mootness (Affirmative Defense 3)

Federal courts lack jurisdiction to consider moot claims. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). "A claim is moot if it has lost its character as a present, live controversy." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). "A request for injunctive relief remains live only so long as there is some present harm left to enjoin." *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 864 (9th Cir. 2017) (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Neal v. City of Seattle*, 66 F.3d 1064, 1066 (9th Cir. 1995) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, (1983)).

Despite claiming that Defendants did not plead proper facts in support, the WAG appears well aware of the factual foundation on which Defendants assert mootness. The WAG effectively concedes Defendants provided fair notice of its mootness defense in acknowledging Defendants ceased use of the challenged forms and other allegedly problematic behavior years before the

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - 7
(CASE NO. 2:22-cv-01835-RSM)

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

161366248.1

1   WAG started its investigation and filed this lawsuit. Dkt. #11 at 3. Consequently, the WAG's

2   argument that mootness is inapplicable because of the need for "declaratory and injunctive relief,

3   restitution, civil penalties, attorney's fees and costs," Dkt #11 at 3, rings hollow. Discovery will

4   prove that the conduct for which the WAG seeks injunctive relief ceased long ago, and at a

5   minimum that the WAG's requests for injunctive relief are subject to the affirmative defense of

6   mootness. Defendants ask the Court to deny the WAG's request to strike this defense.

7   **C.     Wash. Rev. Code § 19.86.170 (Affirmative Defense 10)**

8          RCW 19.86.170 exempts from prosecution by the Attorney General "actions . . .

9   specifically permitted within the statutory authority granted to any regulatory board or commission

10  established within Title 18 RCW." The purpose of this exemption is to disallow actions under

11  RCW 19.86 for conduct that is consistent with the specific guidance of other regulators in highly

12  regulated areas, such as the practice of medicine. The exemption applies where a state agency,

13  acting within its legislative authority under Title 18, takes "overt affirmative action to specifically

14  permit the actions or transactions engaged in." *In re Real Est. Brokerage Antitrust Litig.*, 95 Wn.2d

15  297, 300–01 (1980).

16         Here, the State (through the WMC) was acting under its statutory authority to regulate "All

17  advertising which is false, fraudulent, or misleading," RCW 18.130.180(3)[6], when it issued overt

18  guidance in response to complaints against Defendants regarding certain advertising and

19  marketing practices. The WMC actively reviewed six complaints (all submitted by a single

20  competitor) related to the very practices at the core of this lawsuit, and closed those complaints.

21  In 5 of the 6 actions, the WMC issued the specific guidance: "If allegations are true, no violations

22  of law occurred." Contrary to the WAG's claims, the WMC's was specifically delegated authority

23  to determine what is "false, fraudulent, or misleading" physician advertising. That the WMC

24

25

---

[6] Although not the subject of the motion, it is important to note that "false, fraudulent, and misleading" standard applied to physician advertising set forth by RCW 18.130.180(3) was adopted in 1980, following the State's adoption of the CPA, which sets forth the broader standard of "unfair or deceptive acts and practices" RCW 19.86.020.

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - 8

(CASE NO. 2:22-cv-01835-RSM)

161366248.1

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 • f. 206-749-0194

1    closed the complaints without investigation was not mere "acquiescence" by an agency with

2    express authority to regulate physician advertising.

3         The WAG now seeks to hold Defendants liable for relying on the guidance given by a state

4    regulatory agency. The WAG argues that the WMC's guidance "Even if true, no violations of law

5    occurred" is not "overt affirmative action to specifically permit a physician" to engage in specific

6    practices." However, accepting the WAG's position would defeat the very purpose of RCW

7    19.86.170: to prevent the AG from enforcing conflicting interpretations of law under RCW 19.86

8    where the primary regulator of a specific industry has issued guidance that certain conduct does

9    not violate the law. RCW 19.86.170 is a fact-specific inquiry into whether a State Agency had the

10   authority to regulate a practice and whether the agency took "overt affirmative action to

11   specifically permit the actions . . . ." *In re Real Est. Brokerage Antitrust Litig.*, 95 Wn.2d at 300–

12   01 (1980). *See also Jaramillo v Morris*, 50 Wn. App. 822, 750 P.2d 1301 (1988) (reversing trial

13   court for failing to refer issue to medical board where Legislature empowered medical board to

14   consider issue). The Court should deny the WAG's motion to strike as premature.

