1

2

3

4

5

6

The Honorable Ricardo S. Martinez

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

9

10

STATE OF WASHINGTON,

                    Plaintiff,

11

     v.

12

13

ALDERWOOD SURGICAL CENTER, LLC,
a Washington limited liability company;
NORTHWEST NASAL SINUS CENTER
P.S., a Washington professional service
corporation; and JAVAD A. SAJAN, M.D.,

14

15

                    Defendants.

16

NO. 2:22-cv-01835-RSM

STATE'S REPLY IN SUPPORT OF
MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES AND
DAMAGES REQUEST UNDER
SECTION 1983

NOTE ON MOTION CALENDAR:
Friday, March 17, 2023

17

18

**I.      INTRODUCTION**

19

      Defendants Alderwood Surgical Center, LLC, Northwest Nasal Sinus Center P.S., and

20

Javad A. Sajan, M.D. (collectively, "Allure") offer no reasonable basis to deny the State's

21

motion. Allure's implied threat to enlarge this case with frivolous litigation over its primary, and

22

legally unavailing, "investigate the investigator" defense is not dissimilar to how it responds to

23

consumer complaints, *see* Dkt. #1 at pp.14-16 & n.5, and should be firmly rejected. If Allure is

24

allowed to litigate these distracting and futile defenses here, it will only waste judicial and party

25

resources. The motion to strike should be granted.

26

REPLY IN SUPPORT OF MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES
AND DAMAGES REQUEST UNDER § 1983
(NO. 2:22-cv-01835-RSM) - 1

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## II.    REPLY[1]

After correctly noting that its defenses "must be supported by at least some facts indicating the grounds on which the defense is based," Dkt. #15 at p.5 & n.5 (citing *Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020 WL 2063663, at *2 (W.D. Wash. Apr. 29, 2020)), Allure asks the Court to adopt a significantly lower "general terms" standard from the Eastern District of California. *See* Dkt. #15 at pp.5-6 (relying on *Aubin Indus. v. Caster Concepts, Inc.*, No. 14-cv-02082 MCE, 2015 WL 3914000, at *16 (E.D. Cal. June 23, 2015)). Allure's plea should be rejected. *Grande* discussed—and expressly declined to follow—*Aubin*'s "general terms" pleading standard. *Grande*, 2020 WL 2063663, at *2; *see also Smith v. Bank of New York Mellon*, No. C19-0538 JCC, 2019 WL 3428744, at *1 (W.D. Wash. July 30, 2019) (using same higher standard). Allure's attempt to avoid the applicable standard is a telling acknowledgment that its pleading merely recites the name of particular defenses, without alleging the specific facts required to provide "fair notice" of the defense.

### A.    Mootness (Affirmative Defense 3)

Allure's protestations that it has ceased some of the practices at issue[2] do not moot the State's claims. *Bell v. City of Boise*, 709 F.3d 890, 898 (9th Cir. 2013) (cessation of illegal conduct does not deprive a tribunal of the power to hear and determine the case). Further, a mootness defense is legally deficient where, as here, there is an existing controversy over the legality of the challenged practices. *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 87 Wash. 2d 298, 312, 553 P.2d 423 (1976). Otherwise, "a defendant may resume the prior illegal practices. Most courts refuse to grant defendants such a powerful weapon against public

---

[1] While Allure makes much ado about the timing of this motion and suggests that it is premature, *see* Dkt. #15 at p.4, it ignores the 21-day deadline for moving to strike under Rule 12(f). The State filed this motion within 21 days of the Answer as required by the rule. *See* Fed. R. Civ. P. 12(f)(2). All of the cases the State cites where courts struck defenses at the pleading stage under Rule 12(f) involved motions to strike like this one brought at the outset of the case under the same 21-day deadline.

[2] *See* Dkt. #15 at p.1 (claiming practices were "voluntarily stopped"), p.2 (claiming "relatively trivial practices . . . were voluntarily discontinued") & p.8 (claiming "the conduct for which the [AGO] seeks injunctive relief [has] ceased").

