The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALDERWOOD SURGICAL CENTER, LLC, a Washington limited liability company; NORTHWEST NASAL SINUS CENTER P.S., a Washington professional service corporation; and JAVAD A. SAJAN, M.D.,<br><br>　　　　Defendants. | NO. 2:22-cv-01835-RSM<br><br>DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c)<br><br>NOTE ON MOTION CALENDAR: April 21, 2023<br><br>***ORAL ARGUMENT REQUESTED*** |

TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ 2
I. INTRODUCTION – A CHALLENGE TO THE WAG'S CFRA and HIPAA CLAIMS ....... 3
II. RELEVANT BACKGROUND .............................................................................................. 4
　A.　Dr. Javad Sajan Builds a Surgical Practice Focused on Gender-Affirming Surgical Practice and Service to Others. .............................................................................................. 4
　B.　Relevant Text of the CRFA. ............................................................................................ 4
　C.　The WAG Files a Complaint Alleging that Agreement Attached as Exhibit C to Its Complaint Violates the CRFA and HIPAA/HITECH. ............................................................ 5
III. ARGUMENT ........................................................................................................................ 6
　A.　Standard for Judgment on the Pleadings .......................................................................... 6
　B.　Exhibit C Does Not Prohibit Nor Restrict Protected Activity (i.e., Patient Reviews). .. 6

`DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C) - i

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 ▪ f. 206-749-0194

Case 2:22-cv-01835-RSM    Document 17    Filed 03/30/23    Page 2 of 13

    C.    Exhibit C Does Not Constitute a Violation of HIPAA or HITECH Because It Does Not Contain Language Predicating Treatment on the Release of Information. ..................... 10

IV. CONCLUSION ................................................................................................................ 10

TABLE OF AUTHORITIES

**Cases**

*Affiliated FM Ins. Co. v. Hill Phx. Inc.*,
   No. CV-22-00450-PHX-JJT, 2023 U.S. Dist. LEXIS 8704, at *4–5 (D. Ariz. Jan. 18, 2023)..3

*Glob. NAPs Cal., Inc. v. PUC of Cal.*,
   624 F.3d 1225, 1228–29 (9th Cir. 2010)……………………………………………………….6

*Greenwood v. CompuCredit Corp.*,
   615 F.3d 1204, 1212–13 (9th Cir. 2010)……………………………………………………….5

*Lahn & Simmons v. Matzen Woolen Mills*,
   147 Wn. 560, 564–65, 266 P. 697, 699 (1928)………………………………………………...6

*Lyon v. Chase Bank United States, N.A.*,
   656 F.3d 877, 883 (9th Cir. 2011)……………………………………………………………3

*Moss v. United States Secret Serv.*,
   572 F.3d 962, 969 (9th Cir. 2009)…………………………………………………………..6

*Owens v. Kaiser Found. Health Plan, Inc.*,
   244 F.3d 708, 713 (9th Cir. 2001)…………………………………………………………..3

*Pardee v. Jolly*,
   163 Wn.2d 558, 573, 182 P.3d 967, 975 (2008)……………………………………………6

*Saud v. Days*,
   50 F.4th 705, 709 (9th Cir. 2022)…………………………………………………………...3

*Tenn. ex rel. Skrmetti v. Ideal Horizon Benefits, LLC*,
   No. 3:23-CV-00046-DCLC-JEM, 2023 U.S. Dist. LEXIS 34118, at *14–17……………….4

