The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ALDERWOOD SURGICAL CENTER, LLC, a Washington limited liability company; NORTHWEST NASAL SINUS CENTER P.S., a Washington professional service corporation; and JAVAD A. SAJAN, M.D.,<br><br>　　　　　Defendants. | NO. 2:22-cv-01835-RSM<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c)<br><br>NOTE ON MOTION CALENDAR:<br>Friday April 21, 2023 |

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON
THE PLEADINGS UNDER FRCP 12(c) - i

Fain Anderson VanDerhoef
Rosendahl O'Halloran Spillane, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 • f. 206-749-0194

## TABLE OF AUTHORITIES

*Martin v. Smith*,
    192 Wn. App. 527, 536, 368 P.3d 227, 232 (2016)…………………………………………3

*McConnell v. Pickering Lumber Corp.*,
    217 F.2d 44, 47 (9th Cir. 1954)……………………………………………………………...3

*New Hampshire v. Maine*
    532 U.S. 742, 750-51, 121 S. Ct. 1808, 1815, 149 L.Ed.2d 968, 978 (2001)………………5

*Steigerwalt v. Terminix Int'l Co., Ltd. P'ship*,
    246 F. App'x 798, 802 n.2 (3d Cir. 2007)………………………………………………….3

*Taake v. Cty. of Monroe*,
    530 F.3d 538, 542 (7th Cir. 2008)………………………………………………………….3

*Westlands Water Dist. v. United States*,
    337 F.3d 1092, 1102-03 (9th Cir. 2003)……………………………………………………3

*Williams v. Boeing Co.*,
    517 F.3d 1120, 1134 (9th Cir. 2008)……………………………………………………….5

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON
THE PLEADINGS UNDER FRCP 12(c) - ii

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  •  f. 206-749-0194

I. <u>REPLY</u>

Nothing in Exhibit C, the lone agreement at issue in this motion (the "Agreement" or "Exhibit C"), prohibits or restricts a patient's right to post a negative review at any time. This is not reasonably in dispute. The Washington Attorney General's office ("WAG") cannot identify any language in the Agreement which prohibits or restricts any kind of review at any time—because there is none. Thus, the WAG is forced to resort to cutting and pasting language out of sequence, adding words that are not in the Agreement, and then falling back on the technique it used repeatedly in the complaint—misleadingly grouping the Agreement with two older agreements that have not been used since 2017 and 2018, respectively.

The WAG's textual argument is that the Agreement requires patients to "'first' call Allure … [and] 'work with' Allure 'until a resolution is reached,' ***before*** sharing a negative review." WAG Opp. p. 6:9–11 (original emphasis). There is a reason the WAG adds and emphasizes the word ***"before"*** when it purports to quote the Agreement. Because without that added word, the textual argument falls apart. Certainly, the Agreement obliges patients to contact Allure and to work with Allure if they are not happy. But nowhere does it say that these patients cannot also post a review—positive or negative—at any time they choose. The WAG can litigate the prior 2017 and 2018 agreements (Exhibits A and B of the Complaint), but the plain language of Exhibit C requires that Allure's motion be granted, and that the Court rule as a matter of law that Exhibit C does not prohibit or restrict patients from posting reviews.

A. <u>The Agreement does not violate the CRFA because it does not prohibit, restrict, or penalize for posting negative reviews.</u>

As outlined in Allure's moving papers, the Agreement contains no language prohibiting, restricting, or penalizing patients for posting negative reviews. Rather, the Agreement seeks to oblige the patient to contact Allure with concerns, informs the patient that if there is an issue, forthright communication between a patient and a provider is the most effective means of resolving

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON
THE PLEADINGS UNDER FRCP 12(c) - 1

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 • f. 206-749-0194

1    patient complaints, and that Allure welcomes "the opportunity to correct any issue or concern that
2    may arise."

3          The WAG tacitly acknowledges that the Agreement contains no penalties for patients who
4    post negative reviews. Further the WAG recognizes that the Agreement does nothing to prohibit
5    patients from posting negative reviews. The WAG's only argument is that the language of the
6    Agreement "restricts" patients from posting negative reviews by obliging patients to *first* contact
7    Allure.

8          The fact that patients are unrestricted and unprohibited from posting negative reviews is
9    further evidenced by the absence of any provision that creates an enforcement mechanism or
10   imposes a penalty on a patient who chooses to post a negative review. In many CRFA enforcement
11   actions brought by the Federal Trade Commission, the contracts at issue contained penalties for
12   consumers who failed to comply with provisions restricting online reviews. Here, not only are
13   there no penalties contemplated, but the Agreement contains no mention of any enforcement
14   mechanism whatsoever.

15         What the Agreement does is clearly state that Allure wants satisfied patients. Thus, the
16   Agreement provides patients with a contractual means for the patient to freely communicate any
17   concerns and, in turn, Allure commits to work to address these concerns. Certainly, this may result
18   in more happy patients and in fewer negative reviews, but it does this by ensuring that patients are
19   satisfied, not by restraining their freedom to post reviews.

