UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>ALDERWOOD SURGICAL CENTER, LLC, a Washington limited liability company; NORTHWEST NASAL SINUS CENTER P.S., a Washington professional service corporation; and JAVAD A. SAJAN, M.D.,<br><br>Defendants. | Case No. C22-1835RSM<br><br>ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff State of Washington's Motion to Strike Affirmative Defenses and Damages Request under Section 1983.  Dkt. #11.  Defendants Alderwood Surgical Center, LLC, Northwest Nasal Sinus Center P.S., and Javad A. Sajan, M.D. have filed an opposition.  Dkt. #15.  Neither party has requested oral argument.  As stated below, the Court GRANTS IN PART this Motion.

## II.   FACTUAL BACKGROUND

Unless stated otherwise, the following facts are drawn from the Complaint, Dkt. #1.

State and federal consumer protection laws prohibit businesses from unfairly or deceptively manipulating consumer reviews. For instance, the Consumer Review Fairness Act

ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES - 1

("CRFA"), 15 U.S.C. § 45b, prohibits the use of "gag clauses" in form contracts that prevent, restrict, or suppress truthful consumer reviews.

Defendant Allure Esthetic is a plastic and cosmetic surgery business with offices in Lynnwood, Kirkland, and Seattle. Allure Esthetic does business under several names, including Allure Esthetic, Alderwood Surgical Center, Gallery of Cosmetic Surgery, Seattle Plastic Surgery, Northwest Nasal Sinus Center, and Northwest Face & Body. Allure Esthetic is owned and controlled by Defendant Javad A. Sajan, M.D., a plastic surgeon who advertises online, including on Instagram, Facebook, YouTube, Snapchat, and other social media, as @realdrseattle or "Real Dr. Seattle."

The State of Washington alleges that Defendants "systematically suppressed negative patient reviews by requiring their patients, before they received services (and in some cases before even having a consultation), to sign a form nondisclosure agreement (the pre-service NDA) that purported to restrict the patient's right to post truthful information about their experience with Defendants' services." Dkt. #1 at 2.

This allegedly occurred from August 15, 2017, to March 24, 2022, where Defendants "required over 10,000 patients to sign these illegal NDAs…" *Id*. at 3. When patients posted negative reviews despite the pre-service NDA, Defendants contacted them and used the pre-service NDA—and the threat, or implied threat, of taking legal action to enforce it—to coerce them into taking down the negative reviews.

The Complaint includes specific allegations for different periods of time when different NDAs were implemented by Defendants. The State of Washington alleges that these NDAs violate the CRFA and the Washington Consumer Protection Act, RCW § 19.86.[1]

---

[1] The CRFA states that "a provision of a form contract is void from the inception of such contract if such provision . . . prohibits or restricts the ability of an individual who is a party to the form contract to engage in a covered

ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES - 2

In their Answer, Defendants plead 28 affirmative defenses, Dkt. #10 at 26–28, and ask the Court to "issue Defendants compensatory and punitive damages under 42 U.S.C. § 1983 for violation of Defendants' due process rights under the Fifth and Fifteenth [sic] Amendments and Section 3 of the Washington Constitution," *id.* at 29. Many of the affirmative defenses are pled in a bare-bones style without supporting facts. The third affirmative defense states "Plaintiff's claim is barred to the extent the claim or the relief sought is moot." *Id*. at 26. Defendants' tenth affirmative defense asserts, "[t]he alleged action or transaction is exempted under RCW 19.86.170." *Id.* at 27. Defendants' twelfth, thirteenth, fifteenth, and sixteenth affirmative defenses assert that the State's claims are barred by the equitable doctrines of estoppel, unclean hands, waiver, and laches. *Id*. Defendants' fourteenth affirmative defense states, "[t]his action is barred, in whole or in part, by the applicable statute of limitations." *Id*. The twenty-fourth affirmative defense asserts, "Plaintiff is not entitled to injunctive or other equitable relief because to the extent Plaintiff could prove its claims . . . Plaintiff has an adequate remedy at law and any injunctive relief would be improper." *Id*. at 28. The twenty-fifth, twenty-sixth, and twenty-seventh affirmative defenses assert that the State's claims are barred to the extent they violate Defendants' due process rights. *See id*.

### III.   DISCUSSION

a. **Legal Standard**

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of the rule "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). An

---

communication." 15 U.S.C. § 45b(b)(1). Offering a form contract with such a provision is unlawful under the Act. 15 U.S.C. § 45b(c). The statute grants state attorneys general the authority to bring enforcement actions on behalf of their residents to obtain "appropriate relief." 15 U.S.C. § 45b(e)(1).

ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES - 3

affirmative defense may be insufficient "as a matter of pleading or as a matter of law." *Seattlehaunts, LLC v. Thomas Family Farm, LLC*, No. C19-1937 JLR, 2020 WL 5500373, at *4 (W.D. Wash. Sept. 11, 2020).

An affirmative defense must be pled in such a way that plaintiffs have "fair notice" of the defense, which generally requires that defendants state the nature and grounds for the affirmative defense. *Employee Painters' Trust v. Pac. Nw. Contractors, Inc.*, 2013 WL 1774628, at *4 (W.D. Wash. Apr. 25, 2013). Although an affirmative defense is not required to meet the *Iqbal/Twombly* standard, it "must be supported by at least some facts indicating the grounds on which the defense is based." *Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020 WL 2063663, at *2 (W.D. Wash. Apr. 29, 2020).[2]

b. Analysis

The State first argues the mootness affirmative defense is unsupported factually and could not succeed "under any circumstances" because "[e]ven if… Defendants contend they ceased their illegal, unfair, and deceptive conduct after it was discovered, such cessation would not moot the State's claims because adjudication is necessary to obtain effective relief, namely, declaratory and injunctive relief, restitution, civil penalties, attorney's fees and costs." Dkt. #11 at 8 (citing *Bell v. City of Boise*, 709 F.3d 890, 898 (9th Cir. 2013); *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 312, 553 P.2d 423 (1976)). The Court agrees. Given the pleadings, the record as presented by the parties, and the Court's prior ruling on Defendants' Rule 12(c) Motion, *see* Dkt. #22, mootness is not an available defense.

Affirmative defense ten cites to RCW 19.86.170. This statute, referring to the Washington CPA, provides that "[n]othing in this chapter shall apply to transactions otherwise permitted, prohibited or regulated under laws administered by the insurance commissioner of

---

[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES - 4

this state, the Washington utilities and transportation commission, the federal power commission or actions or transactions permitted by any other regulatory body or officer acting under statutory authority of this state or the United States." RCW 19.86.170. The purpose of this exemption is to disallow suit under RCW 19.86 for conduct that is consistent with the specific guidance of other regulators in highly regulated areas, such as the practice of medicine. Defendants argue that "RCW 19.86.170 is a fact-specific inquiry into whether a State Agency had the authority to regulate a practice and whether the agency took 'overt affirmative action to specifically permit the actions . . . .'" and that this motion to strike is premature. Dkt. #15 at 14 (citing *In re Real Est. Brokerage Antitrust Litig.*, 95 Wn.2d at 300–01 (1980)). The Court agrees that striking would be improper and that the State has fair notice of this defense.

Defendants' twelfth, thirteenth, fifteenth, and sixteenth affirmative defenses assert the equitable doctrines of estoppel, unclean hands, waiver, and laches. In response to the instant Motion, Defendants withdraw their waiver defense. Dkt. #15 at 14. Defendants argue that they have provided ample notice to the State of the bases for their affirmative defenses of unclean hands and laches, stating (without citation):

> The WAG has engaged in numerous acts of affirmative misconduct sufficient to support the defenses of unclean hands and laches, such as allowing a disgruntled former patient to investigate the case for the WAG and the WAG continuously allowing this investigator to insert their own biases and experiences into the investigation. The WAG's prejudicial bias was further evident when a lead counsel for the WAG communicated to counsel for Defendants his personal belief that that doctors should not be allowed to advertise. This inherent and legally unfounded bias permeated its way into the pre-suit investigation of 1 ½ years. Defendants will prove that the WAG willfully disregarded these numerous conflicts of interest and the substantial bias to Defendants these conflicts caused. The WAG's permissive allowance of bias in its own investigation calls into question the adequacy of the due process Defendants have been afforded.

ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES - 5

*Id.* The Court finds that equitable defenses are generally unavailable against a government agency in a civil action brought to enforce a public right or protect a public interest, *see, e.g.*, *FTC v. Debt Solutions, Inc.*, No. C06-298 JLR, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006), and that they may be asserted against the government only in extraordinary cases involving "affirmative misconduct," *United States v. Ruby Co.*, 588 F.2d 697, 703 (9th Cir. 1978). Defendants have not pleaded the facts to support any of these defenses, nor demonstrated that they could in response to the instant Motion. Accordingly, these defenses are stricken. Leave to amend will be granted.

The statute of limitations defense is factually unsupported on page twenty-seven of the Answer. However, the pleading and briefing demonstrate that it is clear to everyone what is being alleged and when Defendants' actions allegedly occurred. The State concedes that certain claims are not being pursued and the parties appear to mostly agree as to the limitation periods of the remaining claims. The Court finds the State has fair notice of this defense and the Motion will therefore be denied. Further argument on this topic can be raised at a later stage.

In response to the instant Motion, Defendants have withdrawn their twenty-fourth affirmative defense and the Court will not discuss it.

