# EXHIBIT B

**ASC002339-ASC002344**

## RELEASE, SETTLEMENT AND NON-DISCLOSURE AGREEMENT

This Release, Settlement and Non-Disclosure Agreement (the "**Agreement**") is entered into this ___[Redacted – PHI/PII]___ day of ___**Redacted – PHI/PII**___, 2018, by [Redacted – PHI/PII] (the "**Releasing Party**") and *Craig Jonov, M.D., D.M.D., Javad Sajan, M.D., Alderwood Surgical Center LLC, La Belle Center, Inc., The Gallery of Cosmetic Surgery PLLC, and any and all entities affiliated with or owned by La Belle Center, Inc., The Gallery of Cosmetic Surgery PLLC, and/or Alderwood Surgical Center LLC including, but not limited to, Seattle Plastic Surgery and Javad Sajan, M.D.* (the "**Parties Released**").

This Agreement is entered into by and among the parties in complete settlement of Releasing Party's claims and/or potential lawsuit respecting, resulting from, or arising out of any and all medical care, medical advice, office visit, treatment, injection, surgery, and/or diagnosis (the "**Confidential Matters**") occurring on or around [Redacted – PHI/PII] 2018 and [Redacted – PHI/PII] 2018. Accordingly, in consideration of payment of one thousand dollars ($1,000) by the Parties Released to the Releasing Party, receipt of which is acknowledged by the Releasing Party, the parties agree as follows:

1. **Release and Settlement Agreement**: Releasing Party, for herself, her assigns, dependents, heirs, children, executors, administrators and successors, hereby releases and forever discharges any and all claims she may have against the Parties Released, and/or any of their present, past and future parent companies, subsidiaries, divisions, affiliates, predecessors, successors, directors, officers, attorneys, agents, representatives, vendors, suppliers, servants, insurers, employees, distributors, sales representatives, and stockholders, and all persons, for any claim, demand, action, or cause of action, suits, proceedings, judgments, liens, or third-party lawsuits at law or in equity, in contract and/or tort for any costs and expenses (including, but not limited to, attorneys fees), losses, injuries, damages, punitive damages, and charges of any nature whatsoever, whether to person or property, whether direct, consequential, or incidental, whether known or unknown, suspected or unsuspected, fixed or contingent, whether filed or prosecuted that Releasing Party now has, claims to have had, or at any time heretofore may have, including, but not limited to, all physical, mental, emotional, or psychiatric injuries or impairments, and actions for wrongful death, and any claim for loss of consortium, society, care services, comfort and/or companionship, whether developed or undeveloped, resulting or to result, known or unknown, past, present, or future, respecting, resulting from, or arising out of any and all medical care, treatment and/or diagnosis provided by the parties released.

2. **No Admission of Liability**: The Releasing Party agrees and acknowledges that payment by the Parties Released of the consideration specified in this Agreement is a full and complete compromise for the disputed issues between the Releasing Party and the Parties Released respecting, resulting from or arising out of any and all medical care, medical advice, office visit, treatment, injection, surgery, and/or

Releasing Party Initial [Redacted – PHI/PII]

diagnosis. The Releasing Party further agrees that neither the payment of sums, nor statements made in connection with the negotiations for this Agreement by the Parties Released shall be construed as admissions of liability. To the contrary, the Parties Released deny any such liability and it is understood that the payment of sums is the compromise of a disputed claim made in the spirit of compromise and to avoid the costs of litigation.

3. **Good Faith**: It is agreed by and between the Releasing Party and the Parties Released that the sums specifically set forth in the first paragraph of this document are being paid in good faith to the Releasing Party by the Released Parties in consideration of the execution of this Agreement. This Agreement shall inure to the benefit of the Parties Released and shall bind the Releasing Party, her assigns, dependents, heirs and legal representatives.

4. **Non-Disclosure Agreement:** The Parties therefore agree for themselves, their agents, attorneys, successors, heirs, administrators, representatives and assigns, and all related or affiliated persons, that they shall not directly or indirectly disclose, divulge, communicate, display, publish, or reveal any Confidential Matters defined herein through any medium, either orally or in writing, including, but not limited to, electronic mail, television or radio, computer networks or Internet bulletin boards, blogs, social media or other internet platforms, including but not limited to Facebook, Instagram, LinkedIn, SnapChat, Yelp, Google, and Twitter, or any other form of communication to any third party whatsoever including but not limited to statements regarding Parties Released practice, physicians, employees, procedures, and any topic or experience related to the Confidential Matters defined herein. Releasing Party further agrees to remove and delete any and all information related to Confidential Matters defined herein posted on internet platforms (including but not limited to Facebook, Instagram, LinkIn, SnapChat, Yelp, Google, and Twitter), communicated, displayed, published or revealed prior to this Agreement. It is understood that the Releasing Party and her attorney may disclose the terms of this settlement, if necessary, to financial and tax advisors contacted by the Releasing Party and her attorneys without such contact constituting a violation of this Confidentiality Agreement. In the event that any such disclosure is necessary, any such financial or tax advisor shall be informed of the confidential nature of this Agreement, and shall be directed by the Releasing Party to maintain any information provided in strict confidence.

5. **Breach**: A breach of any of the terms set forth in Paragraph 4 above will cause Parties Released to incur substantial economic damages and losses of types and in amounts which are impossible to compute and ascertain with certainty as a basis for recovery by Parties Released of actual damages because Parties Released cannot know in advance the impact of breach on Parties Released reputation or business, nor can it readily ascertain what costs Parties Released will incur as a result. Accordingly, if Releasing Party breaches any of the terms set forth in Paragraph 4, Released Party shall

Releasing Party Initial [Redacted – PHI/PII]

pay Parties Released $250,000 or $10,000 per day that Released Party remains in Breach, which represents a fair, reasonable and appropriate estimate thereof. The Parties further stipulate that the agreed upon sum is not a penalty, but rather a reasonable measure of damages, based upon the parties' experience in the healthcare industry and given the nature of the losses that may result from breach.

Further, Releasing Party acknowledges that damages alone would not be an adequate remedy for the breach of any of the terms set forth in Paragraph 4. Accordingly, without prejudice to any other rights and remedies it may have, Releasing Party acknowledges and agrees that Parties Released shall be entitled to the granting of equitable relief (including without limitation injunctive relief) concerning any threatened or actual breach of any of the terms set forth in Paragraph 4 of this Agreement, without any requirement to post a bond or other security.

6. **Representation by the Releasing Party**: The Releasing Party states that she has carefully read this Agreement in its entirety, has had the opportunity to consult with counsel, and knows and understands the contents of this Agreement. The Releasing Party represents that she is not relying on the advice of the Parties Released or anyone associated with the Parties Released concerning the legal or tax consequences of this Agreement, nor is this Agreement contingent upon any favorable tax determination.

7. **Payment of Medical Expenses, Liens and Other Expenses**: It is understood and agreed that portions of the sums paid pursuant to this Agreement may be used by the Releasing Party to satisfy medical expenses, liens, or other expenses for which the Releasing Party may be legally liable. The Releasing Party agrees to defend, indemnify and hold harmless the Parties Released for injuries, damages, or expenses allegedly incurred, or to be incurred at any future time, by or on behalf of the Releasing Party respecting, resulting from, or arising out of any and all medical care, medical advice, treatment, injection, surgery, and/or diagnosis, and to indemnify the Parties Released for all costs and expenses related to defending such claims and liens, including attorney fees (such attorneys to be chosen by the Parties Released), whether or not the claims or liens or actions brought to enforce them are meritorious.

8. **Entire Agreement**: This Agreement contains the entire Agreement between the Releasing Party and the Parties Released, pertaining to the matters set forth and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each. The parties agree that this Agreement reflects the joint drafting efforts of all parties, each of whom had the right to be assisted by counsel. The parties agree that any alleged ambiguities in this Agreement shall not be construed against any party, and that this Agreement may not be amended except by a writing signed by all of the parties hereto. This Agreement constitutes the entire Agreement among the parties superseding any and all prior agreements and understandings. In particular, but without limitation, the parties

Releasing Party Initial [Redacted – PHI/PII]

intend that this Agreement supersedes and terminates all other negotiations and agreements that might be asserted by the parties.

9. **Governing Law**: The Agreement shall be construed and interpreted in accordance with the law of the State of Washington.

10. **Release of All Claims**: The Releasing Party agrees that this Agreement shall apply to all known or unknown damages and consequences flowing there from respecting, resulting from, or arising out of any and all medical care, medical advice, treatment, injection, surgery, and/or diagnosis, that this Agreement expresses a full and complete settlement of the liability claimed and denied, regardless of the adequacy of the above considerations; and that the acceptance of this Agreement shall not operate as an admission of liability, facts, or damages on the part of anyone.

> I HAVE COMPLETELY READ THIS FINAL AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY ACCEPT IT FOR THE PURPOSE OF FINAL RESOLUTION AND SETTLEMENT OF ANY AND ALL CLAIMS, DISPUTED OR OTHERWISE, FOR THE EXPRESS PURPOSE OF PRECLUDING FOREVER ANY OTHER CLAIMS ARISING OUT OF OR IN ANY WAY CONNECTED WITH THE INCIDENTS, INJURIES, OR DAMAGES ABOVE MENTIONED.
>
> I RECOGNIZE THAT THE FUTURE COURSE OF PRESENT INJURY OR OTHER DAMAGES CANNOT BE PREDICTED WITH CERTAINTY AND (1) ASSUME THE RISK THAT THE CLAIMED INJURIES OR DAMAGES MAY WORSEN IN THE FUTURE AND THAT NEW INJURIES OR DAMAGES MAY DEVELOP AND (2) ACKNOWLEDGE THAT INFORMATION REGARDING CLAIMS MADE IS SUFFICIENT TO ENTER INTO THIS FINAL AGREEMENT AND EXPRESSLY WAIVE ANY CLAIM THAT THIS RELEASE IS NOT FAIRLY AND KNOWINGLY MADE.

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the date set forth in the preamble.

Releasing Party Initial [Redacted – PHI/PII]

[Redacted – PHI/PII]

[Redacted – PHI/PII] -18
              Date

PARTIES RELEASED

*Gricelda Prado, COO, on behalf of Alderwood Surgery Center, and any and all affiliated entities*

[Redacted – PHI/PII] 18
              Date

STATE OF  WASHINGTON  )
                                  )  ss.
COUNTY OF  SNOHOMISH  )

    On this day personally appeared before me [Redacted – PHI/PII] to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this [Redacted – PHI/PII] day of [Redacted – PHI/PII], 20 18.

*Kimberley Morneau*
Kimberley Morneau
(print notary's name)
Notary Public in and for the State of
WASHINGTON.
My commission expires:
10/19/2021

**KIMBERLEY MORNEAU**
**NOTARY PUBLIC**
**STATE OF WASHINGTON**
My Commission Expires October 19, 2021

Releasing Party Initial [Redacted – PHI/PII]

**ALDERWOOD SURGICAL CENTER LLC**
**DBA ALLURE ESTHETIC**
3500 188TH ST SW STE 670
LYNNWOOD WA 98037-4782

Redacted – PHI/PII

19-2/1250 WA
98037

DATE   Redacted – PHI/PII   /18

PAY TO THE ORDER OF   Redacted – PHI/PII

$ 1,000 ⁰⁰/₁₀₀

One Thousand ⁰⁰/₁₀₀ ——————————— DOLLARS

**Bank of America**
ACH R/T 125000024

FOR _____

Redacted – PHI/PII

Payment in Consideration of Review Removal

-SP.