UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>ALDERWOOD SURGICAL CENTER, LLC, a Washington limited liability company; NORTHWEST NASAL SINUS CENTER P.S., a Washington professional service corporation; AND JAVAD A. SAJAN, M.D.,<br><br>Defendant. | NO. C22-1835-RSM<br><br>ORDER GRANTING STATE'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff State of Washington's Motion to Compel Discovery. Dkt #31. Defendants Alderwood Surgical Center, LLC, Northwest Nasal Sinus Center P.S., and Javad A. Sajan, M.D. (collectively "Allure Esthetic," or "Allure") oppose the Motion. Dkt. #37. For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

**I.   BACKGROUND**

On August 12, 2022, prior to this action, Plaintiff requested the following documents and communications with unredacted consumer names and email addresses: "(1) Defendants' internal emails and related emails and letters to and from consumers relating to negative reviews; and (2) the post-service NDAs that consumers signed which required them to remove negative

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL – 1

reviews and/or to refrain from posting negative reviews in the future." Dkt. #32-17 at 8. On August 18, 2022, Defendants rejected the request, explaining that it was not permitted under the Uniform Healthcare Information Act ("UHCIA") to produce Protected Health Information ("PHI") or healthcare information ("HCI") to a civil law enforcement agency, citing RCW 70.02.050(2). *Id* at 93-94. On December 29, 2022, Plaintiff filed suit against Defendants and held a press conference encouraging patients to come forward with information about their treatment. Dkt. #1.

On March 29, 2023, Plaintiff sent a notice of intent to subpoena Galderma Laboratories to obtain patient names and email addresses. Dkt. #38-1. On April 18, 2023, Defendants sent a letter objecting to the disclosure of PHI without authorization. Dkt. #32-17 at 105. On May 8, 2023, Defendants responded to Plaintiff's first discovery requests, stating they would not produce PHI without a protective order entered by the Court and a showing of good cause. Dkt. 31 at 9. On May 11, 2023, The Court entered a Protective Order in this case. Dkt. #21.

On June 22, 2023, Plaintiff sent another letter to Defendants, requesting the unredacted patient names and email addresses. Dkt. #32-17 at 2-6. On June 30, 2023, Defendants again responded, saying they are "still waiting for the State to demonstrate its compelling need for this discovery." Dkt. #32-18.

On September 7, 2023, Plaintiff filed this Motion to compel Defendants to produce consumer names and email addresses. Dkt. #31.

## II.   DISCUSSION

**A.  Legal Standard**

"The Federal Rules of Civil Procedure allow for broad discovery in civil actions." *Wilkerson v. Vollans Auto., Inc.*, No. 08-1501, 2009 WL 1373678, at *1 (W.D. Wash.

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL – 2

May 15, 2009). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

    **B. Plaintiff's Discovery Requests**

        **i.   Compelling Need and Good Cause**

Defendants argue that they need not produce the unredacted patient names and email addresses without a protective order by the court ***and*** a showing of good cause. Dkt. #31 at 8-9. As indicated above this Court has previously issued a Protective Order, thus the only remaining issue here is whether the Plaintiff has shown good cause. The Court believes it has.

Plaintiff contends that this Motion is limited in scope to only the names of patients who signed several hundred post-service NDAs, internal emails, and emails and letters to and from patients, and that Plaintiff does not seek medical treatment information. *See* Dkt. #32-17 at 1-3, 8-87, 96-103. Plaintiff also argues that consumer names and emails are essential to obtaining testimony as to whether the post-service NDA's are "form agreements" under the Consumer Review Fairness Act (CRFA). Since Defendants dispute this allegation, the names of these individuals will allow the State to find key witnesses to develop evidence for their claims. Dkt. #31.

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL – 3

The Defendants claim that these consumers already had the opportunity to speak with the Plaintiff following the public announcement of the case, and if they wished to speak to them they would have already done so. Dkt. #37. Plaintiff disagrees stating, "Allure's systemic use of NDAs created an environment where its patients believe they will face severe penalties for speaking the truth." Dkt. #42.

In class action contexts, Courts have determined that the compelling need for consumer names and email addresses, when protected by a protection order and after redacting any medical treatment information, outweighs the limited privacy intrusion. *See Washington v. Matheson Flight Extenders, Inc.*, No. C17-1925-JCC, 2019 WL 1957710, at *3 (W.D. Wash. May 2, 2019) (granting disclosure of employee documents in a disability discrimination lawsuit because the relevance outweighs any privacy concerns); *Mendis v. Schneider Nat'l Carriers Inc.*, No. C15-0144 JCC, 2016 WL 11261497, at *2 (W.D. Wash. May 11, 2016) (granting release of class member contact information for the purpose of interviewing and investigating claims, and thereby satisfying the class action requirements of Fed. R. Civ. P. 23.) The court finds these cases persuasive. Here, Plaintiff is trying to discover the scope of the injury caused by the Defendant. Plaintiff is specifically looking for the names and emails of these patients in order to determine the nature in which these post-NDAs were signed, and the subsequent email communications. Every patient's experience with the Defendant is unique, consequently the Plaintiff should be given the opportunity to question each patient in order to present its case, so long as those patients agree to speak with the Plaintiff.

The Court will apply a balancing test in Motions such as this, weighing the need for discovery against the privacy interest. Resolution of a privacy objection requires a balancing of the need for the particular information against the privacy right asserted. *Fryer v. Brown*, No.

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL – 4

045481, 2005 WL 1677940, at *6 (W.D.Wash. July 15, 2005) (citing *Perry v. State Farm Fire and Cas. Co.,* 734 F.2d 1141, 1147 (11th Cir.1984)). Here, Plaintiff has provided sufficient examples demonstrating the compelling nature of this evidence and its relevance. The State is seeking this information to safeguard the rights of these very individuals. Considering all the materials presented by both parties, the Court believes that State's use of the information to contact potentially injured consumers weighs in favor of compelling disclosure of their names and contact information.

        ii.    **HIPAA and UHCIA**

HIPAA typically prevents a covered entity from disclosing PHI without first providing the patient with notice and an opportunity to object to the disclosure. *See* 45 C.F.R. § 164.512. A covered entity may nevertheless disclose PHI without prior notice in discovery where a qualifying protective order is in place. *See, e.g.*, *Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 628 (D. Kan. 2014); *In re Nat'l Hockey League Players' Concussion Injury Litig*, 120 F. Supp. 3d 942, 953 (D. Minn. 2015); 45 C.F.R. § 164.512(e)(1)(ii)(B), (e)(1)(v). A protective order satisfies HIPAA's requirements if it (1) prohibits the parties from using or disclosing the PHI for any purpose other than the litigation for which the information was requested and (2) requires the return or destruction of the PHI at the conclusion of the litigation. 45 C.F.R. § 164.512(1)(e)(v); *In re Nat'l Hockey League*, 120 F. Supp. 3d at 953.

Washington's UHCIA allows for discovery of PHI in litigation, provided that the patient has notice and an opportunity to object to disclosure. *See* RCW 70.02.060(1). The UHCIA provides:

> Before service of a discovery request or compulsory process on a health care provider for health care information, an attorney shall provide advance notice to the health care provider and the patient ... through service of process or first-class mail, indicating the health care provider from whom the information is sought, what

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL – 5

health care information is sought, and the date by which a protective order must be obtained to prevent the health care provider from complying. Such date shall give the patient and the health care provider adequate time to seek a protective order, but in no event be less than fourteen days since the date of service or delivery to the patient and the health care provider of the foregoing. Thereafter the request for discovery or compulsory process shall be served on the health care provider.

*Id.* Thus, the UHCIA requires patient notice prior to disclosure in discovery, regardless of any court order compelling the discovery or protective order governing its use. *See Wright v. Jeckle*, 90 P.3d 65, 68-69 (Wash. Ct. App. 2004) (determining that class notice procedure that separated patients' identities from their healthcare information did not violate the UHCIA's notice requirement).

Here, since Washington state law is more stringent than HIPAA, the UHCIA preempts the federal procedure. *See* 45 C.F.R. §160.203(b). The Court expects the parties to comply with the above notice requirements prior to the disclosure of the consumer's names and email addresses.

**C. Defendants' Request for Sanctions**

The Court notes in its responsive brief Defendants highlight a single example of the unauthorized disclosure of a minor patient's PHI. The Court believes that the Protective Order in this case alleviates any privacy concern because the Order stipulates that any material labelled as confidential by the disclosing party cannot be used for purposes other than litigating this case and must be destroyed or returned to the disclosing party at the conclusion of this action. *See M.J. v. D.C.,* No. 118CV01901EGSGMH, 2020 WL 13668559, at *7 (D.D.C. July 1, 2020).

The Court respects Defendants' responsibility to safeguard the privacy interests of their patients. However, since the underlying litigation involves alleged violations of the CRFA and the Washington Consumer Protection Act (CPA), evidence suggesting the use of post-service NDAs and any communications with patients referring to those NDAs is extremely relevant.

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL – 6

Thus, the Court finds that the relevance of the information sought outweighs any privacy concerns and orders the Defendants to comply with Plaintiff's Motion. The parties are reminded to abide by the requirements outlined in the Protective Order.

### III.  CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to compel production of consumer names and emails is GRANTED.

Defendant is directed to provide a full and complete response to Plaintiff's request within 30 days of this order, and to comply with the requirements set forth in RCW 70.02.060(1).

DATED this 4th day of October, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL – 7