# EXHIBIT B

*Williams Center for Excellence*
*Edwin F. Williams III, M.D., F.A.C.S.*
*Medical Director*

## CONSENT AND MUTUAL AGREEMENT TO MAINTAIN PRIVACY

Dr Williams' and staff, assistants and the personnel at The Williams Center for Excellence and Williams Rejuva Centers agree to maintain Privacy of _____ (patient's name) as outlined in the HIPPA form. The Physician takes pride in being able to extend a greater degree of privacy than is required by HIPPA, state confidentiality mandates, and common law.

Williams Center for Excellence to use and disclose my patient health information for treatment, payment and healthcare operations as permitted under the Privacy Regulations of H.I.P.A.A. For detailed information about our privacy practices, please refer to the privacy notice issued to you and/or review the notice posted near the receptionist's desk.

I have received a copy of Dr. Williams' Privacy Practice Notice. You may request an additional copy at any time.

You have the right to request restrictions on the uses and disclosures of your patient information. However, we are not required to agree to the patients' request. If we do agree to the request, the restriction is binding.

You have the right to revoke the consent and authorization in writing.

Federal and State privacy laws are complex. Unfortunately, some medical offices try to find loopholes around these laws. For example, HIPPA forbids physicians from receiving money for selling lists of patients or protected health information to companies to market their products or services directly to patients without authorization. Some medical practices, though, can lawfully circumvent this limitation by having a third party perform the marketing. While personal data is never technically in the possession of the company selling its products or services, the patient can still be targeted with unwanted marketing information. Physician believes this is improper and may not be in his patients' best interest. Accordingly, Physician agrees not to be paid for selling patient lists or protected health information to any party for the purpose of marketing directly to his patient's. Regardless of legal privacy loopholes, Physician will never attempt to leverage his relationship with Patient by seeking Patient's consent for marketing products for others.

In consideration for treatment and the above noted patient protection, Patient agrees to refrain from directly or indirectly from publishing or airing commentary upon Physician and his practice, expertise and/or treatment. Physician has invested significant financial and marketing resources in developing his practice. Published comments on web pages, blogs, and/or mass correspondence could severely damage Physician's practice. Physician has the right to equitable relief to prevent the initiation or continuation of publishing or airing of commentary upon his practice, expertise and/or treatment.



| DEPARTMENT OF HEALTH & HUMAN SERVICES | OFFICE OF THE SECRETARY |
|---|---|
| Voice - (212) 264-3313, (800) 368-1019<br>TDD - (212) 264-2355, (800) 537-7697<br>(FAX) - (212) 264-3039<br>http://www.hhs.gov/ocr/ | Office for Civil Rights, Region II<br>Jacob Javits Federal Building<br>26 Federal Plaza, Suite 3312<br>New York, NY 10278 |

NOV 1 0 2008

Ms. Susan Sullivan
Privacy Officer
Williams Center for Excellence
1072 Troy-Schenectady Road
Latham, New York 12110

Our Reference number: 08-74013

Dear Ms. Sullivan:

As you know, the Department of Health and Human Services (HHS), Office for Civil Rights (OCR) received a complaint on October 15, 2007, alleging that the Williams Center for Excellence is not in compliance with the Federal Standards for Privacy of Individually Identifiable Health Information (45 C.F.R. Parts 160 and 164, Subparts A and E, the Privacy Rule). OCR received your response to our data request letter and determined that your Mutual Agreement to Maintain Privacy form and Notice of Privacy Practices do not comport with the Privacy Rule.

Please provide our office the following additional information within **ten (10)** days of the receipt of this letter:

1. A copy of a revised 'Consent and Mutual Agreement to Maintain Privacy' form that complies with the Privacy Rule. If the form is discontinued, please indicate the date of discontinuation and if another form is being used, please submit a copy of it to OCR.

2. A HIPAA compliant Notice of Privacy Practices.

Our authority to collect information and ascertain a covered entity's compliance is found at 45 C.F.R. §§ 160.300 - 160.316. These provisions give OCR specific authority to investigate complaints and conduct compliance reviews. Covered entities must cooperate with OCR during a complaint investigation (45 C.F.R § 160.310(b)) and permit OCR access to its facilities, records and other information during normal business hours or at any time, without notice, if exigent circumstances exist (42 C.F.R. § 160.310(c)).

Under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. In the event OCR receives such a request, we will seek to

protect, to the extent provided by law, personal information, which if released, would constitute an unwarranted invasion of privacy.

Thank you for your cooperation. If you have any questions, please contact Ralph Balsamo, the investigator assigned to this case, at (212) 264-3313, or (800) 368-1019.

Sincerely,

Michael R. Carter,
Regional Manager