# EXHIBIT D

**BENNETT BIGELOW & LEEDOM, P.S.**

LAW OFFICES

Amy M. Magnano
Attorney/Director
amagnano@bbllaw.com

June 1, 2022

**Via Electronic Mail (rick.glein@wmc.wa.gov)**

Mr. Rick Glein, JD
Director of Legal Services
Washington Medical Commission
P.O. Box 47866
Olympia, WA 98504-7866

Re: Aesthetic Eye Associates WMC Complaint

Dear Mr. Glein:

I represent Dr. Javad Sajan, and I have received a copy of the attached complaint letter submitted against him to the Washington Medical Commission by attorneys for Aesthetic Eye Associates, P.S. ("Eye Associates" or "AEA"), on May 19, 2022. In that complaint letter, counsel for Eye Associates has alleged that Dr. Sajan, by operating an office in Kirkland as part of his broader d/b/a, Allure Esthetic, is in violation of RCW 18.130.180(3), which defines as unprofessional conduct all advertising that is false, fraudulent, or misleading.

I would urge the Commission to decline to open an investigation into this matter, as I strongly believe it's a waste of the Commission's resources. First, it has been my professional experience that investigations under .180(3) typically target providers who falsely advertise or promote medical therapies or procedures with no known efficacy, or represent that they have licensure that they do not have. That is not this case here, and patient health and safety is not at issue. Second, and unfortunately, it would appear that Eye Associates' counsel is trying to inappropriately enlist the Medical Commission into a dispute that it has already chosen to litigate in another forum.

Because what Eye Associates' counsel did not share with the Commission is that Eye Associates has already targeted Dr. Sajan and Allure Esthetics by litigating this dispute over use the term ALLURE in another forum. On August 31, 2021, AEA filed a Petition to Cancel in the United States Trademark Trial and Appeal Board (TTAB), seeking cancellation of two ALLURE trademarks owned by Dr. Sajan; Dr. Sajan has answered that Petition; the parties have conferred as required by the rules in that forum; and discovery is underway. The TTAB is an administrative tribunal of the United States Patent and Trademark Office and is empowered to determine trademark disputes. You can learn more about the TTAB here (https://www.uspto.gov/trademarks/ttab) and find the docket for the parties' ongoing dispute here (https://ttabvue.uspto.gov/ttabvue/v?pno=92078018&pty=CAN). Generally-speaking, the

Page 2

ongoing discovery process is governed by the Federal Rules of Civil Procedure and is exploring, among other things, the parties respective rights to the ALLURE mark and the allegations of consumer confusion. Interrogatories have been propounded and answered; documents have been produced; and depositions have been noticed. The TTAB is the appropriate forum to resolve this business dispute related to the parties' intellectual property rights. Again, Eye Associates chose the TTAB first; the TTAB is a highly-specialized, administrative forum, focusing exclusively on resolving trademark disputes; and the parties are actively engaged in the TTAB's fulsome litigation processes.

I wanted to share this information at the outset, to prevent the Commission from wasting resources on an investigation of an issue that is actively being litigated in another forum, which could create conflicting treatment by two separate agencies, is not the appropriate subject of a RCW 18.130.180(3) complaint, and where there is no patient safety issue. If you could share this with the appropriate members of the Commission or Case Management Team, I would greatly appreciate it.

Very truly yours,

BENNETT BIGELOW & LEEDOM, P.S.

Amy M. Magnano

AMM/klc
Enclosure