UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>  Plaintiff,<br><br>  v.<br><br>ALDERWOOD SURGICAL CENTER, LLC, a Washington limited liability company; NORTHWEST NASAL SINUS CENTER P.S., a Washington professional service corporation; AND JAVAD A. SAJAN, M.D.,<br><br>  Defendants. | CASE NO. C22-1835-RSM<br><br>ORDER GRANTING IN PART MOTION TO AMEND CASE SCHEDULE |

This matter comes before the Court on Defendants' "Unopposed Motion to Amend the Case Schedule," Dkt #69. The Motion is, in fact, opposed. Dkt. #72. Defendants move to continue trial by three months to account for a change in lead defense counsel and to process what they believe to be significant outstanding discovery obligations. The Motion then states, "the extension will permit Defendants to move to amend its answer to include counterclaims and replead defenses as contemplated in the Court's May 26, 2023, Order." *Id*. at 4.

Plaintiff is fine with continuing trial but opposes any effort by Defendants to add counterclaims this late in the case. Dkt. #72. Plaintiff points to emails where defense counsel essentially tried to hoodwink Plaintiff's counsel into not opposing this Motion by failing to mention anything about counterclaims. *Id*. at 2 (citing Dkt. #73). The deception is obvious: defense counsel only mentions extending deadlines to handle discovery, does not mention counterclaims, and Plaintiff's counsel responds that "the State will not oppose Defendants' motion for a three-month extension of the case schedule, provided that the adjustments are

ORDER GRANTING IN PART MOTION TO AMEND CASE SCHEDULE – 1

prospective only and do not affect past case deadlines." Dkt. #73-1 at 2. Two days later Defendants filed the instant Motion as "unopposed" seeking a quick order from the Court permitting amendment to add counterclaims. But the deadline to amend pleadings passed on April 7, 2023. *See* Dkt. #14. The continuation of a trial date does not affect expired deadlines. The Court's May 26 Order granted leave to amend certain affirmative defenses only, not to file counterclaims, and that leave expired at the end of June. *See* Dkt. #25.

This is not a good look for defense counsel, whose conduct is already the subject of a pending Motion for Sanctions, Dkt. #58. The Court expects better.

Defendants have failed to show any legal basis or good cause to amend the scheduling order to permit the filing of counterclaims or to replead defenses at this stage. Defendants already filed an amended Answer in response to the Court's May 26, 2023, Order. Dkt. #30.

The Court finds good cause has been established to continue trial for three months and will issue a new scheduling order extending all deadlines that have not already passed. Plaintiff's proposal of a September 9, 2024, trial date makes sense and works for the Court.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Amend the Case Schedule, Dkt #69, is GRANTED IN PART. Trial is continued to September 9, 2024. The Court DIRECTS the clerk to issue a new scheduling order resetting all non-expired deadlines in this case consistent with the new trial date.

DATED this 6th day of December, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART MOTION TO AMEND CASE SCHEDULE – 2