UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>ALDERWOOD SURGICAL CENTER, LLC, a Washington limited liability company; NORTHWEST NASAL SINUS CENTER P.S., a Washington professional service corporation; AND JAVAD A. SAJAN, M.D.,<br><br>Defendants. | CASE NO. C22-1835-RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS |

This matter comes before the Court on Plaintiff State of Washington's "Motion for Fees and Costs for Defendants' Failure to Comply with the Court's Discovery Order." Dkt #58. Defendants Alderwood Surgical Center, LLC, Northwest Nasal Sinus Center P.S., and Javad A. Sajan, M.D. (collectively "Allure Esthetic," or "Allure") oppose this Motion. Dkt. #61.  Having reviewed the submissions of the parties, the Court GRANTS the Motion.

I.      BACKGROUND

On October 4, 2023, this Court granted Plaintiff's Motion to Compel and ordered Defendants to produce the requested documents and information. Dkt. #48. The Court also ordered the parties to comply with the notice requirements of the UHCIA, which state:

> (1) Before service of a discovery request or compulsory process on a health care provider for health care information, an attorney shall provide advance notice to the

ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS – 1

> health care provider and the patient or the patient's attorney involved through service of process or first-class mail, indicating the health care provider from whom the information is sought, what health care information is sought, and the date by which a protective order must be obtained to prevent the health care provider from complying. Such date shall give the patient and the health care provider adequate time to seek a protective order, but in no event be less than fourteen days since the date of service or delivery to the patient and the health care provider of the foregoing. Thereafter the request for discovery or compulsory process shall be served on the health care provider.

RCW 70.02.060(1). The Court's exact language was: "[t]he Court expects the parties to comply with the above notice requirements prior to the disclosure of the consumer's names and email addresses." Dkt. #48 at 6. Later the Order stated, "Defendant is directed to provide a full and complete response to Plaintiff's request within 30 days of this order, and to comply with the requirements set forth in RCW 70.02.060(1)." *Id*. at 7.

On October 12, 2023, Allure, not the State of Washington, sent notices to 129 patients via certified first-class mail. Dkt. #63 at ¶ 5 and Exhibit A. On October 19, 2023, Allure sent a copy of the notice via secured email to an additional 30 patients whose addresses could not be found when the initial Notice was sent. *Id.*

On October 18, 2023, the State told Allure that the notice contained statements that were "grossly misleading and obviously intended to discourage former patients from providing evidence to the state," and demanded Allure send a corrective notice to the same patients within five calendar days. Dkt. #59-7.

On October 26, 2023, a telephonic hearing was held. Dkt. #53. The Court found that Allure's notice was misleading and directed counsel to immediately confer and prepare a corrected notice to be sent to patients. *See* Dkt. #59-8. On October 27, 2023, Allure sent out a corrective notice by email, and paper copies were sent out by first class mail on October 28, 2023. Dkt. #62 at ¶7. On November 2, 2023, the State filed the instant Motion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS – 2

## II.   DISCUSSION

### A. Legal Standard

Pursuant to Rule 37(b)(2), if a party fails to comply with a court order regarding discovery:

> the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

A trial court has wide discretion in fixing the reasonable value of legal services and its determination as to a reasonable fee will not be disturbed unless it constitutes an abuse of discretion. *See, e.g., Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir.1995) (holding that "it is for the district court in the first instance to calculate an appropriate award of [attorneys'] fees"); *see also Weeks v. Southern Bell Tel. & Tel. Co.*, 467 F.2d 95, 97 (5th Cir.1972) (finding that the determination of a reasonable attorneys' fee is left to the sound discretion of the trial judge).

### B. Defendants' Failure to Comply was not Substantially Justified

Defendants argue they substantially complied with the Court Order and the UHCIA, therefore imposing sanctions would be fundamentally unjust and disproportionate. *See* Dkt. #61. Defendants contend that the original notice accurately alerted patients that the State had significant healthcare information in its possession that could be matched with personal identifiers. *Id.* The State argues that since the Defendants' Notice was misleading, the Defendants failed to comply with the Order. *See* Dkt. #58.

The Court already determined at the telephonic hearing that Allure's notice was misleading. The Court finds the following section deceptive:

ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS – 3

> "You have the right to prevent the release of your PHI to the State. In order to do so, you may mail your objection on or before October 30, 2023, to:
>
> > Alderwood Surgical Center
> > Attn: Erin O'Leary
> > 35000 188th St SW, #670
> > Lynnwood, WA 98037
>
> You may also email us before November 2, 2023, at:
>
> > Notice@AlderwoodSurgicalCenter.com
>
> . . .
>
> ***If you do not object, your name and contact information will be shared with the State and with that information, the State Attorneys may be able to identify other information about the medical treatment you received***. The State Attorneys may also try to contact and question you. It is your decision whether to speak with the State Attorneys regarding your experience(s) at Alderwood. The State Attorneys may only speak with you if you affirmatively agree to speak with them."

Dkt. #63 at 5–6 (emphasis in original). The State has provided evidence of at least three Allure patients who reported they were misled by the original notice. *See* Dkt. #59-4; Dkt. #59-5; and Dkt. #59-6. This notice goes well beyond "indicating the health care provider from whom the information is sought, what health care information is sought, and the date by which a protective order must be obtained to prevent the health care provider from complying." The notice improperly advises patients to communicate with defense counsel rather than seeking a protective order directly with the Court. Given all of this and considering the evidence presented by the State, whether the notice was in fact misleading is no longer up for debate.

The Court does not agree with Defendants that it ordered *Defendants* to send out the notice. The Court's Order requires the *parties* to comply with RCW 70.02.060(1), and later reiterates that Defendants are to comply with that statute. The statute says that the attorney serving the discovery request is to send out the notice.

ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS – 4

Defendants somehow blame the State for failing to provide notice in the first instance. It would be impossible for the State to send notices to patients from whom they are actively seeking names and addresses; this is why the Court ordered the parties to work together to comply with the UHCIA's notice requirement. Defendants claim they substantially complied with the Order, despite omitting several pieces of critical information pertinent to a patient's understanding of the matter. Information such as the case name, the nature of the case, and the existing protective order would have provided the patients with a clearer understanding of the scope of the inquiry and made them less susceptible to confusion. Had Defendants sought clarification from the Court regarding the inconsistency of the Order with the UHCIA, or collaborated with the State in drafting the notice, this situation could have been avoided altogether. Instead, Defendants unilaterally drafted and mailed a notice that contained language that would likely mislead the average patient. Given all of the above, the requested sanctions will be granted.

The Court notes that the State requests $16,200 for its fees and costs. Allure argues that the State has not been prejudiced but does not address the amount requested. The Court finds that an award of this amount is justified under the unique circumstances of this case.

### III. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Fees and Costs for Defendant's failure to comply with the Court's discovery Order is GRANTED. Defendant is directed to pay the state $16,200 for its fees and costs for bringing this Motion within thirty (30) days of the date of this order.

//

//

ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS – 5

DATED this 6th day of December, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE