1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 2:22-CV-01835-RSM |
| Plaintiff, | ORDER GRANTING IN PART TELEPHONIC MOTION TO WITHDRAW AS COUNSEL |
| v. | |
| ALDERWOOD SURGICAL CENTER, LLC, a Washington limited liability company; NORTHWEST NASAL SINUS CENTER P.S., a Washington professional service corporation; AND JAVAD A. SAJAN, M.D., | |
| Defendants. | |

This matter comes before the Court on counsel for Defendants Alderwood Surgical Center, LLC, Northwest Nasal Sinus Center P.S., and Javad A. Sajan, M.D.'s "Telephonic Motion to Withdraw as Counsel and Temporarily Stay the Case," Dkt. #102.   The Court has reviewed briefing from Defendants and from Plaintiff the State of Washington.  *See* Dkts. #102, #109, and #111.  Oral argument was on April 19, 2024.  Dkt. #114.

The procedural history of this case is important.  The original trial date was May 20, 2024.  Dkt. #14.  The Court continued trial three months at Defendants' request after their "primary litigation counsel," FAVROS Law, withdrew from the case.  Dkt. #69 at 2.  This seemed to

ORDER GRANTING IN PART TELEPHONIC MOTION TO WITHDRAW – 1

happen right when Plaintiff filed its *first* Motion for Sanctions related to discovery issues, which the Court eventually granted.  *See* Dkts. #58 and #75.

Now Allure's counsel from the Perkins Coie law firm seek to withdraw in response to Plaintiff's *second* Motion for Sanctions:

> Where, as here, the law firm expects to make efforts to exculpate itself with respect to assertions of failure to disclose discoverable information, such efforts will necessarily—if the Court finds a basis for any sanction—place emphasis on distinctions between counsel and client, thus putting the firm in the situation of an unwaivable conflict.

Dkt. #111 at 2.  Although defense counsel is understandably vague about the details, they do cite Washington's Rules of Professional Conduct ("RPC") 1.16(a).

The Court has had to connect the dots.  In a Motion the Court has yet to rule on, Plaintiff has accused Defendants and their counsel of "willful failure to produce…. Smoking gun documents…" Dkt. #96.  Plaintiff asks the Court to:

> (1) grant the State leave to allow its expert Paul A. Pavlou, Ph.D. to supplement his report in light of this newly-produced evidence, (2) order that the State's Requests for Admission on this topic shall be deemed admitted, (3) dismiss Allure's purported equitable defense of unclean hands with prejudice, (4) grant monetary sanctions against Allure and its counsel, jointly and severally, in an amount commensurate with the gravity of these discovery violations as determined by the Court, and (5) award the State all costs and fees for the multiple rounds of discovery and motion practice that Defendants' recalcitrance has required.

*Id*. at 3.  Plaintiff cites to Rule 26(g)(3) which permits sanctions against a party and/or its counsel. Plaintiff "requests that the Court impose a monetary sanction on Allure and its counsel, jointly and severally, in the amount of $100,000 or such other amount as determined by the Court, commensurate with the gravity of these violations."  *Id*. at 12.  At oral argument, defense counsel

indicated the strong possibility that they would have to point the finger at their client or defend themselves from their client doing the same.

At oral argument the Court heard from Defendants' in-house counsel who indicated she is attempting to promptly secure new litigation counsel but has been unsuccessful up to this point.

**A. Withdrawal**

An attorney seeking to withdraw from a case in a manner that will leave a party unrepresented must seek the court's leave to do so by filing a motion. *See* LCR 83.2(b)(1). Additionally, if withdrawal will leave a business entity unrepresented, counsel must certify that:

> [H]e or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

LCR 83.2(b)(4). "The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case…" LCR 83.2(b)(1).

Courts in the Western District of Washington consider four factors when ruling on a motion to withdrawal, "including (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Jinni Tech, Ltd. v. RED.com, Inc.*, No. C17-0217JLR, 2019 WL 2578591, *2 (W.D. Wash. June 24, 2019) (citing *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014)).

RPC 1.16 (a) states that "[e]xcept as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall, notwithstanding RCW 2.44.040, withdraw from the representation of a client if: (1) the representation will result in violation of

ORDER GRANTING IN PART TELEPHONIC MOTION TO WITHDRAW – 3

the Rules of Professional Conduct or other law (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or (3) the lawyer is discharged." RPC 1.16 (c) states, *inter alia*, that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."  RPC 1.16(d) states that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as… allowing time for employment of another legal practitioner…."

The Court has considered the limited record and tight-lipped arguments of defense counsel and concludes that adequate reasons for withdrawal have been presented and that necessary steps can be taken to reduce the prejudice to Plaintiff and to the administration of justice in this case, so long as Perkins Coie does not withdraw until new counsel is secured.

This is a close call.  Weighing against withdrawal is the notion that the Federal Rules of Civil Procedure contemplate discovery sanctions against parties *and* their counsel.  *See* Fed. R. Civ. P. 26(g)(3); Fed. R. Civ. P. 37(b)(2)(C).  The fact that counsel and their clients can both be on the hook for monetary sanctions, alone, should not create an "unwaivable conflict" or make withdrawal mandatory.  Here, the Court notes that Defendants will not need to respond to the Second Motion for Sanctions until April 29, 2024.  As the Court pointed out in the hearing, it could rule on the sanctions that relate to trial and reserve ruling on the monetary sanction until after trial.  Defense counsel have not yet been put on the spot to accuse their client of anything. This weighs against a request for emergency relief.  The Court also notes that the discovery cut off is less than sixty days away.  *See* LCR 83.2(b)(1).

On the other hand, it is clear from the record that counsel do not make this request lightly and come to this point after many discovery disputes have challenged or even weakened their

ORDER GRANTING IN PART TELEPHONIC MOTION TO WITHDRAW – 4

ability to follow the RPCs to varying degrees.  What has ultimately convinced the Court that withdrawal is warranted here is Plaintiff's merciful restraint at oral argument and willingness to agree to a short extension of deadlines to allow for the appointment of new counsel.

Since defense counsel cite RPC 1.16 in their request for this relief, the Court is mindful of RPC 1.16(c) and (d).  Together, they indicate that Perkins Coie should continue representation when ordered to do so by the Court, and that they should take reasonable steps to protect their clients' interests, including allowing time for new counsel to come onboard.

**B.  A Stay or Extension of Deadlines**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The decision to modify a scheduling order is within the broad discretion of the district court.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."  *Id*. at 609.  If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule.  *Id*.  "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance."  LCR 16(b)(6).  This rule will be "strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." LCR 16(m).  While prejudice to an opposing party may provide additional reasons for denying the motion, it is not required under Rule 16(b).  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Although "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline," LCR 7(j), a motion for relief should be granted where "good cause" exists.  *See*

*Allstate Indem. Co. v. Lindquist*, No. C20-1508JLR, 2022 WL 1443676, at *2 (W.D. Wash. May 6, 2022). When seeking an extension, the good cause standard primarily considers the diligence of the party seeking the extension. *Id.*; *see also Johnson*, 975 F.2d at 609 (9th Cir. 1992).

Defendants' request for a stay strikes the Court as a request to modify the Case Schedule or to extend response deadlines, and those turn on the question of diligence. Plaintiff's Second Motion for Sanctions was filed on April 12, 2024. It alleges sanctionable conduct over many years. At oral argument, the Court asked defense counsel when they first became aware of a potential conflict and why they could not have moved to withdraw earlier. Defense counsel responded that the nature of the conflict changed when Plaintiff's Motion was filed. If the Court accepts that proposition, counsel waited several days to urgently request a hearing before the Court in an attempt to delay a deadline *that day* to respond to a separate Motion for a Protective Order accusing Defendants of other improper discovery conduct. This does not reflect diligence. If the Court does not accept defense counsel's proposition, it appears they could have known about sanctionable conduct for weeks. The Court will not rule on the exact culpability of defense counsel as that is an issue best left for the separate Second Motion for Sanctions.

Given all of the above, the Court concludes that Defendants have failed to demonstrate good cause. However, at oral argument, Plaintiff agreed to extending the discovery cutoff by two weeks to allow for new counsel (and Defendants' existing in-house counsel) to get up to speed and to defend or take certain depositions that remain outstanding in this case. Plaintiff asked to keep the dispositive motion deadline and the trial date. The Court accepts those proposals.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' "Telephonic Motion to Withdraw as Counsel and

Temporarily Stay the Case," Dkt. #102, is GRANTED in part. Defense counsel from Perkins Coie is permitted to withdraw, but their representation shall continue until Defendants' new outside counsel makes an appearance or until Defendants' in-house counsel consents to try this case alone. The discovery cutoff, currently set for May 13, 2024, is extended to May 27, 2024. No other deadlines are extended or continued. Trial remains set for September 9, 2024. Defendants' Motion for Relief from Deadlines, Dkt. #104, is STRICKEN as duplicative and moot.

DATED this 19th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART TELEPHONIC MOTION TO WITHDRAW – 7