UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>ALDERWOOD SURGICAL CENTER, LLC, a Washington limited liability company; NORTHWEST NASAL SINUS CENTER P.S., a Washington professional service corporation; AND JAVAD A. SAJAN, M.D.,<br><br>Defendants. | NO. 2:22-CV-01835-RSM<br><br>ORDER DENYING MOTION FOR RELIEF FROM DEADLINE TO RESPOND TO SANCTIONS |

This matter comes before the Court on Defendants Alderwood Surgical Center, LLC, Northwest Nasal Sinus Center P.S., and Javad A. Sajan, M.D.'s "Motion for Relief from Deadline to Respond to Sanctions Motion," Dkt. #118. Defendants request a telephonic hearing under LCR 7(i). The Court informed the parties that it will review briefing on the issue before deciding on whether to hold a telephonic hearing. The Court has reviewed both the Motion above and briefing from Plaintiff the State of Washington, Dkt. #119. The Court declines to conduct a telephonic hearing.

Defendants request the Court grant them "relief from the current April 29, 2024, deadline for responding to the State's Motion for Sanctions, Dkt. 96, allowing two additional weeks to respond—until May 13, 2024—and re-setting the noting date to May 17, 2024." Dkt. #118 at 2. Defendants requested this relief last week, *see* Dkts. #102, #111, and #114. The Court denied that request, finding that "Defendants' request for a stay strikes the Court as a request to modify the Case Schedule or to extend response deadlines, and those turn on the question of diligence."

ORDER DENYING MOTION FOR RELIEF FROM DEADLINE TO RESPOND TO SANCTIONS – 1

Dkt. #117 at 6. A longer discussion of the procedural history was included in that Order and is incorporated here by reference. *See id.* The Court found that Defendants had failed to demonstrate diligence or good cause for an extension of any deadlines, including the one at issue here which was clearly at issue then. *Id.*

Considering all of this, the Court can interpret this filing as a motion for reconsideration under LCR 7(h). Defendants fail to show manifest error in the prior ruling or new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. *See* LCR 7(h).

Alternatively, if the Court interprets this as a new motion seeking slightly different relief, it fails both procedurally and on the merits.

"A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline," LCR 7(j), and a motion for relief should be granted where "good cause" exists. *See Allstate Indem. Co. v. Lindquist*, No. C20-1508JLR, 2022 WL 1443676, at *2 (W.D. Wash. May 6, 2022). When seeking an extension, the good cause standard primarily considers the diligence of the party seeking the extension. *Id.*; *see also Johnson*, 975 F.2d at 609 (9th Cir. 1992). Defendants fail to set forth any evidence of efforts to obtain new counsel. *See* Dkt. #118 at 2 ("new outside counsel has not yet filed an appearance on behalf of Defendants").

This was clearly filed too close to the deadline to allow the Court to rule. It would demonstrate a shocking lack of diligence if it were filed out of the blue—further evidence that Defendants are seeking a second bite at the apple or reconsideration of relief previously denied by the Court.

ORDER DENYING MOTION FOR RELIEF FROM DEADLINE TO RESPOND TO SANCTIONS – 2

As Plaintiff correctly notes, Defendants' Motion "is devoid of any specifics that could allow the State to fairly respond." Dkt. #119 at 2. Defendants fail to set forth any evidence of efforts to obtain new counsel. *See* Dkt. #118 at 2 ("new outside counsel has not yet filed an appearance on behalf of Defendants"). Defendants do not engage with the good cause standard except to state that, "the Rules of Professional Conduct and the decision in *Wixom v. Wixom*, 182 Wash. App. 881 (2014) strongly support good cause for a limited extension of Defendants' time to respond to the motion for sanctions so that they have the benefit of independent, conflict-free counsel." *Id*. at 4. However, the Court has stated:

> At oral argument, the Court asked defense counsel when they first became aware of a potential conflict and why they could not have moved to withdraw earlier. Defense counsel responded that the nature of the conflict changed with Plaintiff's Motion was filed. If the Court accepts that proposition, counsel waited several days to urgently request a hearing before the Court in an attempt to delay a deadline *that day* to respond to a separate Motion for a Protective Order accusing Defendants of other improper discovery conduct. This does not reflect diligence. If the Court does not accept defense counsel's proposition, it appears they could have known about sanctionable conduct for weeks.

Dkt. #118 at 4. The Court continues to find that Defendants have failed to demonstrate diligence in seeking this relief, or good cause to request it now, again.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' "Motion for Relief from Deadline to Respond to Sanctions Motion," Dkt. #118, is DENIED.

DATED this 25th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RELIEF FROM DEADLINE TO RESPOND TO SANCTIONS – 3