The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> ALDERWOOD SURGICAL CENTER, LLC, a Washington limited liability company; NORTHWEST NASAL SINUS CENTER P.S., a Washington professional service corporation; and JAVAD A. SAJAN, M.D., <br><br> Defendants. | NO. 2:22-cv-01835-RSM <br><br> CONSENT DECREE <br><br> **[CLERK'S ACTION REQUIRED]** |

## I.   JUDGMENT SUMMARY

| | | |
|---|---|---|
| 1.1 | Judgment Creditor | State of Washington |
| 1.2 | Judgment Debtors | Alderwood Surgical Center, LLC; Northwest Nasal Sinus Center P.S.; and Javad A. Sajan, M.D. |
| 1.3 | Principal Judgment Amount | $5,000,000 |
| 1.4 | Post-Judgment Interest Rate: | 12 percent per annum |
| 1.5 | Attorneys for Judgment Creditor: | Matthew Geyman <br> Zorba Leslie <br> Alexandra Kory <br> Bret Finkelstein <br> Ben Brysacz <br> Rabi Lahiri <br> Assistant Attorneys General |

CONSENT DECREE - 1
(2:22-cv-01835-RSM)

1.6     Attorneys for Judgment Debtors:    Steven Fogg
Blake Marks-Dias
Corr Cronin LLP

1.7     Plaintiff State of Washington, by and through the Consumer Protection Division of the Washington Attorney General's Office (the State), conducted an investigation and commenced this action pursuant to the Consumer Review Fairness Act, 15 U.S.C. § 45b (CRFA), the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d-5(d) and 45 C.F.R. § 164.508(b)(4) (HIPAA), and the Washington Consumer Protection Act, Wash. Rev. Code § 19.86 (CPA); and

1.8     Defendants Alderwood Surgical Center, LLC, Northwest Nasal Sinus Center P.S., and Javad A. Sajan, M.D. (Defendants) are represented by their attorneys, Steven Fogg and Blake Marks-Dias, Corr Cronin LLP; and

1.9     The State is represented by its attorneys, Robert Ferguson, Attorney General, and Matthew Geyman, Zorba Leslie, Alexandra Kory, Bret Finkelstein, Ben Brysacz, and Rabi Lahiri, Assistant Attorneys General; and

1.10    The State and Defendants (the Parties) have agreed on a basis for the settlement of the matters alleged in the State's Complaint and to the entry of this Consent Decree against Defendants without the need for trial or further adjudication of any issue of law or fact; and

1.11    Defendants recognize and agree that this Consent Decree is entered into voluntarily and that no promises, representations, or threats have been made by the Attorney General's Office or any member, officer, agent, or representative of the State to induce them to enter into this Consent Decree, except the provisions and representations contained herein; and

1.12    Defendants waive any right they may have to appeal from this Consent Decree or to otherwise contest the validity of this Consent Decree; and

1.13    The Parties further agree that this Court shall retain jurisdiction of this action and jurisdiction over the Parties for the purpose of implementing and enforcing the terms and conditions of this Consent Decree and for all other purposes related to this action; and

CONSENT DECREE - 2
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1.14    Entry of this Consent Decree is in the public interest.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## II.    GENERAL

2.1    This Court has jurisdiction of the subject matter of this action and over the Parties. The State's Complaint in this case states claims upon which relief may be granted under the provisions of the CRFA, 15 U.S.C. § 45b, HIPAA, 42 U.S.C. § 1320d-5(d) and 45 C.F.R. § 164.508(b)(4), and the CPA, Wash. Rev. Code § 19.86. The Court is fully informed of the allegations raised by all Parties, and finds no just reason to delay entry of this Consent Decree to resolve this matter.

2.2    This Consent Decree or the fact of its entry does not constitute evidence or an admission by any Party regarding the existence or non-existence of any issue, fact, or violation of any law alleged by the State. Nor does this Consent Decree modify or vacate the Court's ruling on April 12, 2024 (Dkt. #97), which granted the State's Motion for Partial Summary Judgment and held that Defendants' pre-service nondisclosure agreements violated the CRFA.

2.3    This Consent Decree resolves with prejudice all of the State's claims against Defendants arising out of or relating to the facts and matters specifically described in the Complaint (Dkt. #1), and all of Defendants' defenses, allegations, or claims against the State arising out of or relating to the facts and matters described in the Amended Answer (Dkt. #30). Nothing herein shall affect any claims against the Defendants by individuals or entities not a party to the lawsuit or defenses the Defendants have to any such allegations or claims.

## III.    INJUNCTIVE RELIEF

<u>Application and Scope of Injunctive Terms</u>. These injunctive provisions shall apply to Defendants and Defendants' successors, assigns, transferees, owners, officers, managers, employees, agents, representatives, and all other persons or entities acting on behalf of or in concert with Defendants. For clarity, the term Defendants encompasses all persons or entities

CONSENT DECREE - 3
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

authorized to act on Defendants' behalf or with their authority on issues subject to this Consent Decree. These injunctive provisions are intended to have the same form, scope, and application as set forth in Fed. R. Civ. P. 65(d).

<u>Notice</u>. Within thirty (30) days following entry of this Consent Decree, Defendants shall inform all of their owners, officers, managers, current employees, agents, representatives, and any other persons or entities acting in concert with Defendants or on their behalf of this Consent Decree in sufficient detail to ensure that those persons and entities comply with this Consent Decree.

 3.1 <u>Injunctive Relief</u>. Defendants shall comply with the following:

  3.3.1 <u>Pre-Service Nondisclosure Agreements</u>. For as long as the CRFA remains effective, Defendants shall not use any form of pre-service agreement that prohibits or restricts prospective patients from offering honest reviews or descriptions of their experiences, whether such reviews are posted online or otherwise.

  3.3.2 As to pre-service nondisclosure agreements signed by Defendants' patients before March 24, 2022 (hereafter, the pre-service NDAs), Defendants shall not enforce, attempt to enforce, or assert the validity of such pre-service NDAs.

  3.3.3 <u>Post-Service Nondisclosure Agreements</u>. For as long as the CRFA remains effective, Defendants shall not condition any refund for (a) patients who receive goods only (e.g., non-prescribed aftercare products), or (b) patients who receive no actual medical treatment, procedures or services (e.g., patients who cancel a consultation), on a patient signing any form of post-service nondisclosure agreement (hereafter, post-service NDA).

  3.3.4 For as long as the CPA remains effective, Defendants shall not offer patients cash payments, free products or services, or other inducements to enter into post-service NDAs without disclosing at the time of such offer that entering into the nondisclosure agreement is a condition for receipt of the inducement.

  3.3.5 Any post-service NDA that Defendants use with patients who have

CONSENT DECREE - 4
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

received actual medical treatments or procedures shall fully comply with the CPA, CRFA and HIPAA.

      3.3.6     <u>Reviews on Third-Party Platforms</u>. Within sixty (60) days following entry of this Consent Decree, Defendants shall perform a full audit of all public reviews of Defendants on the following third-party platforms: Google, Yelp, RateMD, Healthgrades, WebMD, and Vitals. Defendants shall use reasonable best efforts to identify every review they had any role in creating, posting, or shaping in any manner, and request that each platform take down all such reviews, and any other fake reviews Defendants identify during their audit. Defendants shall simultaneously copy the State on such correspondence and cooperate with any request from the platform or the State for additional information. Defendants shall provide the State with confirmation, in the form of a declaration under oath, once they have complied with this term.

      3.3.7     For as long as the CRFA remains effective, Defendants shall not directly or indirectly create reviews for posting on third-party review platforms (e.g., Google, Yelp, RateMD, Healthgrades, WebMD, and Vitals). Defendants shall not post fake reviews, or hire third parties to post fake reviews, or directly or indirectly cause reviews to be posted by anyone who has not received services from Defendants, regardless of whether Defendants offer payment or other inducement in return for such reviews. Notwithstanding the foregoing, nothing herein shall restrict Defendants from responding to consumer reviews in compliance with the HIPAA Privacy Rule.

      3.3.8     For as long as the CRFA remains effective, Defendants shall not threaten to sue or sue patients who post reviews on third-party platforms unless the review is defamatory or "clearly false or misleading" as defined in the CRFA, 15 U.S.C. § 45b(b)(2). Defendants shall not publicly disclose patient personal health information, or threaten to do so, in response to patient reviews.

      3.3.9     <u>Followers on Social Media and "Best Doctor" Voting</u>. Defendants shall not directly or indirectly purchase followers on social media, or directly or indirectly purchase

CONSENT DECREE - 5
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

votes for voting contests such as "best doctor" lists. The use of legitimate third-party vendors to help increase Defendants' social media presence and engagement with prospective followers is not prohibited. This term will sunset after ten (10) years. While it is in place, upon request, Defendants shall provide the State with information about any arrangements with such vendors.

3.3.10   <u>Photographs</u>. Within sixty (60) days following entry of this Consent Decree, Defendants shall conduct a full audit of the "before and after" photographs on their websites and social media and remove any photographs that contain photoshopped changes other than cropping, sizing, lighting adjustments, and/or removing protected health information. All remaining "after" photos on Defendants' websites and social media shall accurately reflect the actual result of the procedure, and shall not include any changes to patient anatomy, including changes in body (or body part) size, implant position, implant size, nipple position, nipple size, or any other body morphology. Accurate photographic images may be mechanically straightened. This section does not apply to animations, graphics, and videos. Defendants shall provide the State with confirmation, in the form of a declaration under oath, once they have complied with this term. This term and the terms in Paragraphs 3.3.11, 3.3.12 and 3.3.13 relating to photographs will sunset after ten (10) years.

3.3.11   For all future "before and after" photographs displayed on Defendants' websites or social media, Defendants will only post photographs in their original forms or with the following non-material adjustments or enhancements: cropping, lighting adjustments, and/or removing personally identifying information at the patient's request.  Defendants will not allow third parties to post photos to Defendants' websites or social media accounts that violate this term.

3.3.12   If a photograph is adjusted or enhanced in a manner consistent with the preceding paragraphs, Defendants will post a clear and conspicuous photograph disclaimer on its website and social media to ensure a reasonable consumer understands the photograph has been enhanced in a non-material manner.

CONSENT DECREE - 6
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

3.3.13   If a patient requests that protected health information (such as a scar or tattoo) be removed, Defendants will only blur out the information from the photograph and will not otherwise alter the image. This term does not permit Defendants to blur or otherwise obscure the appearance of scarring resulting from patient treatments depicted in the images.

### IV.   MONETARY RELIEF AND NOTICE TERMS

4.1   <u>Monetary Payment</u>. Defendants shall pay $5,000,000 as directed by the Attorney General and described below, including payments to patients who signed Defendants' pre-service NDAs. and a payment to the Attorney General's Office for recovery of the Attorney General's costs and attorneys' fees, future monitoring and enforcement of this Consent Decree, future enforcement of the CPA and other consumer protection laws, or any lawful purpose in the discharge of the Attorney General's duties at the sole discretion of the Attorney General. Any remaining balance amount shall be made after payments due per sections 4.5, 4.6 below.

4.2   The payments in Paragraph 4.1 do not include any disgorgement identified and paid to patients as a result of the audit of the Galderma rebate program described in Section V below, nor does it include administrative costs Defendants may incur in complying with this Consent Decree.

4.3   <u>Notice Letter</u>. Within thirty (30) days following entry of this Consent Decree, Defendants shall send (at their expense through a third-party vendor) a notice letter to every identified patient who signed one of the pre-service NDAs informing them that: (a) Defendants release the patient from the terms restricting them from sharing accurate reviews; (b) Defendants will not try to enforce those terms against the patient; and (c) Defendants will not publicize any patient's health information or otherwise retaliate against a patient for posting an honest review. The Parties estimate that Defendants will send this notice letter to approximately 21,000 patients or former patients.

4.4   <u>Restitution Letter</u>. Within thirty (30) days following entry of this Consent Decree, Defendants shall also send (at their expense through a third-party vendor) a second, separate

CONSENT DECREE - 7
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

letter from the Attorney General to all patients who signed Defendants' pre-service NDAs, enclosing a check payable to the patient as set forth in Paragraphs 4.5 and 4.6 below. The Attorney General's Office will provide the text, letterhead, and envelopes to the vendor for this mailing.

  4.5 For all patients not previously refunded who signed one of Defendants' pre-service NDAs after paying a $100 consultation fee to schedule a consultation with Dr. Sajan, the restitution letter described in Paragraph 4.4 shall include a payment of $120, representing the $100 consultation fee and interest estimated at $20. The Parties estimate that approximately 6,000 patients will receive approximately $720,000 under this provision.

  4.6 For patients who signed one of Defendants' pre-service NDAs, but who did not pay a consultation fee, the letter described in Paragraph 4.4 shall enclose a payment of $50 as restitution or equitable disgorgement from Defendants' profits. The Parties estimate that 15,000 patients will receive approximately $750,000 under this provision.

  4.7 Defendants shall not send any other contemporaneous communication in any form to patients about this Consent Decree, or the notice or restitution letters described above, without the prior agreement of the Attorney General's Office.

  4.8 Following entry of this Consent Decree, Defendants shall pay the remaining balance of the $5,000,000 in Paragraph 4.1 (minus the total amounts sent to patients under Paragraphs 4.5 and 4.6) to the Office of the Attorney General, Consumer Protection Division, Attention: Margaret Farmer, Litigation Support Manager, 800 Fifth Avenue, Suite 2000, Seattle, WA 98104, unless otherwise directed. Defendants will make payments as follows:

    (a) An initial payment of $2,000,000 within thirty (30) days of entry of this consent decree;

    (b) A second payment of $1,000,000 within ninety (90) days of entry of this consent decree; and

CONSENT DECREE - 8
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

   (c) A third payment for the full amount of the balance remaining, including the funds remitted for any uncashed checks sent to patients under Paragraphs 4.5 and 4.6, by the date set forth in Paragraph 4.9.

 4.9 In the event that a consumer does not cash a check sent under the provisions of Paragraphs 4.5 and 4.6, such funds shall revert to the Attorney General's Office to be used for any lawful purpose at the sole discretion of the Attorney General. Defendants shall provide an accounting of any uncashed checks to the Attorney General's Office, and remit those funds to the Attorney General's Office within one hundred eighty (180) days of the date the checks were mailed.

 4.10 Absent extraordinary circumstances, Defendants' failure to timely make any payment required by this Consent Decree shall be a material breach of this Consent Decree.

## V. AUDIT OF GALDERMA REBATE PROGRAM

 5.1 Defendants hired a forensic accounting firm (JS Held) in April 2024 to conduct a full independent audit (Audit) of their administration of the Galderma Consumer Loyalty Program to Defendants' patients. Such Audit is anticipated to be completed by August 15, 2024. Upon entry of this Consent Decree, Defendants shall authorize JS Held to communicate directly with the Attorney General's Office regarding all relevant aspects of the Audit, including JS Held's assignment and qualifications, and the data and information Defendants provided to JS Held. The Attorney General's Office will have thirty (30) days from that communication to approve or reject the retention of JS Held for the purposes of the Audit, or to raise any issue with the Audit, JS Held's assignment, or the scope of JS Held's work. In the event the Attorney General's Office rejects the retention of JS Held, Defendants agree to retain a different forensic accounting firm, subject to the Attorney General's Office's approval, to conduct the Audit. Defendants further agree to fully cooperate with JS Held's requests (or those of any subsequently retained firm) for information or documents related to the Audit.

 5.2 If JS Held (or such other firm as may be retained in its place) identifies

CONSENT DECREE - 9
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

discrepancies in the Audit, Defendants shall correct those discrepancies and pay any related disgorgement to consumers. Defendants authorize JS Held to disclose the Audit to the Attorney General's Office, and to discuss any findings and conclusions with the Attorney General's representatives. The AGO will notify the Defendants of such communication and allow for Defendants' presence. For any discrepancies for which no consumer can be identified, Defendants shall pay disgorgement to Galderma or the State of Washington as determined by the Attorney General in his sole discretion. These disgorgement payments are independent of, and shall not be set off against, any monetary relief otherwise provided for in this Consent Decree.

5.3     Within thirty (30) days of receiving the Audit results from JS Held (or such other firm as may be retained in its place), Defendants shall send a letter at their expense to all impacted consumers, the text of which shall be reviewed and approved by the Attorney General's Office prior to sending. The letter shall inform every consumer receiving a disgorgement check that they are receiving the check as a result of this lawsuit. In the event that a consumer does not cash the disgorgement check, such funds shall revert to the Attorney General's Office to be used for the purposes set forth in Paragraph 4.1 above at the sole discretion of the Attorney General. Defendants shall provide an accounting of any unclaimed checks to the Attorney General's Office, and remit those funds to the Attorney General's Office within one hundred eighty (180) days of the date the disgorgement checks were mailed. Any and all such funds are independent of, and shall not be set off against, any monetary relief otherwise provided for in this Consent Decree.

## VI.     ENFORCEMENT

6.1     Defendants shall be in full compliance with all requirements and obligations this Consent Decree imposes on Defendants by the date of entry of this Consent Decree, except as otherwise indicated herein.

CONSENT DECREE - 10
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

6.2     If Defendants violate a condition of this Consent Decree they shall notify the Attorney General's Office immediately. If Defendants violate a condition of this Consent Decree, the Attorney General may seek, and the Court may impose, additional conditions, civil penalties of up to $125,000 per violation pursuant to the CPA, Wash. Rev. Code § 19.86.140, restitution, injunctive relief, attorneys' fees, costs, and such other remedies as the Court may deem appropriate. The Attorney General may present any such violations to the Court in an evidentiary hearing in which Defendants shall have an opportunity to be heard, and the Court may order such relief if it finds by a preponderance of the evidence that Defendants have violated a material condition of this Consent Decree. In any successful action to enforce this Consent Decree against Defendants, they shall bear the State's reasonable costs, including reasonable attorneys' fees.

6.3     Jurisdiction is retained by this Court for the purpose of enabling any Party to this Consent Decree to apply to the Court, to the extent permitted herein, for enforcement of compliance with this Consent Decree, or otherwise address the provisions of this Consent Decree.

6.4     Nothing in this Consent Decree shall grant any third-party beneficiary or other rights to any person who is not a Party to this Consent Decree.

6.5     Nothing in this Consent Decree shall be construed to limit or bar any other governmental entity or person from pursuing other claims or remedies against Defendants or any other person, i.e., other than the Consumer Protection Division of the Attorney General's Office whose claims against Defendants are released under this Consent Decree as set forth in Paragraphs 2.3 and 8.4.

6.6     Under no circumstances shall this Consent Decree, or the name of the State of Washington, this Court, the Attorney General's Office, the Consumer Protection Division, or any of their employees or representatives, be used by Defendants or any of their successors, assigns, transferees, owners, officers, managers, employees, agents, representatives, or any other

CONSENT DECREE - 11
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

persons or entities acting in concert with Defendants, in connection with any selling, advertising, or promotion of products or services, or as an endorsement or approval of Defendants' acts, practices, or conduct of business.

6.7    This Consent Decree in no way limits the State from conducting any lawful non-public investigation to monitor Defendants' compliance with this Consent Decree or to investigate other alleged violations of the CPA or other consumer protection laws.

6.8    Until such time as Defendants have fully and completely satisfied all obligations under Sections III, IV, and V of this Consent Decree, this Consent Decree shall be binding upon Defendants' successors and assigns. Defendants and their successors and assigns shall notify the Attorney General's Office at least thirty (30) days prior to any change-in-control of Defendants that would change the identity of the corporate entity responsible for compliance obligations arising under this Consent Decree; including, but not limited to, dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this order; the proposed filing of a bankruptcy petition; or a change in the corporate name or address. Provided, however, that with respect to any proposed change in the corporation about which Defendants and their successors and assigns learn less than thirty (30) days prior to the date such action is to take place, Defendants and their successors and assigns shall notify the Attorney General's Office as soon as is practicable after obtaining such knowledge.

6.9    Any notice or other communication required or permitted under this Consent Decree shall be in writing and delivered to the following persons or any person subsequently designated by the Parties:

CONSENT DECREE - 12
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

For Plaintiff:
Office of the Attorney General
Consumer Protection Division
Attention: Matthew Geyman, AAG
800 Fifth Avenue, Suite 2000
Seattle, WA 98104

For Defendants:
Corr Cronin LLP
Attention: Steven Fogg and Blake Marks-Dias
1015 Second Avenue, Floor 10
Seattle, WA 98104

Alderwood Surgical Center, LLC
3500 188th Street SW, Suite 670
Lynnwood, WA 98037

## VII.   COMPLIANCE AND RELATED TERMS

7.1   Recordkeeping. Defendants shall retain all records relevant to their compliance for a period of ten (10) years. Specifically, Defendants shall maintain records identifying all personnel, including all third parties, who provide services in relation to any aspect of the settlement and shall maintain all records necessary to demonstrate full compliance with the provisions of the settlement. Defendants shall provide such records to the Attorney General's Office within ten (10) business days of a request.

7.2   Training. Within one hundred twenty (120) days, to the extent such internal policies and training programs do not already address the CPA, HIPAA, and/or the CRFA, Defendants shall develop internal policies and implement a training program to train employees and staff on truthful non-deceptive advertising and compliance with the CPA, HIPAA, and the CRFA. Defendants shall provide records concerning such policies and trainings to the State within ten (10) business days of a request.

7.3   Implementation as to Third Parties. Defendants shall inform any current vendors, independent contractors, or other third parties working for Defendants involved in providing online marketing, social media, or reputation management services to Defendants of the principal terms of the settlement sufficient to ensure the third party's compliance with this Consent Decree.

7.4   Defendants shall not retaliate against any current or former employee or patient for cooperating with the State in its investigation and discovery in this case.

CONSENT DECREE - 13
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# VIII. OTHER PROVISIONS

8.1     This Consent Decree represents the full and complete terms of the settlement entered into by the Parties hereto.

8.2     The Parties agree and affirm that each of them has the authority to execute and perform the terms of this Consent Decree.

8.3     This Consent Decree may be executed in counterparts, and a facsimile or .pdf signature shall be deemed to be, and shall have the same force and effect as, an original signature.

8.4     This Consent Decree releases with prejudice all claims against Defendants described in the State's Complaint (Dkt. #1) and any claims against the Attorney General, the Attorney General's Office, or any of its employees arising out of or relating to the allegations in Defendants' Amended Answer (Dkt. #30). As part of its release of claims, Defendants agree to withdraw the Public Records Act request submitted by Defendants' in-house counsel Erin O'Leary dated March 26, 2024.

8.5     The Consent Decree releases Defendants (and their respective agents, owners, employees, officers, related business entities, business affiliates, lawyers and accountants), with respect to all claims or counterclaims that were or could have been brought by the State related to any acts or omissions by Defendants alleged in the Complaint that predate entry of this Consent Decree, including any claim under common law or under any federal, state, or local statute or ordinance.

8.6     The parties acknowledge that the Court issued a ruling regarding violations of the Consumer Review Fairness Act as to pre-service NDAs.

8.7     The State acknowledges that the Defendants do not agree that any violation as alleged by the State occurred, any certainly not intentionally. Moreover, this settlement agreement is not intended, and shall not be construed as, any admission of liability by Defendants, as such liability is in fact and law denied.

CONSENT DECREE - 14
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## IX.    DISMISSAL OF ACTION

9.1    Upon entry of this Consent Decree, and with continuing jurisdiction for enforcement as provided above, this action, and any and all claims asserted against the Defendants herein, are dismissed with prejudice and without costs or fees to any Party other than as expressly provided in this Consent Decree.

The Clerk of the Court is ordered to immediately enter the foregoing Judgment and Consent Decree.

DONE IN OPEN COURT this ___ day of July, 2024.

_____
THE HONORABLE RICARDO S. MARTINEZ

Presented by:

ROBERT W. FERGUSON
Attorney General

/s *Matthew Geyman*
MATTHEW GEYMAN, WSBA #17544
ZORBA LESLIE, WSBA #58523
ALEXANDRA KORY, WSBA #49889
BRET FINKELSTEIN, WSBA #48845
BEN BRYSACZ, WSBA #54683
RABI LAHIRI, WSBA #44214
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Attorneys for Plaintiff State of Washington

Notice of Presentment Waived and
Approved as to Form by:

CORR CRONIN LLP

/s *Blake Marks-Dias*
STEVEN W. FOGG, WSBA #23528
BLAKE MARKS-DIAS, WSBA #28169
1015 Second Avenue, Floor 10
Seattle, WA 98104
Attorneys for Defendants Alderwood Surgical Center, LLC, Northwest Nasal Sinus Center P.S., and Javad A. Sajan, M.D.

CONSENT DECREE - 15
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing to be served on all counsel of record via the ECF system.

I certify, under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct.

DATED this 1st day of July, 2024, at Seattle, Washington.

*s/ Matthew Geyman*
MATTHEW GEYMAN
Assistant Attorney General

CONSENT DECREE - 16
(2:22-cv-01835-RSM)

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744