15   **D.     Waiver (Affirmative Defense 15)**

16        The affirmative defense of waiver is withdrawn.

17   **E.     Estoppel, Unclean Hands & Laches (Affirmative Defenses 12, 13, 16)**

18        While the WAG is correct that *in general* equitable estoppel is not available as a defense

19   against the government, the Ninth Circuit has held that "where justice and fair play require it,

20   estoppel will be applied against the government even when the government acts in its sovereign

21   capacity if the effects of estoppel do not unduly damage the public interest." *Johnson v. Williford*,

22   682 F.2d 868, 871 (9th Cir. 1982) (quoting *United States v. Lazy FC Ranch*, 481 F.2d 985, 988-

23   89 (9th Cir. 1973).

24        Defendants' reliance on guidance from the WMC, *see* Section IV.C, supports the

25   affirmative defense of equitable estoppel. The WAG's argument that the WMC does not issue

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - 9
(CASE NO. 2:22-cv-01835-RSM)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

161366248.1

guidance is patently absurd. The WMC is tasked with overseeing and regulating physician conduct within the State. To claim that the WMC does not and cannot issue guidance to Washington healthcare providers is absurd. Finally, the WAG contends that this defense must be dismissed because Defendants have not alleged "affirmative misconduct" on the part of the WAG. As outlined above, however, Defendants have alleged a pattern and practice of bias and conflicts of interest undertaken by the investigative team which rises to the level of affirmative misconduct. Accordingly, this defense should not be stricken.

Defendants have likewise provided ample notice to the WAG of the basis for their affirmative defenses of unclean hands and laches. The Ninth Circuit has suggested that a laches defense may be available against the government where there is a showing of affirmative misconduct. *U.S. v. Ruby Co.*, 588 F.2d 697, 705 (9th Cir. 1978).  The WAG has engaged in numerous acts of affirmative misconduct sufficient to support the defenses of unclean hands and laches, such as allowing a disgruntled former patient to investigate the case for the WAG and the WAG continuously allowing this investigator to insert their own biases and experiences into the investigation.  The WAG's prejudicial bias was further evident when a lead counsel for the WAG communicated to counsel for Defendants his personal belief that that doctors should not be allowed to advertise. This inherent and legally unfounded bias permeated its way into the pre-suit investigation of 1 ½ years. Defendants will prove that the WAG willfully disregarded these numerous conflicts of interest and the substantial bias to Defendants these conflicts caused.  The WAG's permissive allowance of bias in its own investigation calls into question the adequacy of the due process Defendants have been afforded. This is more than sufficient to put the WAG on notice of conduct that is so outrageous it rises to a constitutional level. To the extent the WAG argues that Defendants have failed to meet the heightened pleading standard of these affirmative defenses, Defendants have asserted the above facts, which is more than sufficient to meet the heightened standard and have therefore satisfied their burden.

DEFENDANTS' RESPONSE TO THE STATE'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DAMAGES REQUEST UNDER SECTION 1983 - 10
(CASE NO. 2:22-cv-01835-RSM)

161366248.1

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

**F.      Statute of Limitations (Affirmative Defense 14)**

Defendants read the WAG's motion to concede that there are no allegations of HIPAA violations in this case that pre-date the statutory period of December 29, 2016. Dkt. 11 at 8. Further, the WAG's motion concedes that it is not seeking any penalties, only injunctive relief from the Defendants for any alleged violations of the CRFA. Dkt. 11 at 8. The WAG bases several of their CPA claims on violations of the CRFA. Those claims are subject to a five-year statute of limitations. 28 U.S.C. § 2462. The WAG cannot use the CPA claim to create a back-door route around CRFA's statute of limitations.  The WAG argues that its CPA claims have no statute of limitation, but this is irrelevant to its CRFA claims.

**G.      Adequate Remedy at Law (Affirmative Defense 24)**

The affirmative defense of adequate remedy at law is withdrawn.

**H.      Due Process (Affirmative Defenses 25, 26, & 27)**

The due process clause of the Fourteenth Amendment prohibits states from depriving any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV, § 1. Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "A medical license is a constitutionally protected property interest which must be afforded due process." *Nguyen v. Dep't of Health*, 144 Wn.2d 516, 523 (2001).

The WAG's actions have immediately threatened Defendants' right to practice their profession. Creating a quasi-administrative proceeding through their civil investigative demand ("CID") process, the WAG denied Defendants a fair opportunity to respond and be present. The WAG excluded Defendants from depositions and deprived Defendants fair notice of the allegations against them. The WAG elected to hold a highly publicized and inflammatory press conference designed to condemn Defendants in the court of public opinion. These actions have

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - 11
(CASE NO. 2:22-cv-01835-RSM)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  ·  f. 206-749-0194

161366248.1

1  had a material impact on Defendants' ability to practice their profession and violate the

2  Defendants' Fifth and Fourteenth Amendment rights to due process.

3  **I.       Request for Damages under 42 U.S.C. § 1983**

4          Defendants do not assert this request for damages as an affirmative defense. Further,

5  Defendants admit that they are not, at this stage, asserting a counterclaim for a violation of the

6  Defendants' civil rights pursuant to 42 U.S.C. § 1983. Defendants are, however, placing the WAG

7  on notice that, should facts sufficient to establish such a claim against an individual acting under

8  color of state law arise during the discovery process, Defendants reserve the right to amend their

9  answer and assert such a claim in the future.

10 **J.       Leave to Amend**

11         If the Court is inclined to grant the WAG's motion and strike any of the affirmative

12 defenses not withdrawn herein, Defendants request leave to amend their answer. "In the absence

13 of prejudice to the opposing party, leave to amend should be freely given." *Wyshak v. City Nat'l*

14 *Bank,* 607 F.2d 824, 826 (9th Cir. 1979); *Cmre Fin. Servs. v. Doxo Inc.,* No. 2:22-cv-00298-RAJ-

15 BAT, 2022 LEXIS 151423, at *7 (W.D. Wash. June 9, 2022) ("If a claim is stricken, leave to

16 amend should be freely given when doing so would not cause prejudice to the opposing party.");

17 *Bell v. Nat'l Credit Sys.,* No. 2:19-cv-01727-RAJ-BAT, 2020 ULEXIS 53514, at *4 (W.D. Wash.

18 Jan. 8, 2020) (same).

19         DATED this 13th day of March, 2023.

20                                        FAIN ANDERSON VANDERHOEF
21                                        ROSENDAHL O'HALLORAN SPILLANE, PLLC

22                                        By: */s/Eron Z. Cannon*
23                                            Eron Z. Cannon, WSBA #42706
                                             Jesse C. Williams, #35543
24                                            Matthew Halldorson # 51850
                                             Kristen Lange, WSBA #54335
25                                            Attorneys for Defendants

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - 12
(CASE NO. 2:22-cv-01835-RSM)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 · f. 206-749-0194

161366248.1

701 Fifth Avenue, Suite 4750
Seattle, WA 98104
(206) 749-0094
*eron@favros.com*
*jesse@favros.com*
*matth@favros.com*
*kristen@favros.com*

Attorneys for Defendants Alderwood Surgical Center, LLC, a Washington limited liability company; Northwest Nasal Sinus Center P.S., a Washington professional service corporation; and Javad A. Sajan, M.D.

Perkins Coie LLP
  *Permission to sign received 3/13/2023*

By:*/s/James Sanders*
  James Sanders, WSBA #24565

  *Permission to sign received 3/13/2023*

By:*/s/Tiffany L. Lee*
  Tiffany L. Lee, WSBA #51979

  *Permission to sign received 3/13/2023*

By:*/s/Cara Wallace*
  Cara Wallace, WSBA #50111

  Perkins Coie LLP
  1201 Third Avenue, Suite 4900
  Seattle, Washington 98101-3099
  Telephone: +1.206.359.8000
  Facsimile: +1.206.359.9000
  JSanders@perkinscoie.com
  TiffanyLee@perkinscoie.com
  CWallace@perkinscoie.com

Attorneys for Defendants Alderwood Surgical Center, LLC, a Washington limited liability company; Northwest Nasal Sinus Center P.S., a

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - 13

(CASE NO. 2:22-cv-01835-RSM)

161366248.1

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 · f. 206-749-0194

1  Washington professional service Corporation;
2  and Javad A. Sajan, M.D.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - 14
(CASE NO. 2:22-cv-01835-RSM)

161366248.1

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

1

**CERTIFICATE OF SERVICE**

2

    I hereby certify that on the date below, I electronically filed the foregoing with the Clerk

3

of the Court using the CM/ECF system, which will send notification of such filing to the following:

4

5

    ***Counsel for Plaintiff***
    Matthew Geyman

6

    Camille McDorman
    Zorba C Leslie

7

    Attorney General's Office (Sea - Fifth Ave)
    800 Fifth Avenue, STE 2000

8

    Seattle, WA 98104-3188
    Phone: (206) 389-3873

9

    matt.geyman@atg.wa.gov
    camille.mcdorman@atg.wa.gov

10

    zorba.leslie@atg.wa.gov

11

    Signed at Seattle, Washington this 13th day of March, 2023.

12

13

                  */s/Donna Steinmetz*
                  Donna Steinmetz, *Legal Assistant*

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANTS' RESPONSE TO THE STATE'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER SECTION 1983 - 15

(CASE NO. 2:22-cv-01835-RSM)

161366248.1

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 • f. 206-749-0194