1   law enforcement." *Id.* Thus, the State's request for injunctive relief to prevent Allure's future

2   misconduct may be mooted only if Allure shows that "events make it absolutely clear the alleged

3   wrongful behavior could not reasonably be expected to recur." *Id.* Here, there is nothing to stop

4   Allure from resuming—or continuing—the wrongful practices alleged in the Complaint,

5   including the systematic suppression of negative patient reviews by using illegal NDAs,

6   deceptive use of fake online personas to create fake positive reviews, and digital alteration of

7   photographs to deceive consumers. Indeed, Allure *denies* that these practices violate the CRFA,

8   HIPAA, and the CPA. *See* Answer, Dkt. #10 (denying all claims). Thus, even assuming

9   *arguendo* the truth of Allure's self-serving assertion that it has changed practices, adjudication

10  remains necessary to obtain effective prospective and retrospective relief, including declaratory

11  and injunctive relief, consumer restitution, civil penalties, and attorney's fees and costs.

12          **B.      Due Process (Affirmative Defenses 25, 26 & 27)**

13          It is not unconstitutionally duplicative to seek financial redress from, or penalties against,

14  a defendant under multiple statutes (*e.g.*, both the CPA and HIPAA) for the same pattern of

15  illegal activity (*e.g.*, where the same NDA violates both statutes). *See* Dkt. #11 at pp.9-10. Allure

16  has provided no legal argument to support its twenty-fifth affirmative defense, *see* Dkt. #15 at

17  pp.11-12, tacitly conceding it should be stricken. *See City of Seattle v. Levesque*,

18  12 Wash. App. 2d 687, 697, 460 P.3d 205 (2020) ("Where no authorities are cited in support of

19  a proposition, the court is not required to search out authorities, but may assume that counsel,

20  after diligent search, has found none.") (citation omitted).

21          Allure also fails to support its twenty-seventh defense, which alleges that the State's

22  claims violate Due Process because it "failed to permit Defendants an opportunity to address

23  Plaintiff's accusations prior to filing and publicizing an investigation and lawsuit." Dkt. #10 at

24  p.28. Allure has no Due Process right to receive prior notice of the State's investigative

25  conclusions before an enforcement action is filed, *see* Dkt. #11 at p.9, and they have offered no

26  supporting authority for this defense. *See* Dkt. #15 at p.11. This judicial proceeding will provide

REPLY IN SUPPORT OF MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES
AND DAMAGES REQUEST UNDER § 1983
(NO. 2:22-cv-01835-RSM) - 3

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   Allure a full and fair opportunity to respond to the State's evidence and to be heard in open court.

2       Finally, Allure makes no effort to defend its twenty-sixth affirmative defense, which

3   alleges that the State "failed to recuse an individual" who was a prior Allure patient "from the

4   AGO investigation team." Dkt. #10 at p.28. Even accepting the factual allegation as true, such

5   facts do not support a Due Process defense. It is not a conflict of interest for State personnel to

6   have prior experience with a target of a civil investigation—otherwise, the larger the entity or

7   the more widespread its services, the more immunity it would have from State CPA claims. *See*

8   Dkt. #11 at pp.9-11; *see also FTC v. Meta Platforms, Inc.*, No. 5:22-cv-04325 EJD,

9   2022 WL 16637996, at *7 (N.D. Cal. Nov. 2, 2022) (striking bias-related affirmative defenses

10  asserted in response to FTC claims); *FTC v. Facebook, Inc*., 581 F. Supp. 3d 34, 64

11  (D.D.C. 2022) (same). Allure can try to impeach the State's evidence, but attacking the State

12  employees who investigated its practices and gathered the evidence is not a defense.

13          **C.      Estoppel, Unclean Hands, and Laches (Affirmative Defenses 12, 13 & 16)**

14      Allure concedes that equitable defenses are generally unavailable against a government

15  agency in a civil action brought to enforce a public right or protect a public interest. *Compare*

16  Dkt. #11 at pp.5-7 (citing cases) *with* Dkt. #15 at pp.9-10. In the Ninth Circuit, equitable defenses

17  may be asserted against the government only in extraordinary cases involving "affirmative

18  misconduct." *United States v. Ruby Co*., 588 F.2d 697, 703 (9th Cir. 1978). Allure has not alleged

19  any State conduct "so outrageous that it rises to a constitutional level," as required by *Ruby*.

20  *See FTC v. Commerce Planet, Inc.*, No. CV 09-01324 CJC, 2010 WL 11673795, at *2-3

21  (C.D. Cal. July 6, 2010) (striking estoppel, laches, and unclean hands defenses, citing *Ruby*);

22  *FTC v. Consumer Defense, LLC*, No. C18-30 JCM, 2019 WL 266287, at *5 (D. Nev.

23  Jan. 18, 2019) (striking estoppel and laches defenses, citing *Ruby*).

24      In fact, Allure has not pled the elements of any of these defenses or any supporting facts.

25  For example, their Answer simply states "laches" and "unclean hands"—and nothing else.

26  *See* Dkt. #10 at p.27. As to laches, Allure entirely ignores Wash. Rev. Code § 4.16.160, which

REPLY IN SUPPORT OF MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES
AND DAMAGES REQUEST UNDER § 1983
(NO. 2:22-cv-01835-RSM) - 4

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    provides that "there shall be no limitation to actions brought in the name or for the benefit of the

2    state, and *no claim of right predicated upon the lapse of time shall ever be asserted against the*

3    *state*, including actions asserting a claim for civil penalties under RCW 19.86.140."

4        **D.      Wash. Rev. Code § 19.86.170 (Affirmative Defense 10)**

5        The Washington Medical Commission ("WMC") does not have statutory authority to

6    approve or specifically permit doctor advertising through its disciplinary process. Allure ignores

7    this fatal problem with its attempt to raise a Wash. Rev. Code § 19.86.170 defense, and the

8    defense should be stricken as a matter of law.

9        To succeed on a defense under Wash. Rev. Code § 19.86.170, Allure must prove that

10   (1) the regulator's activity was "authorized by statute" and (2) "*acting within this authority* the

11   agency took *overt affirmative action specifically to permit* the actions or transactions" at issue.

12   *In re Real Estate Brokerage Antitrust Litig.*, 95 Wash. 2d 297, 301, 622 P.2d 1185 (1980)

13   (emphasis added). "Mere non-action by a regulatory board or commission . . . does not amount

14   to specific permission." *Id.* In short, "the activity in question must be *expressly permitted* instead

15   of merely being not prohibited." *Walker v. Wenatchee Valley Truck & Auto Outlet, Inc.*,

16   155 Wash. App. 199, 211, 229 P.3d 871 (2010) (emphasis added).

17       Allure vaguely asserts that WMC provided it "guidance" by confirming it would not

18   investigate particular complaints of Allure's unprofessional conduct. Dkt. #15 at p.8. But a

19   licensing agency's decision not to investigate—especially based on the limited information

20   provided in a complaint and under the narrow WMC standard for unprofessional misconduct—

21   does not constitute an "overt affirmative action specifically to permit" Allure to alter photos,

22   threaten reviewers with litigation, or coerce patients into signing NDAs that violate state and

23   federal law.

24       Allure does not identify any WMC rule specifying permissible advertisements or any

25   action granting formal approval of Allure's specific practices. This is unsurprising, as the WMC

26   has no statutory authority to take such an overt affirmative act in the disciplinary process.

REPLY IN SUPPORT OF MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES
AND DAMAGES REQUEST UNDER § 1983
(NO. 2:22-cv-01835-RSM) - 5

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    *See* Wash. Rev. Code § 18.130. The WMC does not have authority to "approve" and

2    "specifically permit" licensee conduct through the disciplinary process.

3    *See State v. Tacoma-Pierce Cnty. Multiple Listing Serv.*, 95 Wash. 2d 280, 287,

4    622 P.2d 1190 (1980). The narrow statutory provisions authorize the WMC to initiate

5    investigations and disciplinary proceedings but do not authorize it to provide advisory opinions.

6    *See* Wash. Rev. Code § 18.130. Nor is there any basis under the statute for the WMC to offer

7    "guidance" to doctors specifically permitting them to engage in particular advertising and

8    marketing practices. *Id.* Allure's citation to *Jaramillo v. Morris*,

9    50 Wash. App. 822, 750 P.2d 1301 (1988), is wholly inapplicable as the issue there was primary

10   jurisdiction, a distinctly different legal doctrine.

11       **E.      Statute of Limitations (Affirmative Defense 14)**

12       Allure concedes the State's CPA and HIPAA claims are not barred by any statute of

13   limitations. While Allure does cite the CRFA's five-year statute of limitations for recovery of

14   *penalties*, 28 U.S.C. § 2462, the State does not seek CRFA *penalties* here. *See* Dkt. #11 at

15   pp.7-8 (discussing cases holding there is no statute of limitations for injunctive relief under the

16   CRFA). Allure contends that the State's CPA claim improperly seeks "to create a back-door

17   route around CRFA's statute of limitations" by sweeping in violations of the federal statute, Dkt.

18   #15 at p.11, but this is misplaced: where a CPA claim is predicated on violation of a federal

19   statute, the CPA's applicable statute of limitations governs. *Hoffman v. Transworld Systems*, 806

20   Fed. Appx. 549, 552 (9th Cir. 2020). Where the State asserts such CPA claims, no statute of

21   limitations applies. *State of Washington v. LG Electronics, Inc.*, 186 Wash. 2d 1, 12,

22   375 P.3d 636 (2016); Wash. Rev. Code § 4.16.160.

23       **F.      Waiver and Adequate Remedy at Law (Affirmative Defenses 15 & 24)**

24       Allure concedes these defenses should be stricken. *See* Dkt. #15 at pp.9 & 11.

25       **G.      Damages Request under § 1983**

26       Allure admits its damages request under 42 U.S.C. § 1983 is not tied to any claim or

REPLY IN SUPPORT OF MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES
AND DAMAGES REQUEST UNDER § 1983
(NO. 2:22-cv-01835-RSM) - 6

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  party to this case. Dkt. #15 at p.12. Instead, Allure argues that this untethered request places the

2  State "on notice" that it "reserve[s] the right" to assert a § 1983 claim in the future. *Id.* This is

3  inadequate. As this Court has explained, if later discovered evidence gives rise to a new claim,

4  the proper procedure is to move for leave to amend. *FTC v. Stefanchik*, No. C04-1852 RSM,

5  2004 WL 5495267, at *3 (W.D. Wash. Nov. 12, 2004).

6                                    **III.    CONCLUSION**

7          Allure's affirmative defenses and their damages request under § 1983 are improperly

8  pled and legally deficient, and should be stricken with prejudice. Striking baseless defenses is

9  appropriate at the pleading stage under Rule 12(f) to remove impertinent and immaterial matters,

10  streamline the issues in the case, and avoid unnecessary expenditure of judicial and party

11  resources. The State respectfully requests that the Court do so here.

12          DATED this 17th day of March, 2023.

13

14                                    ROBERT W. FERGUSON
                                       Attorney General

15

16                                    s/ *Matthew Geyman*
                                       MATTHEW GEYMAN, WSBA #17544
17                                    CAMILLE M. MCDORMAN, WSBA #53036
                                       ZORBA LESLIE, WSBA #58523
18                                    Assistant Attorneys General
                                       Attorneys for State of Washington
19                                    Attorney General's Office
                                       800 Fifth Avenue, Suite 2000
20                                    Seattle, WA 98104

21                                    *I certify that this memorandum contains 2,098*
                                       *words, in compliance with the Local Civil Rules.*
22

23

24

25

26

REPLY IN SUPPORT OF MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES
AND DAMAGES REQUEST UNDER § 1983
(NO. 2:22-cv-01835-RSM) - 7

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

## CERTIFICATE OF SERVICE

2        I certify under penalty of perjury under the laws of the State of Washington that I caused

3   a copy of the foregoing to be served on all counsel of record via the ECF system.

4        DATED this 17th day of March, 2023, at Seattle, Washington.

5                                         *s/ Matthew Geyman*
6                                         MATTHEW GEYMAN, WSBA #17544
                                          Assistant Attorney General

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY IN SUPPORT OF MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES
AND DAMAGES REQUEST UNDER § 1983
(NO. 2:22-cv-01835-RSM) - 8

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744