**Statutes**

15 U.S.C. § 45b………………………………………………………………………………….2

15 U.S.C. § 45b(a)………………………………………………………………………………2

`DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C) - ii

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 ▪ f. 206-749-0194

15 U.S.C. § 45b(b)(1)……………………………………………………………………………….2

15 U.S.C. § 45b(b)(1), (c)………………………………………………………………………..4, 5

42 U.S.C. § 1320d-5(d)…………………………………………………………………………….3

45 C.F.R. § 164.508(b)(2)………………………………………………………………………….7

45 C.F.R. § 164.508(b)(4) ………………………………………………………………………3, 7

**<u>Rules</u>**

Fed R. Civ. P. 12(c)…………………………………………………………………………...2, 3

Fed. R. Civ. P. 10 & 12(d)…………………………………………………………………………3

`DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C) - iii

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 ▪ f. 206-749-0194

I. INTRODUCTION – A CHALLENGE TO THE WAG'S CFRA and HIPAA CLAIMS

This case involves a host of claims brought by the Washington Attorney General's Office ("the WAG") against Alderwood Surgical Center, LLC, Northwest Nasal Sinus Center P.S., and Javad A. Sajan, M.D. (collectively, the "Defendants"). This motion centers on two claims brought under the Consumer Review Fairness Act ("CRFA") and the Health Insurance Portability and Accountability Act ("HIPAA").

First, Defendants challenge the WAG's claim that Exhibit C to the Complaint, a patient agreement that was used from January 11, 2019, to March 24, 2022, violates the CRFA. Complaint ¶¶ 48–49. That claims fails because the plain text of the agreement (Exhibit C) nowhere "prohibits or restricts the ability of any individual … to engage in any covered communication."

Second, Defendants challenge the WAG's claim that Exhibit C violates HIPAA and the accompanying HITECH Act. Complaint Dkt #1 ¶¶ 166–67. That claim fails because the agreement does not predicate treatment on the patient signing an authorization for the release of protected health information ("PHI").

Both claims lack the factual and legal basis to sustain a claim for relief and are therefore fatally flawed. Because neither claim is legally supported, the Court should grant Defendants' motion and dismiss these claims with prejudice.

II. RELEVANT BACKGROUND

A.    Dr. Javad Sajan Builds a Surgical Practice Focused on Gender-Affirming Surgical Practice and Service to Others.

Dr. Javad Sajan is a Seattle-based cosmetic and reconstructive surgeon who has operated on thousands of patients over his career. A significant portion of these patients are persons seeking gender affirming care. Dr. Sajan is one of just five surgeons in the nation able to perform certain gender-affirming procedures.

`DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C) - 1

FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 ■ f. 206-749-0194

B.   Relevant Text of the CRFA.

Two provisions of the CRFA, 15 U.S.C. § 45b, are at issue in this motion. The first is the definitions section:

> (a) Definitions. In this section:
>
>> (2) **Covered communication**. The term "covered communication" means a written, oral, or pictorial review, performance assessment of, or other similar analysis of, including by electronic means, the goods, services, or conduct of a person by an individual who is party to a form contract with respect to which such person is also a party.

15 U.S.C. § 45b(a). The second portion of the statute at issue in this Motion is section (b)(1), which states, in pertinent part, when a form contract becomes void and unenforceable:

> (b) Invalidity of contracts that impede consumer reviews.
>
>> (1) **In general**. Except as provided in paragraphs (2) and (3), a provision of a form contract is void from the inception of such contract if such provision—
>>
>>> (A) prohibits or restricts the ability of an individual who is a party to the form contract to engage in a covered communication;
>>>
>>> (B) imposes a penalty or fee against an individual who is a party to the form contract for engaging in a covered communication;

15 U.S.C. § 45b(b)(1). Taken together, these provisions define when a contract provision is void from its inception under the CRFA (with some exceptions not at issue in this Motion).

C.   The WAG Files a Complaint Alleging that Agreement Attached as Exhibit C to Its Complaint Violates the CRFA and HIPAA/HITECH.

The WAG filed its Complaint on December 29, 2022, alleging that Defendants violated the CRFA, 15 U.S.C. § 54b. *See* Dkt # 1. Defendants dispute the allegations in the Complaint, but per Rule 12(c), the following alleged facts are deemed true for purposes of this Motion only:

The WAG alleges that Defendants used Exhibit C from January 11, 2019, to March 24, 2022. Dkt #1, p. 10, ¶ 48. According to the Complaint, Defendants required patients to sign the agreement before receiving services and without negotiating its terms. Dkt #1, p. 10, ¶ 49. The

`DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C) - 2

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 ▪ f. 206-749-0194

WAG alleges that Defendants' use of the form violated the CRFA, 15 U.S.C. § 54b,[1] *see* Dkt # 1, and the WAG contends that Defendants violated HIPAA "[b]y requiring patients to sign a form NDA during the intake process that conditioned treatment upon their purported prior authorization of disclosure of private patient health information," Dkt #1, p. 28, ¶ 166.

For the reasons explained below, even if all the foregoing allegations were true, as a matter of law Exhibit C does not violate the CRFA or HIPAA/HITECH, and those claims should be dismissed with prejudice.

### III.  ARGUMENT

#### A.  Standard for Judgment on the Pleadings

Rule 12(c) provides for judgment on the pleadings at any time, so long as it will not delay trial. *See* Fed. R. Civ. P. 12(c). For purposes of a 12(c) motion, the allegations in the complaint are viewed as true and in the light most favorable to the plaintiff. *See Saud v. Days*, 50 F.4th 705, 709 (9th Cir. 2022). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). This standard is "functionally identical" to the standard for a motion to dismiss. *See Lyon v. Chase Bank United States, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011).

Generally, a Rule 12(c) motion is limited to the pleadings, however, written instruments (such as contracts) attached to a complaint are properly considered as "a part of the pleading for all purposes." Fed. R. Civ. P. 10 & 12(d); *see also, e.g.*, *Affiliated FM Ins. Co. v. Hill Phx. Inc.*, No. CV-22-00450-PHX-JJT, 2023 U.S. Dist. LEXIS 8704, at *4–5 (D. Ariz. Jan. 18, 2023).

---

[1] The State also brings other claims under the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d-5(d) and 45 C.F.R. § 164.508(b)(4) ("HIPAA"), and the Washington Consumer Protection Act, Wash. Rev. Code § 19.86 ("CPA").  Dkt. #1.

`DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C) - 3

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 ■ f. 206-749-0194

1   In this case, the WAG attached to its pleading Exhibit C, which it alleges is the agreement
2   described in ¶¶ 48–49 of its Complaint. Thus, Exhibit C is a part of the Complaint for all purposes
3   and may be considered as part of this motion.

4   B.  Exhibit C Does Not Prohibit Nor Restrict Protected Activity (i.e., Patient Reviews).

5   Under the CRFA, provisions in form contracts that "prohibit or restrict," or "impose a
6   penalty" for, engaging in a "covered communication," i.e., a customer review are void. *See* 15
7   U.S.C. § 45b(b)(1), (c); *see also, e.g.*, *Tenn. ex rel. Skrmetti v. Ideal Horizon Benefits, LLC*, No.
8   3:23-CV-00046-DCLC-JEM, 2023 U.S. Dist. LEXIS 34118, at *14–17 (E.D. Tenn. Feb. 28,
9   2023) (discussing CRFA's definitions and ban on form contracts that prohibit or restrict customer
10  reviews). In this case, the WAG's claim that Exhibit C violates the CRFA fails because Exhibit C
11  does not have any terms that prohibit, restrict, or penalize posting a customer review.

12  The terms of Exhibit C are short and plainly stated. It reads, in full:

> We take great pride in our reputation for providing the highest levels of quality medical care to our patients. However, we realize there are times when some patients may not be satisfied with the outcome of their treatments. We also recognize that in these instances, a patient has every right to voice their opinion if they are dissatisfied with our service. We respect every patient's right to do so and we welcome the opportunity to correct any issue or concern that may arise.
>
> If I am concerned with the care or service provided to me, Alderwood Surgical Center (DBA Gallery of Cosmetic Surgery, Allure Esthetic, and Seattle Plastic Surgery) and _____ (Patient Name) agree to do the following:
>
> First, Patient agrees to call Alderwood Surgical Center at (206) 209-0988 or (425) 775-3561 and allow Dr. Javad Sajan or Dr. Craig Jonov, and any other person affiliated with Alderwood Surgical Center the opportunity to resolve the issue. I understand that calling Alderwood Surgical Center is a more effective means of reaching a resolution than posting negative reviews. I understand that this Agreement covers all forms of media including online review sites.

`DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C) - 4

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 ■ f. 206-749-0194

> Alderwood Surgical Center and its affiliates will make a good faith effort to resolve your concern and will communicate with you in a timely manner to expedite the process.
>
> I agree to work with Alderwood Surgical Center and its affiliates to correct the issue until a resolution is reached.
>
> If you have any questions regarding this form, please do not hesitate to ask your physician or their assistants.

Exhibit C to Complaint, Dkt #1.

Nothing in the language of this agreement can be fairly interpreted to prohibit or restrict protected activity under the CRFA. First, the agreement "recognize[s] that … a patient has every right to voice their opinion if they are dissatisfied with our service." Dkt #1, p. 42. The agreement acknowledges "every patient's right to" express their opinions." *Id.* The agreement then recites three promises: First, the patient agrees to call Alderwood "to resolve the issue" if dissatisfied with their care. Second, the agreement requires Alderwood to "make a good faith effort" to both resolve the patient's concern and to communicate in a timely manner. *Id.* Third, the patient agrees to work with Alderwood "to correct the issue until a resolution is reached." *Id.*

None of those promises includes any agreement about nondisclosure or non-disparagement. No other promises or terms are included in the agreement. Applying the words of the CRFA as written, Exhibit C does not violate the ban on clauses that prohibit, restrict, or penalize the posting of customer or patient reviews. *See* 15 U.S.C. § 45b(b)(1), (c).

Although the WAG will no doubt point to Exhibit C's title, "Mutual Nondisclosure Agreement," the title does not supplant the substance of the agreement's terms, which nowhere mention nondisclosure. "Headings and titles are not meant to take the place of the detailed provisions of the text." *Greenwood v. CompuCredit Corp.*, 615 F.3d 1204, 1212–13 (9th Cir. 2010). To the extent that the text and a heading conflict, "the heading of a section cannot limit the plain meaning of the text." *Id.*

`DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C) - 5

Fain Anderson VanDerhoef
Rosendahl O'Halloran Spillane, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  ■  f. 206-749-0194

Because this is an issue of contract interpretation, Washington law controls, since the agreement was drafted and entered into in Washington. *See Glob. NAPs Cal., Inc. v. PUC of Cal.*, 624 F.3d 1225, 1228–29 (9th Cir. 2010) (applying state law to interpret disputed meaning of contract terms in federal claim). Although the CRFA voids certain contractual provision in form contracts under specific circumstances, "the contracts themselves are creatures of state law." *Id.*

Applying Washington law to this case, the contract's substantive terms control, and not its title. *See Lahn & Simmons v. Matzen Woolen Mills*, 147 Wn. 560, 564–65, 266 P. 697, 699 (1928) (holding that title of an instrument "is not controlling"). "A contract's title is not determinative of its legal effect." *Pardee v. Jolly*, 163 Wn.2d 558, 573, 182 P.3d 967, 975 (2008). Instead, courts look to the substantive terms of the contract to determine its nature. *Pardee*, 163 Wn.2d at 574 (holding that contract was a hybrid lease despite its title as a contract to purchase).

No term of Exhibit C restricts or prohibits the posting or dissemination of any review of Defendants' services, whether positive or negative. There are no non-disclosure obligations and there are no non-disparagement obligations and nothing in the title changes that.

Although the Complaint alleges that Exhibit C "continued to restrict patients from posting negative reviews," that amounts to a bare assertion of an element of the claim and cannot meet *Twombly's* plausibility standard in the face of the plain language of Exhibit C, which the WAG attached to and incorporated into its Complaint. *See, e.g.*, *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (explaining that under *Twombly*, bare assertions and formulaic recitations of elements of a claim are not entitled to an assumption of truth). The WAG has put the words of Exhibit C at issue by incorporating it into the Complaint, and those words do not violate the CRFA.

By its terms, Exhibit C contains a promise to contact Defendants and give them an opportunity to resolve any negative issues. Nothing in the Agreement "prohibits or restricts"

`DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C) - 6

FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 ■ f. 206-749-0194

Case 2:22-cv-01835-RSM   Document 17   Filed 03/30/23   Page 10 of 13

posting a negative review (nor any other covered communication). At most, Exhibit C dismisses online reviews as a less effective "means of reaching a resolution." Dkt. #1, p. 42. The CRFA did not outlaw such a statement of opinion when it forbade agreements that prohibit or restrict customer reviews.

C. <u>Exhibit C Does Not Constitute a Violation of HIPAA or HITECH Because It Does Not Contain Language Predicating Treatment on the Release of Information.</u>

The WAG alleges in the Second Count of the Complaint that each and every "form NDA used during the intake process that conditioned treatment upon their purported prior authorization of disclosure of private patient health information" constitutes a violation of HIPAA. Dkt #1, ¶¶ 166–67. Under 45 C.F.R. § 164.508(b)(4) a covered entity may not condition the provision to an individual of treatment, payment, enrollment in the health plan, or eligibility for benefits on the provision of an authorization. If treatment is predicated on the authorization of disclosure, then under 45 C.F.R. § 164.508(b)(2) the authorization is invalid.

The agreement attached as Exhibit C does not include any language pertaining to the release of patient protected health information ("PHI") by Defendants. The agreement is plainly worded and is unambiguous. There is absolutely no language in the agreement that could even conceivably be considered an authorization for release of patient PHI. Accordingly, under HIPAA and HITECH these agreements, on their face, cannot and do not constitute an "authorization of disclosure" under the statute or regulations. Because this agreement is not in any way an authorization for the disclosure of PHI, Defendants cannot be said to have predicated treatment on the provision of an authorization through the use of this agreement. As such, with regard to Exhibit C, there has been no alleged HIPAA violation and all claims relating to this exhibit under HIPAA and HITECH should be dismissed as a matter of law.

IV. <u>CONCLUSION</u>

On its face, Exhibit C does not violate any provision of the CRFA because it nowhere restricts any covered communication. Under both Ninth Circuit precedent and Washington State

`DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C) - 7

FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 ■ f. 206-749-0194

1  law, the substantive terms of an agreement control. The WAG's claim that Exhibit C violates the

2  CRFA should be dismissed as a matter of law. Further, Exhibit C does not contain language

3  authorizing disclosure of PHI and therefore any claims under HIPAA and HITECH should be

4  dismissed as a matter of law.

6  DATED this 30th day of March, 2023.

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC

By: /s/Eron Z. Cannon
Eron Z. Cannon, WSBA #42706
Jesse C. Williams, #35543
Matthew C. Halldorson #51850
Kristen E. Lange, WSBA #54335
Attorneys for Defendants

701 Fifth Avenue, Suite 4750
Seattle, WA 98104
(206) 749-0094
*eron@favros.com*
*jesse@favros.com*
*matth@favros.com*
*kristen@favros.com*

Attorneys for Defendants Alderwood Surgical Center, LLC, a Washington limited liability company; Northwest Nasal Sinus Center P.S., a Washington professional service corporation; and Javad A. Sajan, M.D.

PERKINS COIE LLP
*Permission to sign received 3/24/2023*

By:/s/ Tiffany L. Lee
James Sanders, WSBA #24565
Tiffany L. Lee, WSBA #51979
Cara Wallace, WSBA #50111
Perkins Coie LLP
1201 Third Avenue, Suite 4900

`DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C) - 8

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 ■ f. 206-749-0194

Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
JSanders@perkinscoie.com
TiffanyLee@perkinscoie.com
CWallace@perkinscoie.com

Attorneys for Defendants Alderwood Surgical Center, LLC, a Washington limited liability company; Northwest Nasal Sinus Center P.S., a Washington professional service Corporation; and Javad A. Sajan, M.D.

`DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C) - 9

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 ■ f. 206-749-0194

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Counsel for Plaintiff*
Matthew Geyman
Camille McDorman
Zorba C Leslie
Attorney General's Office (Sea - Fifth Ave)
800 Fifth Avenue, STE 2000
Seattle, WA 98104-3188
Phone: (206) 389-3873
matt.geyman@atg.wa.gov
camille.mcdorman@atg.wa.gov
zorba.leslie@atg.wa.gov

Signed at Seattle, Washington this 30th day of March, 2023.

*/s/ Sydney M. McCrorie*
Sydney M. McCrorie, *Legal Assistant*

`DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C) - 10

Fain Anderson VanDerhoef
Rosendahl O'Halloran Spillane, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 ■ f. 206-749-0194