20         As nothing in the Agreement prohibits, restricts, or penalizes patients for posting negative
21   reviews, the Court should grant Allure' motion and dismiss the WAG's claim that the Agreement
22   violates the CRFA.

23   B.     "Before" does not appear anywhere in the Agreement.

24         The WAG's primary argument hinges on the word "before," a word that does not appear
25   anywhere in the Agreement. According to the WAG, the Agreement "requires patients to 'first'

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON
THE PLEADINGS UNDER FRCP 12(c) - 2

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 • f. 206-749-0194

call Allure [and …] 'work with' Allure 'until a resolution is reached,' ***before*** sharing a negative review." WAG's Opp. p. 6:9–11 (original emphasis). The WAG italicized the word "before" for emphasis (and only that word), fittingly because "before" is the keystone of the WAG's argument. But the WAG did not place "before" in quotation marks, because "before," italics or no, never appears in the Agreement. The WAG merely concocts a requirement that patients must fulfill conditions "*before* sharing a negative review," which nowhere appears in the Agreement.

Both Washington and Ninth Circuit law forbid courts from adding words to a contract to change its meaning.[1] *See, e.g.*, *Westlands Water Dist. v. United States*, 337 F.3d 1092, 1102–03 (9th Cir. 2003) ("A court cannot, under the guise of construction, add words to a contract, which would impermissibly re-write that contract.") *citing McConnell v. Pickering Lumber Corp.*, 217 F.2d 44, 47 (9th Cir. 1954); *Martin v. Smith*, 192 Wn. App. 527, 536, 368 P.3d 227, 232 (2016) ("We know of no authority that permits us to add words to the agreements […] in the guise of this court construing these documents."). Yet Plaintiffs seek to have this Court add critical language to the contract, linking the patient's promise to contact Allure with new language, written by the WAG, requiring the patient to do so "*before* posting a negative review." In the Agreement, there is no requirement that the patient refrain from posting a negative review *before* reaching out to Alderwood Surgical Center. Because the WAG's argument rises and falls with that clause—which never appears in the contract—the WAG's claim that the Agreement violated the CRFA should be dismissed.

---

[1] The WAG used much of its Opposition to argue that federal law governs interpretation of the contract terms, not Washington law. *See* State's Opp. pp. 11–12. It is black letter law that contracts are a creature of state law, and thus interpretation of the contract terms is governed by state law. *See, e.g.*, *Glob. NAPs Cal., Inc. v. PUC of Cal.*, 624 F.3d 1225, 1228–29 (9th Cir. 2010) ("contracts themselves are creatures of state law"); *Taake v. Cty. of Monroe*, 530 F.3d 538, 542 (7th Cir. 2008) ("There is no general federal law of contracts after *Erie R.R. v. Tompkins* . . . ."); *Steigerwalt v. Terminix Int'l Co., Ltd. P'ship*, 246 F. App'x 798, 802 n.2 (3d Cir. 2007) ("contract law is a creature of state law"). The WAG offers no authority for its contrary position, except that the CRFA is a federal statute. *See* WAG's Opp. pp. 11–12. Everyone agrees interpretation of the *statute* is governed by federal law, but that is separate and apart from interpreting the contract. In any event, the WAG agrees with Allure that there is no difference between Washington law and Ninth Circuit law on the points relevant to this motion. *Compare* Motion pp. 5–6; WAG's Opp. pp. 11–12.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON
THE PLEADINGS UNDER FRCP 12(c) - 3

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

C.    <u>"First" denotes the first of three mutual promises, none of which restrict or gag patient reviews.</u>

The WAG next argues that the word "first" in the Agreement implies that patients must contact Allure *prior to* posting any negative review. This argument simply misconstrues the language of the agreement. The paragraph beginning "first" precedes to other paragraphs. Misinterpreting the agreement, the WAG asserts that the "first" at the beginning of paragraph 1 restricts the patient from posting a negative review before contacting Allure. *See* WAG's Opp. p. 6. The WAG should not be allowed to invent an ambiguity where none exists. It is a common construction of contracts and other writing to introduce a sequence of like items with the word "first." In the Agreement, there are three short paragraphs indented from the rest of the text. Next to each of the three paragraphs is a line for initials to signify acknowledgment of the statement made in each paragraph. The first of those three paragraphs begins with the word "first." This means nothing more than it is the first of the three parts of the agreement.

The Agreement, which is set out in full in both parties' motion papers (the WAG's version with added italics on their preferred passages), does mention that negative reviews are a less effective option than working with Allure directly. But it also stresses that Allure "respect[s] every patient's right" to "voice their opinions if they are dissatisfied." Dkt # 1, Ex. C. Without question, Allure prefers positive reviews. All businesses do. But Allure's response to this was not to restrict or limit its patients' right or ability to post negative review. Instead, it simply sought to create the opportunity to immediately address any patient concerns before they became issues. In short, more happy patients equals fewer negative reviews. But that is a far cry from including language that would restrict or prohibit a patient from posting a negative review, whether before, during or after any efforts by Allure to address their concerns.

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c) - 4

F<small>AIN</small> A<small>NDERSON</small> V<small>AN</small>D<small>ERHOEF</small>
R<small>OSENDAHL</small> O'H<small>ALLORAN</small> S<small>PILLANE</small>, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 • f. 206-749-0194

D.  "Until" modifies the phrase "work with," not the WAG's invented promise to refrain from posting reviews.

Similarly, the WAG misconstrues the Agreement's use of the word "until." "Until" as used in the Agreement modifies the patient's agreement "to work with Alderwood Surgical Center." Dkt # 1, Ex. C. The WAG's attempt to re-purpose "until" to apply to posting negative reviews is simply unmoored from the text. Nothing in the Agreement suggests that the sharing of reviews is conditioned on waiting "until a resolution is reached."

Because there is no prohibition or restriction on posting negative reviews in the Agreement, the word "until" simply refers to the patient's agreement to work with Allure until a resolution is reached. The word "until" has no relation to the WAG's argument that patients are restricted from posting negative reviews until such time as the parties have resolved any issues of patient concern.

E.  The WAG concedes that the Agreement does not violate HIPAA.

Finally, the WAG concedes in its Opposition that Exhibit C does not violate HIPAA. According to the WAG, its Complaint never intended to include any insinuation that the Agreement violated HIPAA and therefore the motion for judgment on that claim should be denied.

Allure has no objection to the WAG's concession that the Agreement does not violate HIPAA, so long as the WAG is not allowed to later assert that it really *does* have a HIPAA claim based upon the Agreement. Should the WAG later attempt to raise such a claim, it should be judicially estopped from doing so at trial. *See Williams v. Boeing Co.*, 517 F.3d 1120, 1134 (9th Cir. 2008); *see also New Hampshire v. Maine*, 532 U.S. 742, 750-51, 121 S. Ct. 1808, 1815, 149 L.Ed.2d 968, 978 (2001).

II. CONCLUSION

There is no prohibition, restriction, or penalty for posting negative reviews anywhere in the Agreement. And as the WAG's brief acknowledges, the CRFA was concerned with click-through and shrink-wrap terms that consumers would never see and yet be bound by. *See* WAG's

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c) - 5

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

1  Opp. p. 9:22-10:2. The Agreement is the antithesis of that concern about hidden clauses; it is a
2  one-page agreement that requires initials beside each term.
3        The motion for judgment on the pleadings should be granted, and the WAG's claim that
4  the Agreement violates the CRFA should be dismissed. Without the extra language that the WAG
5  misleadingly adds, ***nothing in the Agreement restricts or prohibits patients from posting reviews***.
6  And because the WAG concedes that the Agreement does not violate HIPAA, it should be barred
7  from asserting such a claim.
8        DATED this 21st day of April, 2023.

9        FAIN ANDERSON VANDERHOEF
10       ROSENDAHL O'HALLORAN SPILLANE, PLLC

11
12       By: /s/Eron Z. Cannon
         Eron Z. Cannon, WSBA #42706
         Jesse C. Williams, WSBA #35543
13          Matthew Halldorson, WSBA #51850
         Kristen Lange, WSBA #54335
14          Attorneys for Allure
         701 Fifth Avenue, Suite 4750
15          Seattle, WA 98104
16          (206) 749-0094
         eron@favros.com
17          jesse@favros.com
         matth@favros.com
18          kristen@favros.com

19          Attorneys for Alderwood Surgical Center, LLC,
20          a Washington limited liability company;
         Northwest Nasal Sinus Center P.S., a
21          Washington professional service corporation;
         and Javad A. Sajan, M.D.
22
      PERKINS COIE LLP
23       *Permission to sign received 4/21/2023*
24
      By:/s/James Sanders
25          James Sanders, WSBA #24565
         Tiffany L. Lee, WSBA #51979

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c) - 6

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

1
2
3
4
5
6
7
8
9

Cara Wallace, WSBA #50111
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
JSanders@perkinscoie.com
TiffanyLee@perkinscoie.com
CWallace@perkinscoie.com

Attorneys for Alderwood Surgical Center, LLC, a Washington limited liability company; Northwest Nasal Sinus Center P.S., a Washington professional service corporation; and Javad A. Sajan, M.D.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c) - 7

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  •  f. 206-749-0194

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Counsel for Plaintiff*
Matthew Geyman
Camille McDorman
Zorba C Leslie
Attorney General's Office (Sea - Fifth Ave)
800 Fifth Avenue, STE 2000
Seattle, WA 98104-3188
Phone: (206) 389-3873
matt.geyman@atg.wa.gov
camille.mcdorman@atg.wa.gov
zorba.leslie@atg.wa.gov

Signed at Seattle, Washington this 21st day of April, 2023.

*/s/Donna Steinmetz*
Donna Steinmetz, *Legal Assistant*

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c) - 8

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194