Defendants' twenty-fifth, twenty-sixth, and twenty-seventh affirmative defenses plead the State: seeks "improper multiple damage awards, and damage awards duplicative of those sought in other actions" (twenty-fifth defense), "failed to recuse an individual with a clear conflict of interest from the AGO investigation team" (twenty-sixth defense), and "failed to permit Defendants an opportunity to address Plaintiff's accusations prior to filing and publicizing an investigation and lawsuit" (twenty-seventh defense), all in violation of "Due Process Guarantees under the Fifth and Fourteenth Amendment[s] of the United States

ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES - 6

Constitution" and "Section 3 of the Washington Constitution."  Dkt. #10 at 28.  The State argues that these defenses lack factual support and are legally baseless because "Defendants have no constitutional right to prior notice of the State's findings," because the State is entitled to seek separate penalties under multiple statutes for the same conduct, and because it would be "ludicrous" to assert that "a member of the AGO's investigation team [receiving] a single skincare treatment" could support a due process defense.  Dkt. #11 at 15.  In Response, Defendants recite the legal standard and state only:

> The WAG's actions have immediately threatened Defendants' right to practice their profession. Creating a quasi-administrative proceeding through their civil investigative demand ("CID") process, the WAG denied Defendants a fair opportunity to respond and be present. The WAG excluded Defendants from depositions and deprived Defendants fair notice of the allegations against them. The WAG elected to hold a highly publicized and inflammatory press conference designed to condemn Defendants in the court of public opinion. These actions have had a material impact on Defendants' ability to practice their profession and violate the Defendants' Fifth and Fourteenth Amendment rights to due process.

Dkt. #15 at 16–17. On reply, the State argues Defendants provide no legal argument to support the twenty-fifth affirmative defense or to counter the State's point that, as to the twenty-seventh defense, Defendants are not entitled to prior notice of the State's investigative conclusions before an action is filed.  Dkt. #16 at 3.  As to the twenty-sixth defense, the State argues:

> It is not a conflict of interest for State personnel to have prior experience with a target of a civil investigation—otherwise, the larger the entity or the more widespread its services, the more immunity it would have from State CPA claims. *See* Dkt. #11 at pp.9-11; *see also FTC v. Meta Platforms, Inc.*, No. 5:22-cv-04325 EJD, 2022 WL 16637996, at *7 (N.D. Cal. Nov. 2, 2022) (striking bias-related affirmative defenses asserted in response to FTC claims); *FTC v. Facebook, Inc.*, 581 F. Supp. 3d 34, 64 (D.D.C. 2022) (same).

ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES - 7

Dkt. #16 at 3–4.  The Court finds Defendants' briefing lacking and agrees with the State on all of its points.  Defendants have failed to provide fair notice of how due process was violated and have failed to demonstrate that they *could* plead facts to support these affirmative defenses.  These defenses are stricken with prejudice and without leave to amend.

Defendants' request in their Prayer for Relief that the Court "issue Defendants compensatory and punitive damages under 42 U.S.C. § 1983." Dkt. #10 at 29.  The State argues this is "utterly unfounded" because "no § 1983 claim can lie against the State." Dkt. #11 at 16 (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990)).  In response, Defendants admit they "do not assert this request for damages as an affirmative defense" and that they "are not, at this stage, asserting a counterclaim for a violation of the Defendants' civil rights pursuant to 42 U.S.C. § 1983." Dkt. #15 at 17.  This appears to be a "redundant, immaterial, impertinent, or scandalous matter" and therefore may be stricken under Rule 12(f).  Defendants cannot pursue a claim under § 1983 in this action without amending the pleadings.  This will be stricken.

## IV.   CONCLUSION

Having reviewed the relevant briefing and the record, the Court hereby finds and ORDERS that Plaintiff State of Washington's Motion to Strike Affirmative Defenses and Damages Request under Section 1983, Dkt. #11, is GRANTED IN PART AND DENIED IN PART as follows:

1) Affirmative Defense 3 is stricken with prejudice and without leave to amend;

2) The Motion is DENIED as to Affirmative Defense 10;

3) Affirmative Defenses 12, 13, and 16 are stricken with leave to amend;

4) Affirmative Defense 15 is stricken with prejudice and without leave to amend;

5) The Motion is DENIED as to Affirmative Defense 14;

ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES - 8

6) Affirmative Defense 24 is stricken with prejudice and without leave to amend;

7) Affirmative Defenses 25, 26, and 27 are stricken with prejudice and without leave to amend;

8) The request for damages under 42 U.S.C. § 1983 found in Defendants' Prayer for Relief is stricken with leave to amend.

Should Defendants wish to amend consistent with the leave granted above, they must do so within thirty (30) days of this Order.

DATED this 26th day of May, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE